UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DEBORA M. PRECHT, ET AL., | § § | DOCKET NO. 2:14-cv-743 |
| Plaintiffs, | § § § | |
| VERSUS | § § | |
| | § | JUDGE MINALDI |
| AMERICAN TOWER CORPORATION, ET AL., | § § § | |
| | § | |
| Defendants | § § | MAGISTRATE JUDGE KAY JURY DEMAND |

**DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES
AND FIRST AMENDING AND SUPPLEMENTAL PETITION**

NOW INTO COURT, through undersigned counsel, come AMERICAN TOWER CORPORATION (hereinafter "American Tower"); GLOBAL TOWER, LLC (hereinafter "Global Tower"); GTP INFRASTRUCTURE I, LLC; and GTP INVESTMENTS, LLC (hereinafter collectively "GTP"), defendants in the captioned action, and in response to Plaintiffs' Petition for Damages ("Petition") and First Amending and Supplemental Petition ("Amended Petition"), deny each and every allegation unless specifically admitted, and with respect show that:

**ANSWER TO PETITION FOR DAMAGES**

1.

The allegations contained in paragraph 1 of Plaintiffs' Petition are denied, except to admit that American Tower, Global Tower and GTP have been named as defendants herein.

2.

The allegations contained in paragraph 2 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

3.

The allegations contained in paragraph 3 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

4.

The allegations contained in paragraph 4 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

5.

The allegations contained in paragraph 5 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

6.

The allegations contained in paragraph 6 of Plaintiffs' Petition are denied.

7.

The allegations contained in paragraph 7 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

8.

The allegations contained in paragraph 8 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

9.

The allegations contained in paragraph 9 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

10.

The allegations contained in paragraph 10 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

11.

The allegations contained in paragraph 11 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

12.

The allegations contained in paragraph 12 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

13.

The allegations contained in paragraph 13 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

14.

The allegations contained in paragraph 14 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

15.

The allegations contained in paragraph 15 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

16.

The allegations contained in paragraph 16 of Plaintiffs' Petition are denied.

17.

The allegations contained in paragraph 17 of Plaintiffs' Petition are denied.

18.

The allegations contained in paragraph 18 of Plaintiffs' Petition are denied.

19.

The allegations contained in paragraph 19 of Plaintiffs' Petition are denied.

20.

The allegations contained in paragraph 20 of Plaintiffs' Petition are denied.

21.

The allegations contained in paragraph 21 of Plaintiffs' Petition, including subparts (A) through (E) thereto, are denied.

22.

The allegations contained in paragraph 22 of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

23.

The allegations contained in paragraph 23 of Plaintiffs' Petition, including paragraphs (A) through (E) thereto, are denied.

24.

The allegations contained in paragraph 24 of Plaintiffs' Petition do not contain a contention of fact that requires a response, except to admit that the amount in controversy meets this Court's jurisdictional requirements.

**FIRST AMENDING AND SUPPLEMENTAL PETITION**

25.

The allegations contained in paragraph 1 of Plaintiffs' Amended Petition are denied for lack of information sufficient to justify a belief therein.

26.

The allegations contained in paragraph 2 of Plaintiffs' Amended Petition are denied for lack of information sufficient to justify a belief therein, except to admit that those named are made defendants herein.

27.

The allegations contained in paragraph 3 of Plaintiffs' Amended Petition are denied.

28.

The allegations contained in paragraph 4 wherein Plaintiffs' supplement paragraph 6 of their Petition by adding paragraph 6(a) are not directed at Appearers, and, therefore, do not require a response.

29.

Defendants American Tower, Global Tower, and GTP deny any allegation not specifically admitted in its answer to Plaintiffs' Petition and Amended Petition not specifically admitted herein, including any allegation contained in the introductory or WHEREFORE paragraphs of the Petitions.

AND NOW IN FURTHER ANSWERING, American Tower, Global Tower, and GTP aver:

30.

Appearers show that the accident and damages complained of in Plaintiffs' petition for damages resulted from the fault of William Precht, Jr. Accordingly, Plaintiffs' claims should be denied and/or reduced accordingly.

31.

In the alternative, Appearers show that the incident in question was caused by the fault of a third party over whom Appearers have no control, and that any award against Appearers must be reduced in proportion to the degree or percentage of fault attributable to the third party over which Appearers have no control.

32.

Alternatively, and only in the event that this Court should find the incident in question to have resulted from some negligence and fault or either on the part of Appearers, which is at all times denied, then Appearers would show that William Precht, Jr., Plaintiffs, and third parties were likewise negligent and at fault, which acts as a bar to recovery herein or which reduces any recoverable damages herein in proportion to the degree of negligence and fault, or either, attributable to William Precht, Jr., Plaintiffs, or third parties in accordance with law.

33.

Plaintiffs and/or William Precht, Jr., assumed the risk of those damages alleged in the petition. Plaintiffs' and/or William Precht, Jr., are estopped from bringing this action.

34.

American Tower, Global Tower and GTP further aver in the alternative, and only in the alternative, that should this Honorable Court find that Plaintiffs suffered injuries and damages consequent upon the fault of any party for whom or for which it may be held responsible or accountable, all of which is specifically denied, then said injuries or damages were caused by and/or contributed to and/or aggravated by the fault, negligence, last clear chance, assumption of risk, an Act of God, a pre-existing condition, an inevitable accident, and/or inattention of William Precht, Jr., and/or fault, negligence and/or strict liability of others for whom or for which American Tower, Global Tower and GTP may not be held accountable, and American Tower, Global Tower and GTP are entitled to have any award or recovery due to Plaintiffs barred, mitigated, or reduced accordingly.

35.

Appearers show that at all times pertinent hereto, the tower at issue was marked in

accordance with guidance outlined in FAA Advisory Circular 70/7460-1K and the requirements found in the Federal Communications Commission Regulation 47 C.F.R. §§ 17.21-17.50.

36.

Any state, parish, or local laws, rules, regulations or ordinances are preempted by federal law.

37.

The tower at issue, and all components, thereof, complied with all federal, state, parish, and local laws, ordinances, and regulations.

38.

The tower at issue was erected prior to enactment of Jefferson Davis Parish Policy Jury Ordinance Section 5.5-107, and, therefore, pursuant to Jefferson Davis Parish Policy Jury Ordinance Section 5.5-116, complied with all ordinances alleged to be applicable herein.

39.

The guy wires at issue were not required to be marked.

40.

In the alternative, if the Court determines that the ordinances at issue are somehow applicable, which is at all times denied, any alleged violation of the same does not constitute negligence per se.

41.

William Precht, Jr. was familiar with the field and tower at issue, and had flown a plane in that area many times.

42.

The National Transportation Safety Board investigated the accident at issue and determined

that the cause of the accident was "[t]he pilot's inadequate visual lookout, which resulted in a collision with guy wires during an aerial application flight."

43.

In the alternative, William Precht, Jr.'s actions or inactions were an intervening and/or superceding cause of the accident at issue herein.

44.

In the event judgment is entered against Appearers, which is at all times denied, Appearers are entitled to an offset of the amounts by which their equipment was damaged.

45.

Plaintiffs have failed to mitigate their damages herein.

46.

Plaintiffs have failed to state a claim for which relief may be granted.

47.

Plaintiffs' claims are perempted and/or prescribed, in whole or in part.

48.

American Tower, Global Tower and GTP reserve the right to amend this Answer to assert additional defenses that may become apparent during their ongoing investigation and discovery.

49.

Appearers request a trial by jury herein.

WHEREFORE, Defendants, AMERICAN TOWER CORPORATION; GLOBAL TOWER, LLC; GTP INFRASTRUCTURE I, LLC; and GTP INVESTMENTS, LLC, pray that their Answer to Plaintiffs' Petition and Amended Petition be deemed good and sufficient and that, after due proceedings had, Plaintiffs' claims and demands be dismissed with prejudice at Plaintiffs'

sole cost.  American Tower, Global Tower and GTP also pray for all further just and equitable relief to which they may be entitled.

        Respectfully submitted

        COOK, YANCEY, KING & GALLOWAY
        A Professional Law Corporation

        By:  /s Jason B. Nichols
            Sidney E. Cook, Jr. #1311
            Jason B. Nichols # 28740

        333 Texas Street, Suite 1700
        P. O. Box 22260
        Shreveport, LA  71120-2260
        318-221-6277 Telephone
        318-227-7850 Telecopier
        sidney.cook@cookyancey.com
        jason.nichols@cookyancey.com

        ATTORNEYS FOR AMERICAN TOWER CORPORATION

        -AND -

        LAW OFFICES OF SHERYL STORY

        By:  /s/ John Elliott Unsworth, III
            John Elliott Unsworth , III, #26738

        One Galleria Blvd., Suite 1610
        Metairie, LA 70001-7551
        504-846-4114
        john.unsworth@cna.com

        ATTORNEY FOR GLOBAL TOWER, LLC, GTP INFRASTRUCTURE I, LLC AND GTP INVESTMENTS, LLC

**CERTIFICATE PURSUANT TO LR 5.7.08**

Pursuant to LR 5.7.08, the undersigned hereby certifies that John E. Unsworth, III has expressly agreed to the form and substance of the document and that the undersigned has John E. Unsworth, III's actual authority to submit the document electronically using his electronic signature.

s/Jason B. Nichols<br>
OF COUNSEL

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of December, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants and that I have mailed by United States Postal Service the document to all non-CM/ECF participants.

/s/ Jason B. Nichols<br>
OF COUNSEL