UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PRECHT, et al., | § | NO. 14-CV-00743-PM-KK |
| | § | |
| vs. | § | JUDGE PATRICIA MINALDI |
| | § | |
| GLOBAL TOWER LLC, et al. | § | MAGISTRATE JUDGE |
| | § | KATHLEEN KAY |

DEFENDANT AMERICAN TOWER CORPORATION'S
MEMORANDUM IN SUPPORT OF
<u>MOTION FOR SUMMARY JUDGMENT</u>

Defendant American Tower Corporation (referred to herein as "<u>AMT</u>", "<u>Movant</u>", or "<u>Defendant</u>") files this Memorandum in Support of its Motion for Summary Judgment (the "<u>Motion</u>") and respectfully states:

This case arises from an accident that occurred on February 15, 2013 (referred to herein as the "<u>Accident</u>"), when an aircraft piloted by William Precht allegedly collided with the guy wires for a communications tower (the "<u>Tower</u>") owned by Global Tower, LLC ("<u>Global Tower</u>"). Plaintiffs are the spouse and children of Mr. Precht and allege in their Petition that the Accident was caused by: (i) failure to properly design and/or construct the Tower's guy wires and anchors; (ii) failure to provide proper maintenance of the Tower's guy wires and anchors; (iii) failure to provide adequate signage and/or markings on the Tower's guy wires and anchors; and (iv) failure to meet the "requisite" (but unspecified) standard of care required in the situation. Pet. for Damages, Doc. 1-3, ¶ 21. Plaintiffs sued **six** different Defendants, alleging that five such Defendants, including AMT, "owned, operated, maintained" and exercised *garde* over the Tower "at all material times." Supp. Pet. for Damages, Feb. 13, 2014, ¶ 6 (Doc. 1-4). Despite Plaintiffs' allegations, this Court previously found that the Tower was owned and maintained by Global Tower on the date of the Accident. Mem. Order, p. 7, July 21, 2014 (Doc. 24) (Kay,

1

Mag. J.) [hereinafter Mem. Order], *adopted by* Order, Dec. 5, 2014 (Doc. 32).

AMT is entitled to Summary Judgment because, contrary to Plaintiffs' allegations, the undisputed facts demonstrate that AMT did not have *garde* of the Tower.  In fact, AMT <u>did not hold any interest, direct or indirect</u>, in the Tower or the land upon which the Tower sits (the "Land") on the date of the Accident, and, on the date of the Accident, AMT <u>did not own any interest in any entity that held any interest in the Tower or the Land</u>.  After the Accident, AMT completed a transaction on October 1, 2013 whereby it acquired an indirect interest in Global Tower, GTP Investments LLC ("<u>GTP Investments</u>") and GTP Infrastructure I LLC ("<u>GTP Infrastructure</u>").  AMT's current, post-Accident interest in Global Tower is indirect and remote – e.g., there are approximately ten entities and nine levels of corporate structure between AMT and Global Tower.  *See* Statement of Undisputed Facts Submitted in Connection with Defendant American Tower Corporation's Motion for Summary Judgment, ¶ 18 (hereinafter "<u>Statement of Facts</u>"); McCormack Aff., ¶ 7 (attached to the Statement of Facts as <u>Exhibit G</u>);  *see also* Notice of Removal, Apr. 4, 2014, p. 3 (Doc. 1).    Under Louisiana law, imputing *garde* from an LLC to its remote affiliate is impermissible, but the Court need not reach that question in this matter.  Because AMT held no interest in the Tower or the Land, and likewise held no interest in any entity that held any interest in the Tower or the Land, at the time of the Accident, AMT is entitled to summary judgment.

## SUMMARY JUDGMENT EVIDENCE

Movant presents the following evidence, which is attached to Movant's Statement of Facts, in support of its Motion:

Exhibit A:     Pet. for Damages, Feb. 7, 2014 (Doc. 1-3)

Exhibit B:     Pl. First Am. & Supp. Pet., Feb. 18, 2014 (Doc. 1-4)

| | | |
|---|---|---|
| Exhibit C: | Site Lease Agreement, Jul. 22, 2004 (Doc. 15-3) |
| Exhibit D: | Assignment and Assumption of Ground Lease, Dec. 25, 2013 (Doc. 1-2) |
| Exhibit E: | Affidavit of Perry Vincent (Doc. 17-2) |
| Exhibit F: | Mem. Order, p. 7, July 21, 2014 (Doc. 24) (Kay, Mag. J.) |
| Exhibit G: | Affidavit of Michael McCormack |

## FACTS

Pursuant to Local Rule 56.1, Movant submits the attached Statement of Facts, which is incorporated by reference herein under FED. R. CIV. P. 10(c).

## ARGUMENT

**A.   Standard of Review**

Summary judgment is appropriate when, viewing evidence in the light most favorable to the nonmovant, the record reflects that no genuine issue of any material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Slaughter v. S. Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). The substantive law determines the materiality of facts, and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings. FED. R. CIV. P. 56(e); *see Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1991), *cert. denied*, 506 U.S. 825 (1992). A party opposing summary judgment must do more than simply show that there is some metaphysical doubt as to the material facts; it must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Tubacex, Inc. v. M/V RISAN*, 45 F. 3d 951, 954 (5th Cir. 1995). Unsubstantiated assertions are not competent summary

judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Under this standard, Movants are entitled to summary judgment in their favor because there is no genuine issue as to any material fact.

**B.     AMT had no interest or control over the Tower or Land at the time of the Accident.**

The Plaintiffs in this case allege that AMT is liable for the Accident because the Tower with which Mr. Precht collided was "owned, operated, maintained and in the *garde* or control" of AMT. As this Court already noted, the "relevant framework for determining the liability of the owner or custodian of a thing" is provided by Article 2317.1 and 2322 of the Louisiana Civil Code. Mem. Order, p. 6.

Article 2317.1 provides:

The <u>owner or custodian of a thing</u> is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care…

LA. CIV. CODE art. 2317.1 (emphasis added)

Further, Article 2322 states:

The <u>owner of a building</u> is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care…

LA. CIV. CODE art. 2322 (emphasis added)

In order to find a defendant liable under the articles above, the Court must first find that a defendant is either an "owner" or "custodian of a thing" as a threshold inquiry. *See Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 565 (5th Cir. 2003) ("[t]he first requirement for custodial liability under Louisiana Code articles 2317 and 2317.1 is that the 'thing' that caused

4

the injury be in the custody of the defendant"); *see also Coulter v. Texaco, Inc.*, 117 F.3d 909, 918 (5th Cir. 1997)(finding that a plaintiff has no claim under art. 2322 where the thing that allegedly caused injury was not owned by defendant). If a court finds that a defendant is not the owner of the property at issue, the plaintiff cannot recover under art. 2322. *Id.* Similarly, if a court were to find that a defendant did not have custody (or *garde* as its referred to in Louisiana law) over the property at issue, the plaintiff cannot recover under art. 2317 or art. 2317.1. *See Fruge ex rel. Fruge*, 337 F.3d at 565.

According to Louisiana law, a non-owner can only have custody or *garde* over a thing where "he exercises direction **and** control of the thing **and** derives some benefit from it." *Coulter*, 117 F. 3d at 913 (emphasis added). As this Court and others have recognized, when an injury is caused by a specific structure, like a bridge or a tower, the specific structure "is considered 'the object' with respect to the issue of custody." Mem. Order p. 6 (citing *Lee v. Pearl River Basin Land & Dev. Co.*, No. 13-0590, 2014 WL 2527071 (E.D. La. June 4, 2014)). In determining whether a defendant exercises direction and control, courts consider whether the defendant had "the right to use, alienate, encumber, or lease the thing, or otherwise grant a right of use to others; whether the party has the right to authorize alterations or repairs to the thing, and whether the party has an unfettered right to access the thing at will, versus only a limited access to enter." *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 838 F. Supp. 2d 497, 512 (E.D. La. 2012) (finding that a contractor hired to transport and installed FEMA trailers did not have direction and control over the trailers).

To satisfy the prong of the test requiring that the defendant have derived some benefit from the thing, Louisiana law requires that the evidence show that defendant received a "substantial" benefit. *See Doughty v. Insured Lloyds Ins. Co.*, 576 So. 2d 461, 465 (La. 1991). It

is not enough to show that a non-owner simply received some benefit from the thing at issue - the evidence must also show that the benefit was substantial to the extent that, for instance, it "sustain[s] the profitability of the business," or was defendant's "main source of income." *See Alexander v. Broadmoor LLC*, No. 04-3326, 2006 WL 2088287, at *6 (E.D. La. July 24, 2006)(citing *Doughty*, 576 So. 2d at 465).

As logic would dictate, the defendant must have its ownership interest or *garde* <u>at the time of the injury</u> if the defendant is to be held liable under Louisiana's custodial liability articles. *See e.g.*, *Kreher v. Bertucci*, 2001-1733 (La. App. 4 Cir. 3/20/02), 814 So. 2d 614, 616 (dismissing a defendant that sold property one month prior to the accident); *Smith v. Silvernail*, 553 So. 2d 1029, 1030-31 (La. App. 4 Cir. 1989) (dismissing a defendant that took title to a property after the relevant injury).

Here, the undisputed evidence shows that AMT did not own the Tower or Land (directly or indirectly), nor did it have *garde* over the Tower at the time of the Accident. There is no evidence *suggesting* - much less proving - that AMT had any interest, association, affiliation, or contact with the Tower prior to October 2013, eight (8) months after the Accident. *See* Statement of Facts ¶¶ 16-17; McCormack Aff. ¶¶ 5-6. AMT completed a transaction on October 1, 2013 whereby it acquired an indirect interest in Global Tower, GTP Investments, and GTP Infrastructure. See Statement of Facts ¶ 17; McCormack Aff. ¶ 6. AMT's current, post-Accident interest in Global Tower is indirect and remote – e.g., there are approximately ten entities and nine levels of corporate structure between AMT and Global Tower. *See* Statement of Facts ¶ 18; McCormack Aff., ¶ 7 (Ex. G); *see also* Notice of Removal, Apr. 4, 2014, p. 3 (Doc. 1).

As AMT did not own the Tower or the Land, and did not hold any interest in Global Tower, GTP Investments or GTP Infrastructure at the time of the Accident, AMT did not have *garde* over the Tower at the time relevant to this matter.

## II.    CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment submitted by Defendant American Tower Corporation should be granted.

Respectfully Submitted,

*/s/ Jason M. Cerise*
Jason M. Cerise (#28526)
Jacob K. Weixler (#36076)
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5100
Fax: (504) 681-5200
jmcerise@lockelord.com
jweixler@lockelord.com

*/s/ David L. Swanson*
David L. Swanson (admitted *PHV*)
Texas Bar No. 19554625
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Fax: (214) 740-8800
dswanson@lockelord.com

*and*

        COOK YANCEY KING & GALLOWAY

        */s/ Jason B. Nichols*
        Jason Blance Nichols (#28704) (T.A)
        Sidney E. Cook, Jr. (#1311)
        333 Texas St., Suite 1700
        P.O. Box 22260
        Shreveport, Louisiana 71120-2260
        Telephone: (318) 221-6277
        Fax: (318) 227-7850
        jason.nichols@cookyancey.com
        sidney.cook@cookyancey.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the Defendant American Tower Corp.'s Memorandum in Support of its Motion For Summary Judgment was served on counsel via electronic filing on June 2, 2016.

        */s/ Jason M. Cerise*
        Jason M. Cerise