UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

DEBORA M. PRECHT, ET AL   CIVIL ACTION NO. 14-CV-0743

VERSUS       JUDGE: MINALDI

AMERICAN TOWER
CORPORATION, ET AL    MAGISTRATE JUDGE: KAY

---

### INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO AMERICAN TOWER CORPORATION

---

  Plaintiffs, Debora M. Precht, Lauren Precht Thompson, and William Precht, III, by and through their counsel, Kendall J. Krielow, hereby demand that American Tower Corporation (hereinafter, "ATC") answer the following Interrogatories and Requests for Production of Documents within thirty (30) days of service.

  These Interrogatories and Requests for Production of Documents are continuing and require you to file supplemental answers if you obtain additional or different information after serving your initial answers and before trial, including in such supplemental answers the date upon, and the manner which the additional or different information came to your attention. For purposes of this discovery, other named defendants in this litigation, Global Tower, LLC, Global Tower Partners, GTP Infrastructure I, LLC, and GTP Investments, LLC, will be collectively referred to as the "named GTP entities".



**EXHIBIT**

_C_

PreWil-01-02147

## INTERROGATORIES

### INTERROGATORY NO. 1:

State the full name, address, telephone number, email address, employer, and employment position of the person(s) answering these interrogatories and/or the person(s) providing information for said answers.

### INTERROGATORY NO. 2:

With reference to the incident as alleged in the original petition, please state how, when and where you were first notified and by whom, including his or her name, address and telephone number.

### INTERROGATORY NO. 3:

Name each and every person, giving each person's job title, business address and telephone number who, to your knowledge, participated in any type of investigation in connection with the incident as alleged in the original petition, stating with specificity, the participation of each person and the dates upon which said participation took place.

### INTERROGATORY NO. 4:

Please state the results of said investigation(s), which have been made available to you as a defendant, whether the investigation was made initially on your behalf or not.

### INTERROGATORY NO. 5:

Please state whether or not any reports regarding the incident, which is the subject of this litigation, were completed, including the location of the report presently, a description of the report, and the date on which it was completed.

2

**INTERROGATORY NO. 6:**

Give the names and addresses of the last known employer(s), social security number, and name and address of persons having knowledge of relevant facts who may reasonably be called as witnesses, the subject matter on which they are or could be reasonably expected to testify, and the substance of their testimony. If your answer to this interrogatory indicates that the inquiry is premature, please list each and every witness whom you currently intend to call at the trial of this matter.

**INTERROGATORY NO. 7:**

Have you or anyone representing you or acting on your behalf taken any statement, whether recorded, typed, written, or oral, from any persons having knowledge of facts involved in this suit? If so, list the names and addresses of all persons interviewed and also state by whom they were interviewed and whether the statement was recorded, typed, written or oral. If you have a written or recorded statement of any plaintiff, please attach a copy of same to your answers to these interrogatories.

**INTERROGATORY NO. 8:**

Please state whether any photographs or videos taken by you or on your behalf at the scene of the accident.

**INTERROGATORY NO. 9:**

Please list and identify each and every exhibit, which you may seek to use at the trial of this matter. If your answer to this interrogatory indicates that this inquiry is premature, please list each and every exhibit, which you currently intend to introduce at the trial of this matter.

3

**INTERROGATORY NO. 10:**

Please list the full name, address, occupation and phone number of each and every witness you will call or may call at the trial on the merits, stating whether he/she is a fact witness or will be sought to be qualified as an expert, and the substance of her/his testimony.

**INTERROGATORY NO. 11:**

Please provide the full name, telephone number, employment address, employment description, and email address of any and all persons employed by ATC or any other entity controlled, managed, or operated by the same person(s) controlling, managing, or operating ATC for the purpose of ensuring and managing compliance with regulations related equipping towers and guy wires with conspicuity enhancing fixtures and markings.

**INTERROGATORY NO. 12:**

Please provide the date, location, description of any and all aircraft accidents involving towers and appurtenances, including guy wires, owned, operated, or managed by ATC or any other entity controlled, managed, or operated by the same person(s) controlling, managing, or operating ATC.

**INTERROGATORY NO. 13:**

Please describe with specificity whether and in what manner ATC has complied or attempted to comply Jefferson Davis Parish Police Jury Ordinance Section 5.5-107(e) & (g).

PreWil-01-02150

**INTERROGATORY NO. 14:**

Please describe all towers secured by guy wires owned by each of the named GTP entities from each entity's inception through the present.

    a.   Which of those towers have fixtures or markings on the guy wires, including but not limited to tana wire markers, spherical markers, or high-visibility sleeves, for increasing the conspicuity of the guy wires?

    b.   For each tower with guy wire conspicuity enhancing fixtures and markings, why were the markings installed?

    c.   Please provide the physical location of each tower with guy wire conspicuity enhancing fixtures and markings.

**INTERROGATORY NO. 15:**

Is AMT affiliated with any other entity, including but not limited to any of the named GTP entities, or does it maintain any other entity as its alter ego?  If so, please identify the name and address of all affiliates.  If not, then:

    a)   Does ATC share any common officer, director, manager, member, or other representative with any named GTP entity or with any other entity? If so, please identify any such person or entity.

    b)   Does ATC share a common checking account with any named GTP entity or with any other entity?

    c)   Please state whether funds belonging to ATC are commingled with any other entity or person.  If so, please provide the date, amount, and full name of entity or person with whom the funds were commingled.

PreWil-01-02151

d) Does each of the named ATC and every other entity controlled, maintain sufficient capitalization?

**INTERROGATORY NO. 16:**

Please provide the full name, address, telephone number, email address, and tenure of every owner, officer, director, member, and manager of the named GTP entities from each entity's inception through the present.

**INTERROGATORY NO. 17:**

If the response to Interrogatory No. 15 (b) or (d) is in the affirmative, please identify the financial institutions with which ATC and any other entity controlled, operated, or managed by ATC maintains one or more financial accounts, and please provide the name and type of account for each.

**INTERROGATORY NO. 18:**

Please state the location where the bookkeeping is performed and financial records are maintained for ATC and any other entity controlled, operated, or managed by ATC and identify the person(s) responsible for bookkeeping and financial recordkeeping. Please give the full name, address, telephone number, email address, employer, and employment position for each person identified.

**INTERROGATORY NO. 19:**

Please provide the number of persons employed by ATC and any other entity controlled, operated, or managed by ATC at the end of the previous five years.

6

PreWil-01-02152

**INTERROGATORY NO. 20:**

Please give the date, location, and attendees of all officer, manager, director, and/or shareholder meetings for ATC and any other entity controlled, operated, or managed by ATC in the previous five years.

**INTERROGATORY NO. 21:**

Please identify all entities in which ATC has acquired an ownership interests and/or from which ATC has acquired tower assets within the previous five years. Please provide the date and terms of all acquisitions.

**INTERROGATORY NO. 22:**

Please identify the person(s) vested with the responsibility and authority to decide whether ATC and/or any other entity controlled, operated, or managed by ATC, within the previous five years, should, could, or would acquire an ownership interest in another entity or acquire tower assets from another entity.

**INTERROGATORY NO. 23:**

Please state the full name, address, telephone number, and tenure of ownership of all persons and/or entities that have owned the tower at issue in this litigation within the last five years.

**INTERROGATORY NO. 24:**

Please give the full name, address, telephone number, employer, and employment description of any person or entity that has had any responsibility or authority to manage and/or direct operations of the tower at issue in this litigation on February 15, 2013 through the present.

PreWil-01-02153

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

A copy of any and all reports pertaining to the incident sued on herein.

**REQUEST FOR PRODUCTION NO. 2:**

A copy of any and all statements of any report given by any witness or any other person who may have knowledge or relevant facts, including such persons identified in answers to Interrogatories propounded herein.

**REQUEST FOR PRODUCTION NO. 3:**

A copy of each and every policy of primary and umbrella or excess insurance, certificate of insurance, or other insurance documentation setting forth each type of insurance which affords coverage for the liability of the nature asserted herein by plaintiffs, against defendant herein.

**REQUEST FOR PRODUCTION NO. 4:**

A copy of any and all photographs, slides, motion pictures, videos, etc., which may be relevant to any issue in this proceeding.

**REQUEST FOR PRODUCTION NO. 5:**

Curriculum vitae for any and all persons who may be sought to be used as expert witnesses herein.

**REQUEST FOR PRODUCTION NO. 6:**

A copy of any and all reports rendered by any person who may be sought to be used as an expert witness herein.

8

PreWil-01-02154

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documentary and demonstrative evidence, which you might seek to use as exhibits at trial herein.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents, written and electronic correspondence, and contracts related to the transfer of ownership in any named GTP entity or transfer tower assets from any named GTP entity to ATC or any other entity controlled, operated, or managed by ATC.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents, written and electronic correspondence, and contracts related to the transfer of the tower at issue in this litigation and any contracts to assign or transfer any rights to said tower, including but not limited to property leases.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents, written and electronic correspondence, and contracts related to fixtures and markings to enhance conspicuity of guy wires of towers owned by ATC.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all records, documents, written and electronic correspondence, and contracts related to the marking of guy wires of the subject tower pursuant to Jefferson Davis Parish Police Jury Ordinance Section 5.5-107(e) & (g).

PreWil-01-02155

**REQUEST FOR PRODUCTION NO. 12:**

If the response to Interrogatory No. 16 (b) or (d) is in the affirmative, please produce the month-end balance, amount of deposits, and amount of disbursements for each checking account for ATC and any other entity controlled, operated, or managed by ATC for the last 48 months.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents, written and electronic correspondence, and contracts sent by ATC and/or exchanged between ATC and the owner(s) of the property on which the tower at issue and its guy wires are situated.

RESPECTFULLY SUBMITTED:

BLOCK LAW FIRM, APLC
422 East First Street
Post Office Box 108
Thibodaux, Louisiana 70302
(985) 446-0418 Telephone
(985) 446-0422 Facsimile

KENDALL J. KRIELOW, #34625

## *CERTIFICATE*

I hereby certify that a copy of the above and foregoing has been electronically transmitted to all counsel of record.

Thibodaux, Louisiana, this 6th day of April 2016.

KENDALL J. KRIELOW

PreWil-01-02156

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DEBORA M. PRECHT, ET AL., | § | DOCKET NO. 2:14-CV-0743-PM-KK |
| | § | |
| Plaintiffs | § | |
| | § | JUDGE MINALDI |
| VERSUS | § | |
| | § | |
| GLOBAL TOWER, LLC , ET AL. | § | MAGISTRATE JUDGE KAY |
| | § | |
| Defendants | § | |
| | § | |
| | § | |

## AMERICAN TOWER CORPORATION, RESPONSES TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, through undersigned counsel, comes AMERICAN TOWER CORPORATION (hereinafter "ATC"), which responds to the Interrogatories and Requests for Production of Documents propounded unto it by Plaintiffs as follows:

**INTERROGATORY NO. 1:**

State the full name, address, telephone number, email address, employer, and employment position of the person(s) answering these interrogatories and/or the person(s) providing information for said answers.

**ANSWER TO INTERROGATORY NO. 1:**

Jason B. Nichols
Cook, Yancey, King & Galloway
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Email: jason.nichols@cookyancey.com

JUN 1 4 2016

PreWil-01-02651

David L. Swanson
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Fax: (214) 740-8800
dswanson@lockelord.com

Paul J. Bergendahl, II
Legal Operations Group
American Tower Corporation
116 Huntington Avenue
Boston, MA  02116

**INTERROGATORY NO. 2:**

With reference to the incident as alleged in the original petition, please state how, when and where you were first notified and by whom, including his or her name, address and telephone number.

**ANSWER TO INTERROGATORY NO. 2:**

ATC did not own the tower that is the subject of this lawsuit on the date of the incident at issue, and it does not own the tower now. It is unknown how, when and where ATC was first notified about the incident alleged herein. Without waiving the foregoing objections, upon information and belief, ATC learned about the incident at issue after service of the lawsuits filed in Jefferson Davis Parish.

**INTERROGATORY NO. 3:**

Name each and every person, giving each person's job title, business address and telephone number who, to your knowledge, participated in any type of investigation in connection with the incident as alleged in the original petition, stating with specificity, the participation of each person, whether the investigation was made initially on your behalf or not.

**ANSWER TO INTERROGATORY NO. 3:**

ATC objects to Interrogatory Number 3 to the extent it seeks to require it to provide

2

information that is not within its possession, custody or control, that is equally available to the plaintiffs, or that requires disclosure of attorney-client privileged communications, information protected by the work-product doctrine, or requires disclosure of counsels' mental impressions. ATC also objects to Interrogatory Number 3 to the extent it seeks the identification of consulting or testifying experts prior to the deadline established in the Court's Scheduling Order. Subject to and without waiver of the foregoing, ATC identifies the following persons who may have investigated the incident at issue:

1.   Deputy Eric Belton
     Jefferson Davis Parish Sheriff's Department
     -   Initial responding agency after accident.

2.   Stuart E. Bothwell
     National Transportation Safety Board
     Denver, Colorado
     -   NTSB Investigator-in-Charge

3.   Keith Kibodeaux
     Federal Aviation Administration
     Baton Rouge, LA
     -   Participated in accident investigation.

4.   Bill Tuccio
     National Transportation Safety Board
     Vehicle Recorder Division
     Washington, DC 20594
     -   Prepared NTSB Specialist's Electronic Device Factual Report

**INTERROGATORY NO. 4:**

Please state the results of said investigation(s), which have been made available to you as a defendant, whether the investigation was made initially on your behalf or not.

**ANSWER TO INTERROGATORY NO. 4:**

Please refer to investigative reports prepared by the Jefferson Davis Parish Sheriff's Department, NTSB, and FAA.

3

**INTERROGATORY NO. 5:**

Please state whether or not any report regarding the incident, which is the subject of this litigation, were completed, including the location of the report presently, a description of the report, and the date on which it was completed.

**ANSWER TO INTERROGATORY NO. 5:**

See objections and responses to Interrogatory Nos. 3 and 4.

**INTERROGATORY NO. 6:**

Give the names and addresses of the last known employer(s), Social Security number, and name and address of persons having knowledge of relevant facts who may be reasonably called as witnesses, the subject matter on which they are or could be reasonably expected to testify, and the substance of their testimony.  If your answer to this interrogatory indicates that the inquiry is premature, please list each and every witness whom you currently intend to call at the trial of this matter.

**ANSWER TO INTERROGATORY NO. 6:**

ATC objects to Interrogatory Number 6 to the extent it seeks the mental impressions of counsel.  ATC further objects to the extent that Interrogatory Number 6 requests any Social Security number. ATC also objects to Interrogatory Number 6 to the extent it seeks to require ATC to identify consulting or testifying experts prior to the deadline established in the Court's Scheduling Order. Subject to and without waiver of the foregoing, ATC identifies the following persons who may be called to testify as lay witnesses:

1.   Deputy Eric Belton and/or other representatives of the
     Jefferson Davis Parish Sheriff's Department

2.   Stuart E. Bothwell and/or other representatives of the
     National Transportation Safety Board
     Denver, Colorado

3.   Keith Kibodeaux and/or other representatives of the

4

Federal Aviation Administration
Baton Rouge, LA

4.    Bill Tuccio and/or other representatives of the
National Transportation Safety Board
Vehicle Recorder Division
Washington, DC  20594

5.    Deborah Precht

6.    Carl Krielow

7.    Dwayne Bebee

8.    A representative of Global Tower, LLC

9.    Any witness necessary to authenticate any document or exhibit

10.    Any witness necessary for impeachment or rebuttal

ATC reserves the right to supplement and/or amend this response.

**INTERROGATORY NO. 7:**

Have you or anyone representing you or acting on your behalf taken any statement, whether recorded, typed, written, or oral, from any person having knowledge of the facts involved in this suit?  If so, list the names and addresses of all persons interviewed and also state by whom they were interviewed and whether the statement was recorded, typed, written, or oral.  If you have a written or recorded statement of any plaintiff, please attach a copy of same to your answers to these interrogatories.

**ANSWER TO INTERROGATORY NO. 7:**

ATC objects to the extent that this interrogatory seeks information protected by the work-product doctrine, requires ATC to disclose the mental impressions of counsel, or seeks information that was created in anticipation of litigation. Without waiving any objection, ATC has not taken any statement relative to this suit.

5

PreWil-01-02655

**INTERROGATORY NO. 8:**

Please state whether any photograph or video [was] taken by you or on your behalf at the scene of the accident.

**ANSWER TO INTERROGATORY NO. 7:**

ATC objects to the interrogatory as being vague or ambiguous as to time, or, alternatively, requesting information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving its objections, ATC has no responsive information.

**INTERROGATORY NO. 9:**

Please list and identify each and every exhibit, which you may seek to use at the trial of this matter.  If your answer to this interrogatory indicates that this inquiry is premature, please list each and every exhibit, which you currently intend to introduce at the trial of this matter.

**ANSWER TO INTERROGATORY NO. 9:**

ATC objects to Interrogatory Number 9 to the extent it seeks to require ATC to disclose the mental impressions of counsel.  ATC also objects to Interrogatory Number 9 to the extent it seeks the identification of exhibits prior to the deadline established in the Court's Scheduling Order. Subject to, and without waiving its objections, ATC anticipates that potential exhibits could include:

1.  Documents, photographs, and/or other materials received from the National Transportation Safety Board, Federal Aviation Administration, the Jefferson Davis Parish Sheriff's department, or any other entity that investigated the incident at issue;

2.  Depositions and attachments to the extent admissible;

6

3.   Pleadings and/or discovery filed or exchanged in this matter, and attachments, to the extent admissible;

4.   Reports, data, diagrams, models, treatises, or any other material or document utilized by any witness in connection with their testimony;

5.   Any exhibit necessary for impeachment or rebuttal;

6.   Any exhibit used by any other party;

7.   Any exhibit listed in ATC's initial disclosures or determined by further investigation and discovery.

ATC reserves the right to supplement and/or amend this response.

**INTERROGATORY NO. 10:**

Please list the full name, address, occupation and phone number of each and every witness you will call or may call at the trial on the merits, stating whether he/she is a fact witness or will be sought to be qualified as an expert, and the substance of her/his testimony.

**ANSWER TO INTERROGATORY NO. 10:**

ATC objects to this interrogatory because it is duplicative of Interrogatory No. 6 or, alternatively, because it is ambiguous. Subject to, and without waiving any objection, see response to Interrogatory No. 6..

**INTERROGATORY NO. 11:**

Please provide the full name, telephone number, employment address, employment description, and email address of any and all persons employed by ATC or any other entity controlled, managed, or operated by the same person(s) controlling, managing, or operating ATC for the purpose of ensuring and managing compliance with regulations related equipping towers and guy wires with conspicuity enhancing fixtures and markings.

7

**ANSWER TO INTERROGATORY NO. 11:**

ATC objects that Interrogatory No. 11 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  ATC also objects to the extent it seeks to require ATC to provide information not within its possession, custody or control.

**INTERROGATORY NO. 12:**

Please provide the date, location, description of any and all aircraft accidents involving towers and appurtenances, including guy wires, owned, operator, or managed by ATC or any other entity controlled, managed, or operated by the same person(s) controlling, managing, or operating ATC.

**ANSWER TO INTERROGATORY NO. 12:**

ATC objects that Interrogatory No. 12 is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 13:**

Please describe with specificity whether and in what manner ATC has complied or attempted to comply Jefferson Davis Parish Police Jury Ordinance Section 5.5-107(e) & (g).

**ANSWER TO INTERROGATORY NO. 13:**

ATC objects that Interrogatory No. 13 is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  ATC also objects to the interrogatory because it assumes facts in dispute; namely, whether ATC had any involvement with the tower at the time of the accident.

PreWil-01-02658

**INTERROGATORY NO. 14:**

Please describe all towers secured by guy wires owned by each of the named GTP entities from each entity's inception through the present.

    a.    Which of those towers have fixtures or markings on the guy wires, including but not limited to tana wire markers, spherical markers, or high-visibility sleeve, for increasing the conspicuity of the guy wires?

    b.    For each tower with guy wire conspicuity enhancing fixtures and markings, why were the markings installed?

    c.    Please provide the physical location of each tower with guy wire conspicuity enhancing fixtures and markings.

**ANSWER TO INTERROGATORY NO. 14:**

ATC objects that Interrogatory No. 14 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  ATC also objects to the extent it seeks to require ATC to provide information not within its possession, custody or control.

**INTERROGATORY NO. 15:**

Is ATC affiliated with any other entity, including but not limited to any of the named GTP entities, or does it maintain any other entity as its alter ego?  If so, please identify the name and address of all affiliates.  If not, then:

    a.    Does ATC share any common officer, director, manager, member, or other representative with any named GTP entity or with any other entity?  If so, please identify any such person or entity.

    b.    Does ATC share a common checking account with any named GTP entity or with any other entity?

9

    c.    Please state whether funds belonging to ATC are commingled with any entity or person.  If so, please provide the date, amount, and full name of entity or person with whom the funds were commingled.

    d.    Does each of the named ATC and every other entity controlled, maintain sufficient capitalization?

**ANSWER TO INTERROGATORY NO. 15:**

ATC objects that Interrogatory No. 15 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  ATC also objects to the extent it seeks to require ATC to provide information not within its possession, custody or control.  ATC also objects to the interrogatory because it is at variance with Plaintiffs' pleadings, i.e., there is no alter ego allegation in the pleadings.  Subject to, and without waiving the foregoing objections, the post-accident relationship between ATC and the GTP Defendants is set forth in the Declaration filed with ATC's motion for summary judgment.  ATC was not affiliated with any GTP entity on the date of the accident.

**INTERROGATORY NO. 16:**

Please provide the full name, address, telephone number, email address, and tenure of every owner, officer, director, member or manager of the named GTP entities from each entity's inception through the present.

**ANSWER TO INTERROGATORY NO. 16:**

ATC objects that Interrogatory No. 16 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  ATC also objects to the extent it seeks to require ATC to provide information not within its possession, custody or control.  Subject to, and without waiving

PreWil-01-02660

the foregoing objections, the post-accident relationship between ATC and the GTP Defendants is set forth in the Declaration filed with ATC's motion for summary judgment.  ATC was not affiliated with any GTP entity on the date of the accident.

**INTERROGATORY NO. 17:**

If the response to Interrogatory No. 15 (b) or (d) is in the affirmative, please identify the financial institutions with which the ATC and any other entity controlled, operated, or managed by ATC maintains one or more financial accounts, and please provide the name and type of account for each.

**ANSWER TO INTERROGATORY NO. 17:**

ATC objected to Interrogatory No. 15 in its entirety and adopts those objections to Interrogatory No. 17 as if fully set forth in response to this interrogatory.  And ATC also objects to this interrogatory to the extent it is impermissible post-judgment discovery.

**INTERROGATORY NO. 18:**

Please state the location where the bookkeeping is performed and financial records are maintained for ATC and any other entity controlled, operated, or managed by ATC and identify the person(s) responsible for bookkeeping and financial recordkeeping.  Please give the full name, address, telephone number, email address, employer, and employment position for each person identified.

**ANSWER TO INTERROGATORY NO. 18:**

ATC objects that Interrogatory No. 18 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  ATC also objects to the extent it seeks to require ATC to provide information not within its possession, custody or control.  And ATC also objects to this interrogatory to the extent it is impermissible post-judgment discovery.  Subject to, and without

PreWil-01-02661

waiving the foregoing objections, the post-accident relationship between ATC and the GTP Defendants is set forth in the Declaration filed with ATC's motion for summary judgment. ATC was not affiliated with any GTP entity on the date of the accident.

**INTERROGATORY NO. 19:**

Please provide the number of persons employed by ATC and any other entity controlled, operated or managed by ATC at the end of the previous five years.

**ANSWER TO INTERROGATORY NO. 19:**

ATC objects that Interrogatory No. 19 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 20:**

Please give the date, location, and attendees of all officer, manager, director and/or shareholder meetings for ATC and any other entity controlled, operated, or managed by ATC in the previous five years.

**ANSWER TO INTERROGATORY NO. 20:**

ATC objects that Interrogatory No. 20 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 21:**

Please identify all entities in which ATC has acquired an ownership interests and/or from which ATC has acquired tower assets within the previous five years. Please provide the date and terms of all acquisitions.

PreWil-01-02662

**ANSWER TO INTERROGATORY NO. 21:**

ATC objects that Interrogatory No. 21 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving the foregoing objections, the post-accident relationship between ATC and the GTP Defendants is set forth in the Declaration filed with ATC's motion for summary judgment.  ATC was not affiliated with any GTP entity on the date of the accident.

**INTERROGATORY NO. 22:**

Please identify the person(s) vested with the responsibility and authority to decide whether ATC and/or other entity controlled, operator, or managed by ATC, within the previous five years, should, could, or would acquire an ownership interest in another entity or acquire tower assets from another entity.

**ANSWER TO INTERROGATORY NO. 22:**

ATC objects that Interrogatory No. 22 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 23:**

Please state the full name, address, telephone number, and tenure of ownership of all persons and/or entities that have owned the tower at issue in this litigation with the last five years.

**ANSWER TO INTERROGATORY NO. 23:**

ATC objects that Interrogatory No. 23 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  ATC also objects to the extent it seeks to require ATC to provide information not within its possession, custody or control.  Subject to, and without waiving

13

the foregoing objections, the information related to the owner of the tower is in the pleadings and attachments filed in the response to the motion to remand and in the Court's ruling on that issue.

**INTERROGATORY NO. 24:**

Please give the full name, address, telephone number, employer, and employment description of any person or entity that had any responsibility or authority to manage and/or direct operations of the tower at issue in this litigation on February 15, 2013 through the present.

**ANSWER TO INTERROGATORY NO. 24:**

ATC objects that Interrogatory No. 24 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  ATC also objects to the extent it seeks to require ATC to provide information not within its possession, custody or control.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

A copy of any and all reports pertaining to the incident sued on herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

See reports prepared by the Jefferson Davis Parish Sheriff's Department, NTSB, and FAA (ATC 00001-00031).

**REQUEST FOR PRODUCTION NO. 2:**

A copy of any and all statements of any reports given by any witness or any other person who may have knowledge or relevant facts, including such persons identified in answers to Interrogatories propounded herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

ATC is unaware of any statements of any reports other than those listed in reports referenced in response to Request for Production No. 1.

14

PreWil-01-02664

**REQUEST FOR PRODUCTION NO. 3:**

A copy of each and every policy of primary and umbrella or excess issuance, certificate of insurance, or other insurance documentation setting forth each type of insurance which affords coverage for the liability of the nature asserted herein by plaintiffs, against defendant herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

ATC objects to the request because it is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, ATC has no insurance that covers this loss event.

**REQUEST FOR PRODUCTION NO. 4:**

A copy of any and all photographs, slides, motion pictures, videos, etc., which may be relevant to any issue in this proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

ATC objects that Request for Production No. 4 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. ATC also objects to the extent it seeks to require ATC to provide information not within its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 5:**

Curriculum vitae for any and all persons who may be sought to be used as expert witnesses here.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

ATC objects to the request to the extent it seeks to require it to produce documents sooner than the Court's scheduling order. ATC, if still a party, will disclose any expert in accordance

15

with the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 6:**

A copy of any and all reports rendered by any person who may be sought to be used as an expert witness herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

ATC objects to the request to the extent it seeks to require it to produce documents sooner than the Court's scheduling order.  ATC, if still a party, will disclose any expert report in accordance with the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documentary and demonstrative evidence, which you might seek to use as exhibits at the trial herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

ATC objects to the request to the extent it seeks to require it to produce documents sooner than the Court's scheduling order.  ATC, if still a party, will comply with the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents, written and electronic correspondence, and contracts related to the transfer of ownership in any named GTP entity or transfer tower assets from any named GTP entity to ATC or any other entity controlled, operator, or managed by ATC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

ATC objects that Request for Production No. 8 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents, written and electronic correspondence, and contracts related to the transfer of the tower at issue in this litigation and any contracts to assign or transfer any rights to said tower, including but not limited to property leases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

See Response to Request for Production No. 8.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents, written and electronic correspondence, and contracts related to fixtures and markings to enhance conspicuity of guy wires of towers owned by ATC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

ATC objects that Request for Production No. 10 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all records, documents, written and electronic correspondence, and contracts related to the marking of guy wires of the subject tower pursuant to Jefferson Davis Parish Police Jury Ordinance Section 5.5-107(e) & (g).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

ATC objects that Request for Production No. 11 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  ATC also objects to the request because it assumes facts in dispute; namely, whether ATC had any involvement with the tower at the time of the accident.

17

**REQUEST FOR PRODUCTION NO. 12:**

      If the response to Interrogatory No. 16 (b) & (d) is in the affirmative, please produce the month-end balance, amount of deposits, and amount of disbursements for each checking account for ATC and any other entity controlled, operated, or managed by ATC for the last 48 months.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

      ATC objects that Request for Production No. 12 for all the same reasons it objected to Interrogatory No. 16 and ATC adopts those objections in its response to this request in their entirety.

**REQUEST FOR PRODUCTION NO. 13:**

      Any and all documents, written and electronic correspondence, and contracts sent by ATC and/or exchanged between ATC and the owner(s) of the property on which the tower at issue and its guy wires are situated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

      ATC objects that Request for Production No. 13 is overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  ATC also objects to the request because it assumes facts in dispute; namely, whether ATC had any involvement with the tower, or the land on which it is situated, at the time of the accident.

PreWil-01-02668

Respectfully Submitted,

/s/ Jacob K. Weixler
Jason M. Cerise (#28526)
Jacob K. Weixler (#36076)
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5100
Fax: (504) 681-5200
jmcerise@lockelord.com
jweixler@lockelord.com


/s/ David L. Swanson
David L. Swanson (admitted *PHV*)
Texas Bar No. 19554625
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Fax: (214) 740-8800
dswanson@lockelord.com

*and*

COOK YANCEY KING & GALLOWAY
A Professional Law Corporation

/s/ Jason B. Nichols
Jason Blance Nichols (#28704) (T.A)
Sidney E. Cook, Jr. (#1311)
333 Texas St., Suite 1700
P.O. Box 22260
Shreveport, Louisiana 71120-2260
Telephone: (318) 221-6277
Fax: (318) 227-7850
jason.nichols@cookyancey.com
sidney.cook@cookyancey.com

PreWil-01-02669

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all parties via electronic mail on the <u>10th</u> day of June, 2016.

<u>       /s/Jason B. Nichols              </u>
Of Counsel

20

PreWil-01-02670



## JEFFERSON DAVIS PARISH SHERIFF'S DEPARTMENT
### OFFENSE / INCIDENT REPORT

*402*

CASE NO. 2013-02-0045      DATE OF REPORT February 15, 2013      TIME OF REPORT 1804 hrs

| COMPLAINANT OR FIRM<br>Bill Compton | D.O.B., AGE, RACE, SEX<br>W/M | PHONE (BUSINESS)<br>337-824-1567 |
|---|---|---|
| COMPLAINANT'S ADDRESS<br>1702 Publics works road | CITY          STATE<br>Jennings        LA | PHONE (RESIDENCE)<br>337-824-1567 |
| COMPLAINANT'S BUSINESS OR SCHOOL     ADDRESS          JOB TITLE (GRADE)<br>Rice-land aviation          Jennings, LA     Agriculture services | | WILL COMPLAINANT PROSECUTE?<br>☐YES ☒NO    ☐UNKNOWN |

| OFFENSE / INCIDENT (AS REPORTED)<br>Signal 20A/ Air Plane crash | LOCATION<br>Hwy 1126, and Castex Landing | TYPE PREMISES<br>farmers Feild |
|---|---|---|
| DAY, DATE, & TIME OF OFFENSE<br>Friday, 02-15-2013, 1710 hrs | ZONE<br>03 | HOW REPORTED<br>Dispatch/ 911 |
| BODILY ☒YES<br>INJURIES ☐NO | VICTIM TAKEN TO<br>Miguez<br>funeral home, Jennings, LA | TRANSPORTED BY<br>Miguez funeral home | DESC. INJURIES<br>Deceased | CONDITION<br>Deceased |

| M/O: HOW DONE<br>Crash | FORCE USED<br>N/A | WITH WHAT TOOL OR WEAPON<br>Crop Duster Air plane | OTHER ACTS OR TRADEMARKS<br>N/A |
|---|---|---|---|

| VEHICLE INVOLVED? OWNER<br>☒ YES<br>☐ NO   Rice-land aviation | YEAR, COLOR, MAKE, MODEL, BODY STYLE, LIC. NO., YEAR, STATE, VIN<br>yellow, crop duster, FCC # 1019462, plane ID #'s N4305D, single wing |
|---|---|

**P R O P E R T Y   S E C T I O N**

CODES:   S - STOLEN PROPERTY      D - DAMAGED PROPERTY      L - LOST PROPERTY      F - FOUND PROPERTY

| CODE<br>S-D-L-F | QTY. | DESCRIPTION<br>(SIZE, COLOR, MODEL, STYLE, ETC.) | SERIAL NO. | WHERE PURCHASED | VALUE |
|---|---|---|---|---|---|
| D | 01 | yellow, crop duster, FCC # 1019462, plane ID #'s N4305D, single wing | | unknown | $1.00.00 |
| N/A | N/A | N/A | | N/A | N/A |
| N/A | N/A | N/A | | N/A | N/A |
| N/A | N/A | N/A | | N/A | N/A |
| N/A | N/A | N/A | | N/A | N/A |

| VICTIM<br>William W Precht JR | BEST CONTACT ADDRESS<br>18076 Augustine Road, Iowa, LA | AGE<br>52 | D.O.B.<br>09-04-1960/ W/M | PHONE<br>Unknown |
|---|---|---|---|---|
| WITNESS NAME<br>1. N/A | BEST CONTACT ADDRESS | AGE<br>N/A | D.O.B.<br>N/A | PHONE<br>N/A |
| WITNESS NAME<br>2. N/A | BEST CONTACT ADDRESS | AGE<br>N/A | D.O.B.<br>N/A | PHONE<br>N/A |

NAME AND ADDRESS OF SUSPECT(S) (AGE, RACE, SEX, D.O.B., PHONE)
1. N/A

2. N/A

DETAILS NOT COVERED ABOVE (SUPPLEMENTAL INFORMATION ON REAR)
see page two

| INVESTIGATING OFFICER(S)<br>Deputy Eric Belton | REPORT MADE BY<br>Dy. Eric Belton | DATE<br>02-15-2013 |
|---|---|---|
| CASE FILED WITH<br>DETECTIVES ☒ | THIS CASE IS<br>CLEARED BY ARREST ☐ UNFOUNDED ☐ | APPROVED BY   420 | DATE |

ATC 00001

PreWil-01-02671

On February 15, 2013, I Deputy Eric Belton was dispatched to a reported air plane crash in a field around Hwy 1126 and Hwy 3056 in Jennings, LA. Upon my arrival, I noticed a yellow crop duster down in the middle of a field. I ran to the crop duster to check on the pilot. Upon my arrival at the crop duster I noticed the pilot leaned to the left side with his head down not moving. I tried to speak to the pilot and touched him but he was non responsive. Jennings Fire Department arrived on scene and checked the pilot for a pulse. Jennings Fire Department did not find a pulse on the pilot and contacted the Parish Corner Dr. Deese. Acadian Ambulance arrived on scene and ran the pilot a script which was a flat line. Dr. Deese then pronounced the pilot dead on the scene.

Jennings Fire Department remove the pilot from the crop duster. The pilot's drivers license Identified him as William W. Precht JR, nick name Lil Billy. Mr. Precht was then picked up and transported to Miguez Funeral Home in Jennings, LA. DEQ, FAA, and Louisiana State Police Hazmat was also called out to the scene of the crash. End Of Report

OFFICER *Dy Eric Belton*  BADGE# 30466

ATC 00002

PreWil-01-02672

National Transportation Safety Board
Washington, DC 20594

**Brief of Accident**

Adopted 03/24/2014

Printed on : 12/09/2014 03:23:11 PM

CEN13LA163
File No. 32347

| | 02/15/2013 | Jennings, LA | Aircraft Reg No. N4305D | | | Time (Local): 17:10 CST |

Make/Model: PzI Mielec/M-18A
Engine Make/Model: Prat & Whitney Canada / PT6A-65B
Aircraft Damage: Substantial
Number of Engines: 1
Operating Certificate(s): Agricultural Aircraft (137)
Type of Flight Operation: Aerial Application
Reg. Flight Conducted Under: Part 137, Agricultural

| | Fatal | Serious | Minor/None |
|---|---|---|---|
| Crew | 1 | 0 | 0 |
| Pass | 0 | 0 | 0 |

Last Depart. Point: Same as Accident/Incident Location
Destination: Local Flight, LA
Airport Proximity:
Airport Name: N/A
Runway Identification: N/A
Runway Length/Width (Ft): Unk/Nr
Runway Surface: Unk/Nr
Runway Surface Condition: Not Applicable

Condition of Light: Day
Weather Info Src: Weather Observation Facility
Basic Weather: Visual Conditions
Lowest Ceiling: None
Visibility: 10.00 SM
Wind Dir/Speed: 360 / 007 Kts
Temperature (°C): 17
Precip/Obscuration: No Obscuration; No Precipitation

Pilot-in-Command          Age: 52

Certificate(s)/Rating(s)
Commercial; Multi-engine Land; Single-engine Land

Instrument Ratings
None

Flight Time (Hours)

Total All Aircraft: 19325
Last 90 Days: 110
Total Make/Model: 10627
Total Instrument Time: UnK/Nr

*** Note: NTSB investigators may not have traveled in support of this investigation and used data provided by various sources to prepare this aircraft accident report. ***

The pilot was conducting aerial application activities to the southeast of the airport. After the pilot finished spraying a field with a radio tower located in the northeast corner, the airplane struck the tower's guy wires. Although the tower was marked, the guy wires were not nor were they required to be marked. The tower was also depicted on the relevant aeronautical sectional chart. An examination of the airframe, engine, and propeller revealed no anomalies that would have precluded normal operation. Based on the time of the accident, the reported weather conditions were scattered clouds at 7,000 feet with the sun setting and visibility greater than 10 miles. It is unknown the extent that the clouds may have obscured the guy wires. The setting sun should have been behind the pilot during his pass and therefore not a factor. Based on the available evidence, it is likely the pilot lost track of the tower's location relative to his and did not notice the guy wires in time to avoid a collision.

Updated  at Mar 24 2014  8:45AM

ATC 00003

Brief of Accident (Continued)

CEN13LA163
File No. 32347          02/15/2013          Jennings, LA          Aircraft Reg No. N4305D          Time (Local): 17:10 CST

OCCURRENCES

Maneuvering-low-alt flying - Collision with terr/obj (non-CFIT)
Maneuvering-low-alt flying - Loss of control in flight

FINDINGS

Aircraft-Aircraft oper/perf/capability-Performance/control parameters-Altitude-Not attained/maintained - C
Personnel issues-Psychological-Attention/monitoring-Monitoring environment-Pilot - C
Environmental issues-Physical environment-Object/animal/substance-Tower/antenna (incl guy wires)-Contributed to outcome - C

Findings Legend: (C) = Cause, (F) = Factor

The National Transportation Safety Board determines the probable cause(s) of this accident as follows:
The pilot's inadequate visual lookout, which resulted in a collision with guy wires during an aerial application flight.

ATC 00004

PreWil-01-02674

12/9/2014                                    CEN13LA163

NTSB Identification: **CEN13LA163**
14 CFR Part 137: Agricultural
Accident occurred Friday, February 15, 2013 in Jennings, LA
Probable Cause Approval Date: 03/24/2014
Aircraft: PZL MIELEC M-18A, registration: N4305D
Injuries: 1 Fatal.

NTSB investigators may not have traveled in support of this investigation and used data provided by various sources to prepare this aircraft accident report.

The pilot was conducting aerial application activities to the southeast of the airport. After the pilot finished spraying a field with a radio tower located in the northwest corner, the airplane struck the tower's guy wires. Although the tower was marked, the guy wires were not nor were they required to be marked. The tower was also depicted on the relevant aeronautical sectional chart. An examination of the airframe, engine, and related systems revealed no malfunctions or failures that would have precluded normal operation. At the time of the accident, the reported weather conditions were scattered clouds at 7,000 feet with the sun setting and visibility greater than 10 miles. It is unknown the extent that the clouds may have obscured the guy wires. The setting sun should have been behind the pilot during his pass and therefore not a factor. Based on the available evidence, it is likely the pilot lost track of the tower's location relative to his and did not notice the guy wires in time to avoid a collision.

The National Transportation Safety Board determines the probable cause(s) of this accident to be:

The pilot's inadequate visual lookout, which resulted in a collision with guy wires during an aerial application flight.

<u>Full narrative available</u>

<u>Index for Feb2013</u> | <u>Index of months</u>

ATC 00005

**PreWil-01-02675**

### NATIONAL TRANSPORTATION SAFETY BOARD
### PILOT/OPERATOR AIRCRAFT ACCIDENT/INCIDENT REPORT
This form to be used for reporting civil and public use aircraft accidents and incidents

**BASIC INFORMATION**

Accident/Incident Location
Nearest City/Place: _Jennings_   State _LA_
ZIP _70546_   Country _USA_
Date/Time: Date _02/15/2013_ mm/dd/yyyy   Local Time _3:10 pm_   Time Zone _Central_
Latitude _30:11:518 N_ (dd:mm:ss N/S) Longitude _82:32:58 W_ (dd:mm:ss E/W)

Phase of Operation
☐ Standing  ☐ Takeoff (incl. initial climb)  ☐ Cruise  ☐ Hover
☐ Taxi  ☐ Climb  ☒ Maneuvering  ☐ Other
☐ Descent  ☐ Landing  ☐ Approach  ☐ Unknown

Collision with Other Aircraft
☐ Midair
☐ On-ground
☒ None

Altitude of In-Flight Occurrence
_500_ ft MSL.

**AIRCRAFT INFORMATION**

Manufacturer: _PZL - Mielec_
Model: _M-18A_
Serial Number: _1Z 022-19_
Registration Number: _4305D_   Amateur-built: ☐ Yes ☒ No

Max Gross Weight: _11,000_ lbs
Weight at Time of Accident/Incident: _7000_ lbs
Location of Center of Gravity at Time of Accident/Incident:
_78.8_ inches from ☐ nose or ☒ datum
-or-
_____ Percent Mean Aerodynamic Cord (% MAC)

Category of Aircraft
☒ Airplane
☐ Balloon
☐ Blimp/Dirigible
☐ Glider
☐ Gyrocraft
☐ Helicopter
☐ Powered lift
☐ Ultralight
☐ Unknown

Type of Airworthiness Certificate
(Check all that apply)
Standard
☒ Normal
☐ Utility
☐ Acrobatic
☐ Transport
Special
☒ Restricted
☐ Limited
☐ Provisional
☐ Experimental
☐ Special Flight
☐ Light Sport

Number of Seats: _1_
If Large Aircraft, how many seats for
Flight Crew: _____
Cabin Crew: _____
Passengers: _____

Landing Gear  ☐ Retractable
Check any additional landing gear configuration that applies
☐ Tricycle  ☒ Tailwheel
☐ Amphibian  ☐ High Skid
☐ Emergency Float  ☐ Skid
☐ Float  ☐ Ski
☐ Hull  ☐ Ski/Wheel
☐ Unknown

Type of Maintenance Program
☒ Annual
☐ Conditional (Amateur-built only)
☐ Manufacturer's Inspection Program
☐ Other Approved Inspection Program (AAIP)
☐ Continuous Airworthiness
☐ Other, specify _____

Last Inspection Type
☒ 100 hour  ☐ Continuous Airworthiness
☐ AAIP  ☐ Conditional Inspection
☐ Annual  ☐ Unknown

Date Last Inspection: _10/11/2012_ mm/dd/yyyy

Airframe Total Time: _6999_ hrs
hours measured as (check one)
☒ Last Inspection  ☐ Time of Accident/Incident

IFR Equipped
☐ Yes ☒ No ☐ Unknown

Stall Warning System Installed
☐ Yes ☒ No ☐ Unknown

Type of Fire Extinguishing System
☒ None
☐ Specify _____

ELT Installed
☐ Yes ☒ No
ELT Activated
☐ Yes ☐ No

ELT Aided in Locating Accident/Incident
☐ Yes ☐ No

ELT Manufacturer: _____
Model/Series: _____
Serial Number: _____
Battery Type: _____   Battery Exp. Date: _____

Engine Type
☐ Reciprocating  ☐ Turbo Jet
☐ Turbo Shaft  ☐ Turbo Fan
☒ Turbo Prop  ☐ Unknown

Reciprocating Fuel System Type
☐ Carburetor
☐ Fuel Injected

Propeller
☐ Fixed Pitch
☒ Controllable Pitch

Manufacturer: _Hartzell_
Model: _HC-B5MP-3C_

| Engine | Engine Manufacturer | Engine Model/Series | Manufacturer's Serial Number | Date of Mfg. mm/dd/yyyy | Engine Rated Power Measured as (check one) ☒ Horsepower or ☐ lbs of Thrust | Total Time (hours) | Time Since Inspection (hours) | Time Since Overhaul (hours) |
|---|---|---|---|---|---|---|---|---|
| Eng. 1 | Pratt + Whitney | PT6A-65B | PCE-PP0093 | 05/01/2005 | 1173 | 4559 | 100 | 4559 |
| Eng. 2 | | | | | | | | |
| Eng. 3 | | | | | | | | |
| Eng. 4 | | | | | | | | |

3

ATC 00006

## OWNER/OPERATOR INFORMATION

Registered Aircraft Owner
Name: **Riceland Aviation Inc.**

Fractional Ownership Aircraft: ☐ Yes ☒ No

Owner Address
City: **Jennings**
State: **LA**   ZIP: **70546**
Country: **USA**

Operator of Aircraft   ☐ Same As Registered Owner
Name: **William W. Precht, Jr.**
Doing Business As:
Air Carrier/Operator Designator (4 Character Code):

Operator Address   ☐ Same As Registered Owner
City: **Iowa**
State: **LA**   ZIP: **70647**
Country: **USA**

### Regulation Flight Conducted Under

☐ FAR 91   ☐ FAR 129   ☐ FAR 91 Special Flight   ☐ Public Use (select type)
☐ FAR 103   ☐ FAR 133   ☐ Non-US, Commercial   ☐ Federal ☐ State ☐ Local
☐ FAR 121   ☐ FAR 125   ☐ Non-US, Non-commercial   ☐ Unknown
☐ FAR 125   ☒ FAR 137   ☐ Armed Forces

Revenue Sightseeing Flight
☐ Yes   ☒ No

Air Medical Flight
☐ Yes   ☒ No

### Purpose of Flight
for FAR 91, 103, 133, 137   (Select one)

☐ Personal
☐ Business
☐ Executive/Corporate
☐ Other Work Use
☐ Instructional
☐ Ferry
☐ Positioning
☒ Aerial Application
☐ Aerial Observation
☐ Air Drop
☐ Air Race / Show
☐ Flight Test
☐ Public Use
☐ Unknown

### Revenue Operation
for FAR 121, 125, 129, 135   (Select one)

☐ Scheduled or Commuter
☐ Non-Scheduled or Air Taxi

Domestic or International
☐ Domestic   ☐ International

Cargo Operation
☐ Passenger/Cargo
☐ Passenger _____ How many?
☐ Cargo _____ lbs.
☐ Mail

### Type of Commercial Operating Certificate Held
(Check all that apply)

☐ None
☐ Flag Carrier Operating Certificate (121)
☐ Supplemental
☐ Air Cargo
☐ Foreign Air Carriers (129)
☐ Commuter Air Carrier (135)
☐ On-Demand Air Taxi (135)
☐ Large Helicopter (127)
☐ Rotorcraft External Load (133)
- or -
☒ Agricultural Aircraft (137)
☐ Other Operator of Large Aircraft

## OTHER AIRCRAFT – COLLISION (If air or ground collision occurred, complete this section for other aircraft)

Aircraft Registration Number | Manufacturer:
Model:

Damage to Other Aircraft
☐ Destroyed   ☐ Minor
☐ Substantial   ☐ None

Registered Owner of Other Aircraft
First Name:                      City:
Middle Initial:                  State:           ZIP:
Last Name:                       Country:

Pilot of Other Aircraft
First Name:                      City:
Middle Initial:                  State:           ZIP:
Last Name:                       Country:

## MECHANICAL MALFUNCTION/FAILURE (If more space is needed, continue on separate sheet)

Was there Mechanical Malfunction/Failure?   ☐ Yes ☒ No ☐ Unknown
(If yes, list the name of the part, manufacturer, part no., serial no., and describe the failure.)

Total Time/Cycles
On Part

_____ Hours

_____ Cycles

Time Since This Part
Inspected/Overhauled

_____ Hours

## DAMAGE TO AIRCRAFT AND OTHER PROPERTY

| Aircraft Damage | Aircraft Fire | Aircraft Explosion |
|---|---|---|
| ☐ None   ☐ Substantial | ☒ None   ☐ Both Ground and In-Flight | ☒ None   ☐ Both Ground and In-Flight |
| ☐ Minor   ☒ Destroyed | ☐ In-Flight   ☐ Unknown Origin | ☐ In-Flight   ☐ Unknown Origin |
| | ☐ On-Ground | ☐ On-Ground |

4

ATC 00007

**Description of Damage to Aircraft and Other Property** *(use additional sheet if necessary)*

*Aircraft collided with a tower doing an agricultural spraying operation.*

## AIRPORT INFORMATION  (If the accident/incident occurred on approach, takeoff or within 3 miles of an airport, complete this section)

Airport Identifier: _____

Airport Name: _____

Proximity to Airport _____   ☐ Off Airport/Airstrip   ☐ On Airport   ☐ On Airstrip

Distance From Airport Center: _____ SM

Direction From Airport: _____ degrees MAG

Airport Elevation: _____ ft. MSL

**Approach Segment**  *(Select one)*

☐ On Instrument Approach   ☐ Landing   ☐ Base leg   ☐ Final   ☐ Go Around
☐ Crosswind   ☐ Downwind   ☐ Low Approach   ☐ Aborted Landing (after touchdown)

**IFR Approach**  *(Check all that apply)*

| | | | |
|---|---|---|---|
| ☐ None | ☐ PAR | ☐ MLS | ☐ Practice |
| ☐ ADF/NDB | ☐ Sidestep | ☐ LDA | ☐ GPS |
| ☐ SDF | ☐ ILS | ☐ ASR | ☐ Loran |
| ☐ VOR/TVOR | ☐ Localizer Only | ☐ Visual | ☐ Unknown |
| ☐ VOR/DME | ☐ LOC-back course | ☐ Contact | |
| ☐ TACAN | ☐ RNAV | ☐ Circling | |

**VFR Approach**  *(Check all that apply)*

| | |
|---|---|
| ☐ None | ☐ Stop and Go |
| ☐ Traffic Pattern | ☐ Touch and Go |
| ☐ Straight-In | ☐ Simulated Forced Landing |
| ☐ Valley/Terrain Following | ☐ Forced Landing |
| ☐ Go Around | ☐ Precautionary Landing |
| ☐ Full Stop | ☐ Unknown |

**Runway Information**

Runway ID: _____ (LRVC) Length: _____ ft   Width: _____ ft

**Condition of Runway/Landing Surface**  *(Check all that apply)*

| | | |
|---|---|---|
| ☐ Dry | ☐ Snow-Compacted | ☐ Water-Calm |
| ☐ Holes | ☐ Snow-Crusted | ☐ Water-Choppy |
| ☐ Ice Covered | ☐ Snow-Dry | ☐ Water-Glassy |
| ☐ Rough | ☐ Snow-Wet | ☐ Wet |
| ☐ Rubber Deposits | ☐ Soft | ☐ Unknown |
| ☐ Slush Covered | ☐ Vegetation | |

**Runway/Landing Surface**  *(Check all that apply)*

| | | | |
|---|---|---|---|
| ☐ Asphalt | ☐ Grass/Turf | ☐ Macadam | ☐ Water |
| ☐ Concrete | ☐ Gravel | ☐ Metal/Wood | ☐ Unknown |
| ☐ Dirt | ☐ Ice | ☐ Snow | |

## FLIGHT ITINERARY INFORMATION

**Last Departure Point**

Airport ID  *3 R 7*

City  *Jennings*

State  *LA*

Country  *USA*

**Time of Departure**

Time  *4:50 pm*

Time Zone  *central*

**Destination**

Airport ID _____

City _____

State _____

Country _____

**Type Flight Plan Filed**

☒ None   ☐ VFR/IFR
☐ Company VFR   ☐ IFR
☐ Military VFR   ☐ Unknown
☐ VFR

Activated?   ☐ Yes   ☐ No

**Type of ATC Clearance/Service**  *(Check all that apply)*

| | | | |
|---|---|---|---|
| ☒ None | ☐ Special VFR | ☐ Special IFR | ☐ VFR Flight Following | ☐ Cruise |
| ☐ VFR | ☐ IFR | ☐ VFR On Top | ☐ Traffic Advisory | ☐ Unknown / NA |

**Airspace where the accident/incident occurred**  *(Check all that apply)*

| | | | |
|---|---|---|---|
| ☐ Class A | ☐ Class E | ☐ Prohibited Area | ☐ Jet Training Area | ☐ Special |
| ☐ Class B | ☒ Class G | ☐ Restricted Area | ☐ TRSA | ☐ Air Traffic Control Area |
| ☐ Class C | ☐ Demo Area | ☐ Military Operations Area (MOA) | ☐ FAR 93 | ☐ Unknown |
| ☐ Class D | ☐ Warning Area | ☐ Airport Advisory Area | | |

**Aircraft Load Description**  *(Check all that apply)*

| | | | |
|---|---|---|---|
| ☐ None | ☐ Towing Glider | ☐ Parachutists | ☐ Livestock |
| ☐ Passengers | ☐ Towing Banner | ☒ Water | ☐ Unknown |
| ☐ Cargo | ☐ Other External | ☒ Chemical/Fertilizer/Seeds | |

## FUEL & SERVICES INFORMATION

**Fuel on Board at Last Takeoff**
*(convert from pounds, as necessary)*

*40*  Gallons

**Fuel Type**

| | | | |
|---|---|---|---|
| ☐ 80/87 | ☐ 115/145 | ☐ JP3 | ☐ Other, specify _____ |
| ☐ 100 Low Lead | ☒ Jet A | ☐ JP4 | |
| ☐ 100/130 | ☐ Automotive | ☐ JP5 | |

**Other Services, if Any, Prior to Departure**

5

PreWil-01-02678

## EVACUATION OF AIRCRAFT

Was an emergency evacuation of the aircraft performed?   ☐ Yes   ☒ No

Method of Exit – Describe how the occupants exited and how many occupants evacuated each location

## WEATHER INFORMATION AT THE ACCIDENT/INCIDENT SITE

**Weather Observation Facility**

Facility ID: _3R7_

Observation Time: _5:10_

Time Zone: _Central_

Distance from Accident Site: _4_ NM

Direction from Accident Site: _130_ degrees MAG

**Source of Weather Information**
*(Check all that apply)*

☐ National Weather Service
☐ Flight Service Station
☐ TWR/Radio
☒ Automated Report
☐ Commercial Weather Service (DUATS)

☐ Company
☐ Military
☐ Internet
☐ Unknown

**Method of Briefing**
*(Check all that apply)*

☐ In Person
☐ Teletype
☐ Telephone/Computer
☐ Aircraft Radio
☐ TV/Radio
☐ Unknown

**Briefing Type/Completeness**

☐ Full
☐ Partial / Limited By Pilot
☐ Partial / Limited By Briefer

☐ Abbreviated
☐ Unknown
☒ Not Pertinent

**Light Condition**

☐ Dawn
☒ Day
☐ Dusk
☐ Night
☐ Dark Night
☐ Bright Night
☐ Not Reported

**Visibility**

_10_ miles

**Sky/Lowest Cloud Condition**

☒ Clear
☐ Few
☐ Partial Obscuration
☐ Scattered

☐ Thin Broken
☐ Thin Overcast
☐ Unknown

**Ceiling**

☒ None (clear)
☐ Broken
☐ Overcast

☐ Obscured
☐ Indefinite
☐ Unknown

**Restriction to Visibility** *(Check all that apply)*

☒ None
☐ Blowing Dust
☐ Blowing Sand
☐ Blowing Snow
☐ Blowing Spray
☐ Dust

☐ Fog
☐ Ground Fog
☐ Haze
☐ Ice Fog
☐ Smoke
☐ Unknown

**Lowest Cloud Condition Height** _____ ft AGL

**Ceiling Height** _____ ft AGL

**Wind Direction**

☒ Indicated
_310_ degrees MAG

☐ Variable

**Wind Speed**

Velocity _3_ KTS
-or-
☐ Calm
☐ Light and Variable

**Wind Gusts**

Velocity _____ KTS

☐ Gusting
☒ Not Gusting

**Type of Turbulence** *(Check all that apply)*

☒ None
☐ Clear Air
☐ In Clouds
☐ Vicinity of Thunderstorm

**Severity of Turbulence**

☐ Extreme
☐ Severe
☐ Moderate
☐ Moderate Chop
☐ Light

**NOTAMs (D, L and FDC), AIRMETs, SIGMETs, PIREPs in effect at the time of the accident/incident**

Temperature: _____ (C)
or _65_ (F)

Altimeter Setting: _____ in HG
or _____ MB

Density Altitude: _____ ft

Dew Point: _____ (C)
or _____ (F)

**Icing Forecast**

Amount
☒ None
☐ Trace
☐ Light

☐ Moderate
☐ Severe

Type
☐ Rime
☐ Clear
☐ Mixed

**Icing Actual**

Amount
☒ None
☐ Trace
☐ Light

☐ Moderate
☐ Severe

Type
☐ Rime
☐ Clear
☐ Mixed

**Type of Precipitation** *(Check all that apply)*

☒ None
☐ Rain
☐ Snow
☐ Hail
☐ Rain Showers
☐ Freezing Rain
☐ Snow Shower

☐ Drizzle
☐ Ice Pellets
☐ Snow Pellets
☐ Snow Grains
☐ Ice Crystals
☐ Ice Pellet Shower
☐ Freezing Drizzle

**Intensity of Precipitation**

☐ Light   ☐ Moderate   ☐ Heavy

6

ATC 00009

PreWil-01-02679

## PILOT "A" INFORMATION

**Pilot "A" Responsibilities at the Time of Accident/Incident**
☒ Pilot   ☐ Co-Pilot   ☐ Student Pilot   ☐ Flight Instructor   ☐ Check Pilot   ☐ Flight Engineer   ☐ Other Flight Crew

**Pilot "A" Identification**

First Name: William
Middle Initial: W.
Last Name: Precht, Jr.

City: Iowa
State: LA   ZIP: 70647
Country: USA

Age at time of Accident/Incident: 52   Date of Birth: ▮▮▮▮  *mm/dd/yyyy*   Certificate Number: ▮▮▮▮▮▮

| Degree of Injury | Seat Occupied | Seat Belt | Shoulder Harness |
|---|---|---|---|
| ☐ None   ☒ Fatal | ☐ Left   ☐ Front   ☐ Unknown | Used      ☒ Yes   ☐ No | Used      ☒ Yes   ☐ No |
| ☐ Minor   ☐ Unknown | ☐ Right   ☐ Rear | Available ☐ Yes   ☐ No | Available ☒ Yes   ☐ No |
| ☐ Serious | ☐ Center   ☒ Single | | |

**Pilot Certificate(s)** *(Check all that apply)*
☐ None   ☐ Student   ☐ Recreational   ☒ Commercial   ☐ Flight Engineer   ☐ Foreign
☐ Private   ☐ Flight Instructor   ☐ Sport   ☐ Airline Transport   ☐ U.S. Military

| Principal Occupation | Medical Certificate | Medical Certificate Validity | Date of Last Medical |
|---|---|---|---|
| ☒ Pilot | ☐ None   ☐ Class 3 | ☐ Without limitations/waivers | 02/28/2012 |
| ☐ Other | ☐ Class 1   ☐ Driver's License (Sport Pilot only) | ☒ With limitations/waivers | *mm/dd/yyyy* |
| ☐ Unknown | ☒ Class 2   ☐ Unknown | ☐ Unknown | |

**Medical Certificate Limitations**

must have available glasses for near vision.

**Medical Certificate Waivers**

**Date of Last Flight Review or Equivalent, Including FAR 121/135 Checks:** 09/19/2011  *mm/dd/yyyy*

**Flight Review Aircraft**
Make: Cessna
Model: 172

| Airplane Rating(s) *(Check all that apply)* | Other Aircraft Rating(s) *(Check all that apply)* | Instrument Rating(s) *(Check all that apply)* | Instructor Rating(s) *(Check all that apply)* | |
|---|---|---|---|---|
| ☐ None | ☒ None | ☒ None | ☒ None | ☐ Instrument Airplane |
| ☒ Single-Engine Land | ☐ Airship | ☐ Airplane | ☐ Airplane Single-Engine | ☐ Instrument Helicopter |
| ☐ Single-Engine Sea | ☐ Free Balloon | ☐ Helicopter | ☐ Airplane Multi-Engine | ☐ Helicopter |
| ☒ Multiengine Land | ☐ Glider | ☐ Powered Lift | ☐ Gyroplane | ☐ Glider |
| ☐ Multiengine Sea | ☐ Gyroplane | | ☐ Powered Lift | ☐ Sport |
| | ☐ Helicopter | | | |
| | ☐ Powered Lift | | | |

**Type Ratings**

**Student Endorsements** *(Include dates)*

| Flight Time *(enter appropriate number of hours in each box)* | All Aircraft | This Make & Model | Airplane Single Engine | Airplane Multiengine | Night | Instrument Actual | Instrument Simulated | Rotorcraft | Glider | Lighter Than Air |
|---|---|---|---|---|---|---|---|---|---|---|
| Total Time | 19,925 | 19,627 | 19925 | | | | | | | |
| Pilot in Command (PIC) | 19,139 | 19,627 | 19139 | | | | | | | |
| Time as Instructor | | | | | | | | | | |
| This Make/Model | | | | | | | | | | |
| Last 90 Days | 40 | 110 | | | | | | | | |
| Last 30 Days | 30 | 30 | | | | | | | | |
| Last 24 Hours | 5 | 5 | | | | | | | | |

ATC 000010

PreWil-01-02680

## NARRATIVE HISTORY OF FLIGHT (Please type or print in ink)

Describe what occurred in chronological order, including circumstances leading to and nature of accident/incident. Describe terrain and include wreckage distribution sketch if pertinent. Attach extra sheets if needed. State time and point of departure, intended destination, and services obtained.

Was doing agricultural spray operation off the Jennings Airport (3R7). Departed at about 4:45 pm to a field 4 miles south east of the airport. There was a 500 foot tower in the north west corner of the field. It appeared that he had finished spraying the field and was attempting to dress around the tower. The airplane struck the top of the tower.

## RECOMMENDATION (How could this accident/incident have been prevented?)

Operator/Owner Safety Recommendation

10

ATC 000011

PreWil-01-02681

**ADDITIONAL INFORMATION** *(Please type or print in ink)*
Use this space if additional space is needed for any answers.

I HEREBY CERTIFY THAT THE ABOVE INFORMATION IS COMPLETE AND ACCURATE TO THE BEST OF MY KNOWLEDGE

| Date of this Report | Signature and Name of Pilot/Operator |
|---|---|
| 02/16/2013 | Signature |
| mm/dd/yyyy | Type or Print Name |

Signature and Name of Person Filing Report If Other than Pilot/Operator

Signature _____
Type or Print Name _____ Dwayne Bebee _____
Title _____ Owner/manager _____

**FOR NTSB USE ONLY**

| NTSB Accident/Incident No. | Reviewed by NTSB Regional Office | Name of Investigator | Date Report Received |
|---|---|---|---|
| CEN13LA163 | Denver, Colorado | Stuart Bothwell | |

11

ATC 000012

PreWil-01-02682



ATC 000013   6/8/2013

PreWil-01-02683



ATC 000014

PreWil-01-02684

This space for binding

| National Transportation Safety Board **FACTUAL REPORT AVIATION** | NTSB ID: CEN13LA163 | Aircraft Registration Number: N4305D |
|---|---|---|
| | Occurrence Date: 02/15/2013 | Most Critical Injury: Fatal |
| | Occurrence Type: Accident | Investigated By: NTSB |

## Location/Time

| Nearest City/Place | State | Zip Code | Local Time | Time Zone | |
|---|---|---|---|---|---|
| Jennings | LA | 70546 | 1710 | CST | |

| Airport Proximity: | Distance From Landing Facility: |
|---|---|

## Aircraft Information Summary

| Aircraft Manufacturer | Model/Series | Type of Aircraft |
|---|---|---|
| PZL MIELEC | M-18A | Airplane |

| Revenue Sightseeing Flight: No | Air Medical Transport Flight: No |
|---|---|

## Narrative

Brief narrative statement of facts, conditions and circumstances pertinent to the accident/incident:

*** Note: NTSB investigators may not have traveled in support of this investigation and used data provided by various sources to prepare this aircraft accident report. ***

HISTORY OF FLIGHT

On February 15, 2013, about 1710 central standard time, N4305D, a PZL Mielec M-18A, single-engine airplane, was substantially damaged when it impacted the guy wire for a radio tower southeast of Jennings, Louisiana. The pilot was fatally injured. The airplane was registered to and operated by Riceland Aviation, Inc. Day visual meteorological conditions prevailed at the time of the accident. The aerial application flight was being conducted under the provisions of 14 Code of Federal Regulations Part 137 without a flight plan. The local flight had departed about 1650 from the Jennings Airport (3R7), Jennings, Louisiana.

According to Riceland Aviation, the pilot was applying the herbicide Round Up to a rice field southeast of 3R7. The wreckage of the airplane was found near a radio tower in a field where the airplane had been conducting aerial applications. An examination of a radio tower to the southwest of the main wreckage revealed damage to the number 7 and 8 guy wires on the east side of the tower.

Satloc data recovered from the accident airplane depicted the airplane having made multiple passes, consistent with spray passes, in the vicinity of the radio tower. The last two minutes of the recording depict eda spray path from north to south, followed by a right turn to the west and then a course reversal to the east. The flight path depicted the airplane just to the south of the radio tower, with a flight path from the southwest to the northeast; the recorded decrease in altitude is consistent with an approach for the next spray pass to the north. The altitude increased at the end of the field and the airplane reversed course again. The flight path reversed to the south and then a right turn, back around to the north for a second pass along the same course as the previous pass. The airplane had just initiated a descent for the southwest to northeast pass when the recording ended.

PERSONNEL INFORMATION

The pilot, age 52, held a commercial pilot certificate with airplane single and multiengine land ratings. He was issued a second class airman medical certificate on February 28, 2012. The certificate contained the limitation "must have available glasses for near vision."

According to the National Transportation Safety Board Pilot Operator Aircraft Accident Incident Report Form submitted by the operator, the pilot had logged 19,325 hours of flight experience; 10,627 hours were in the make and model of the accident airplane. The pilot had successfully completed the requirements of a flight review on September 19, 2011.

FACTUAL REPORT - AVIATION                                                                Page 1

ATC 000015

PreWil-01-02685

This space for binding

| National Transportation Safety Board FACTUAL REPORT AVIATION | NTSB ID: CEN13LA163 |
| | Occurrence Date: 02/15/2013 |
| | Occurrence Type: Accident |

**Narrative** (Continued)

According to Riceland Aviation, the pilot had not attended formal training for agricultural operations and had obtained all of his knowledge and experience through on-the-job training. The pilot had attended the Professional Aerial Applicators' Support System (PAASS) training provided by the National Agricultural Aviation Association in 2013. The pilot also held a chemical applicators license as required by the State of Louisiana.

AIRCRAFT INFORMATION

The accident airplane, a PZL Mielec M18-A (serial number 1Z022-19), was manufactured in 1991. It was registered with the Federal Aviation Administration (FAA) on a special airworthiness certificate for restricted agriculture and pest control operations. A Pratt & Whitney PT6A-65B turbo-prop engine powered the airplane. The engine was equipped with a 4-blade, Hartzell propeller.

The airplane was registered to and operated by the Riceland Aviation Inc., and was maintained under an annual inspection program. A review of the maintenance records indicated that a 100-hour inspection had been completed on October 11, 2012, at an airframe total time of 6,999 hours.

METEOROLOGICAL INFORMATION

The closest official weather observation station was Jennings Airport (3R7), Jennings, Louisiana, located 3.5 nautical miles (nm) northwest of the accident site. The elevation of the weather observation station was 23 feet mean sea level (msl). The routine aviation weather report (METAR) for 3R7, issued at 1715, reported, wind 360 degrees at 7 knots, visibility 10 miles, sky condition, scattered clouds at 7,000 feet, temperature 17 degrees Celsius (C), dew point temperature 5 degrees C, altimeter 30.11 inches.

According to the United States Naval Observatory, Astronomical Applications Department Sun and Moon Data, the sunset was recorded at 1759 CST and the end of civil twilight was 1823 CST.

FLIGHT RECORDERS

The accident airplane was equipped with Hemisphere AgJunction Satloc G4 control system designed to control the application of chemicals during aerial application flights. The Satloc G4 operates a cockpit mounted lightbar guidance system and a real-time graphic moving map display providing visual guidance to the pilot. Flow rates can be pilot selected or based on mapping. The unit was sent to the National Transportation Safety Board (NTSB) Vehicle Recorders Lab in Washington, D.C. for download. The log files downloaded from the unit were dated between January 8, 2013, and February 15, 2013. The last recording, which included the accident flight, lasted over two hours and was not corrected for the local time zone.

WRECKAGE AND IMPACT INFORMATION

The airplane wreckage was located in a dry rice field just northeast of the radio tower. The accident site was at an elevation of 15 feet mean sea level.

A small piece of the left wing was wrapped around one guy wire. Torn and bent metal from the left wing and the outboard section of the left wing were located directly below the east tripod of guy wires. Damage to the inboard section of the left wing, at the separation point, was consistent with a wire strike.

The main wreckage came to rest just north of the east tripod of guy wires. The main wreckage included the inboard portion of the left wing, the right wing, the empennage, and the engine. The spray booms, the propeller assembly, and bent and torn metal were located in the short debris field and ground scar directly adjacent to the main wreckage.

An examination of the airframe, engine, and related systems, conducted by the responding FAA inspector, revealed no anomalies.

FACTUAL REPORT - AVIATION                                                                 Page 1a

ATC 000016

PreWil-01-02686

This space for binding

| National Transportation Safety Board **FACTUAL REPORT AVIATION** | NTSB ID: CEN13LA163 | |
|---|---|---|
| | Occurrence Date: 02/15/2013 | |
| | Occurrence Type: Accident | |

**Narrative** (Continued)

MEDICAL AND PATHOLOGICAL INFORMATION

The Calcasieu Parish Coroner's Office and Forensic Facility performed the autopsy on the pilot on February 16, 2013, as requested by the Jefferson Davis Parish Coroner's Office. The autopsy concluded that the cause of death was due to the "multiple injuries sustained in an airplane crash" and the report listed the specific injuries.

The FAA's Civil Aerospace Medical Institute, Oklahoma City, Oklahoma, performed toxicological tests on specimens that were collected during the autopsy (CAMI Reference #201300071001). Results were negative for carbon monoxide and ethanol. Tests of the urine detected 40.8 ug/ml of Salicylate; a metabolite of aspirin.

ADDITIONAL INFORMATION

The radio tower, which was owned by Global Tower Partners, was located in the northwest corner of the target field. The radio tower was guyed by 8 wires in a tri-pod configuration. The tower stood approximately 480 feet in height and was painted red and white. The radio tower was depicted on the Houston Visual Flight Rules Sectional Chart as a cluster of two towers to the southeast of Jennings, Louisiana. The broadcast tower was marked in accordance with guidance outlined in FAA Advisory Circular 70/7460-1K and the requirements found in the Federal Communications Commission Regulation 47 CFR §§ 17.21-17.50.

According to officials at Riceland Aviation Inc., the pilot was familiar with the field and had flown that field at least 15 times in the previous spray season. There were no ground crews present during the aerial application flight. They stated that it appeared that the pilot had finished spraying the field and was "dressing up around the tower."
Updated on Mar 24 2014  8:45AM

ATC 000017

PreWil-01-02687

This space for binding

| National Transportation Safety Board **FACTUAL REPORT AVIATION** | NTSB ID: CEN13LA163 |
|---|---|
| | Occurrence Date: 02/15/2013 |
| | Occurrence Type: Accident |

## Landing Facility/Approach Information

| Airport Name | | Airport ID: | Airport Elevation | Runway Used | Runway Length | Runway Width |
|---|---|---|---|---|---|---|
| N/A | | | Ft. MSL | N/A | | |

Runway Surface Type: Not Applicable

Runway Surface Condition:

Approach/Arrival Flown:  NONE

VFR Approach/Landing:  None

## Aircraft Information

| Aircraft Manufacturer | Model/Series | Serial Number |
|---|---|---|
| PZL MIELEC | M-18A | 1Z022-19 |

Airworthiness Certificate(s):  Restricted (Special)

Landing Gear Type: Tailwheel

| Amateur Built Acft? No | Number of Seats: 1 | Certified Max Gross Wt. | 11000 LBS | Number of Engines: 1 |
|---|---|---|---|---|

| Engine Type: Turbo Prop | Engine Manufacturer: Pratt & Whitney Canada | Model/Series: PT6A-65B | Rated Power: |
|---|---|---|---|

- Aircraft Inspection Information

| Type of Last Inspection | Date of Last Inspection | Time Since Last Inspection | Airframe Total Time |
|---|---|---|---|
| 100 Hour | 10/2012 | Hours | 6999 Hours |

- Emergency Locator Transmitter (ELT) Information

| ELT Installed?/Type No | ELT Operated? | ELT Aided in Locating Accident Site? |
|---|---|---|

## Owner/Operator Information

| Registered Aircraft Owner | Street Address | | |
|---|---|---|---|
| RICELAND AVIATION INC | City  JENNINGS | State  LA | Zip Code  70546-0877 |

| Operator of Aircraft | Street Address | | |
|---|---|---|---|
| RICELAND AVIATION INC | City  JENNINGS | State  LA | Zip Code  70546-0877 |

| Operator Does Business As: | Operator Designator Code: |
|---|---|

- Type of U.S. Certificate(s) Held:

Air Carrier Operating Certificate(s): Agricultural Aircraft (137)

| Operating Certificate: | Operator Certificate: |
|---|---|

Regulation Flight Conducted Under: Part 137: Agricultural

Type of Flight Operation Conducted: Aerial Application

| FACTUAL REPORT - AVIATION | Page 2 |
|---|---|

ATC 000018

This space for binding

| National Transportation Safety Board | NTSB ID: CEN13LA163 | |
|---|---|---|
| FACTUAL REPORT AVIATION | Occurrence Date: 02/15/2013 | |
| | Occurrence Type: Accident | |

## First Pilot Information

| Name | | City | State | Date of Birth | Age |
|---|---|---|---|---|---|
| On File | | On File | On File | On File | 52 |

| Sex: | Seat Occupied: Single | Occupational Pilot? Yes | Certificate Number: On File |
|---|---|---|---|

| Certificate(s): | Commercial |
|---|---|

| Airplane Rating(s): | Multi-engine Land; Single-engine Land |
|---|---|
| Rotorcraft/Glider/LTA: | None |
| Instrument Rating(s): | None |
| Instructor Rating(s): | None |

Current Biennial Flight Review? 09/2011

| Medical Cert.: Class 2 | Medical Cert. Status: With Waivers/Limitations | Date of Last Medical Exam: 02/2012 |
|---|---|---|

| - Flight Time Matrix | AEA/C | This Make and Model | Airplane Single Engine | Airplane Mult-Engine | Night | Instrument Actual | Instrument Simulated | Rotorcraft | Glider | Lighter Than Air |
|---|---|---|---|---|---|---|---|---|---|---|
| Total Time | 19325 | 10627 | 19325 | | | | | | | |
| Pilot In Command(PIC) | 19139 | 10627 | 19139 | | | | | | | |
| Instructor | | | | | | | | | | |
| Instruction Received | | | | | | | | | | |
| Last 90 Days | 110 | 110 | | | | | | | | |
| Last 30 Days | 30 | 30 | | | | | | | | |
| Last 24 Hours | 5 | 5 | | | | | | | | |

| Seatbelt Used? | Shoulder Harness Used? | Toxicology Performed? Yes | Second Pilot? No |
|---|---|---|---|

## Flight Plan/Itinerary

| Type of Flight Plan Filed: None | | | | |
|---|---|---|---|---|

| Departure Point | | State | Airport Identifier | Departure Time | Time Zone |
|---|---|---|---|---|---|
| Same as Accident/Incident Location | | | | 1650 | CST |

| Destination | | State | Airport Identifier | |
|---|---|---|---|---|
| Local Flight | | LA | | |

| Type of Clearance: None |
|---|
| Type of Airspace:   Class G |

## Weather Information

Pilot's Source of Wx Information:

Automated Report

| FACTUAL REPORT - AVIATION | Page 3 |
|---|---|

ATC 000019

PreWil-01-02689

This space for binding

| National Transportation Safety Board **FACTUAL REPORT AVIATION** | NTSB ID: CEN13LA163 | |
|---|---|---|
| | Occurrence Date: 02/15/2013 | |
| | Occurrence Type: Accident | |

## Weather Information

| WOF ID | Observation Time | Time Zone | WOF Elevation | WOF Distance From Accident Site | Direction From Accident Site |
|---|---|---|---|---|---|
| K3R7 | 1715 | CST | 23 Ft. MSL | 4 NM | 130 Deg. Mag. |

| Sky/Lowest Cloud Condition: Scattered | 7000 Ft. AGL | Condition of Light: Day |
|---|---|---|

| Lowest Ceiling: None | Ft. AGL | Visibility: 10 | SM | Altimeter: 30.11 | "Hg |
|---|---|---|---|---|---|

| Temperature: 17 °C | Dew Point: 5 °C | Weather Conditions at Accident Site: Visual Conditions |
|---|---|---|

| Wind Direction: 360 | Wind Speed: 7 | Wind Gusts: |
|---|---|---|

| Visibility (RVR): Ft. | Visibility (RVV): SM |
|---|---|

Precip and/or Obscuration:
No Obscuration; No Precipitation

## Accident Information

| Aircraft Damage: Substantial | Aircraft Fire: None | Aircraft Explosion  None |
|---|---|---|

| - Injury Summary Matrix | Fatal | Serious | Minor | None | TOTAL |
|---|---|---|---|---|---|
| First Pilot | 1 | | | | 1 |
| Second Pilot | | | | | |
| Student Pilot | | | | | |
| Flight Instructor | | | | | |
| Check Pilot | | | | | |
| Flight Engineer | | | | | |
| Cabin Attendants | | | | | |
| Other Crew | | | | | |
| Passengers | | | | | |
| - TOTAL ABOARD - | 1 | | | | 1 |
| Other Ground | 0 | 0 | 0 | | 0 |
| - GRAND TOTAL - | 1 | 0 | 0 | | 1 |

FACTUAL REPORT - AVIATION

Page 4

This space for binding

| National Transportation Safety Board<br>**FACTUAL REPORT**<br>**AVIATION** | NTSB ID: CEN13LA163 |
| --- | --- |
| | Occurrence Date: 02/15/2013 |
| | Occurrence Type: Accident |

## Administrative Information

Investigator-In-Charge (IIC)

Stuart E. Bothwell

Additional Persons Participating in This Accident/Incident Investigation:

Keith   Kibodeaux
Federal Aviation Administration
Baton Rouge, LA

ATC 000021

PreWil-01-02691

NATIONAL TRANSPORTATION SAFETY BOARD
Vehicle Recorder Division
Washington, D.C.  20594

August 19, 2013

# Electronic Device Factual Report

### Specialist's Factual Report
### by Bill Tuccio

**A.**  **EVENT**

| | |
|---|---|
| Location: | Jennings, Lousiana |
| Date: | February 15, 2013 |
| Aircraft: | WSK PZL Mielec M-18A |
| Registration: | N4305D |
| Operator: | Riceland Aviation, Inc. |
| NTSB Number: | CEN13LA163 |

**B.**  **GROUP** - No Group

**C.**  **SUMMARY**

On February 15, 2013, about 1710 central standard time (CST), N4305D, a WSK PZL Mielec M-18A, single engine airplane, was destroyed after impacting terrain near Jennings, Louisiana. The pilot was fatally injured. The airplane was registered to and operated by Riceland Aviation, Inc. Day visual meteorological conditions (VMC) prevailed at the time of the accident and a flight plan had not been filed for the 14 *Code of Federal Regulations* Part 137 agricultural application flight. The local area flight had departed at 1650 from Jennings Airport (3R7), Jennings, Louisiana.

**D.**  **DETAILS OF INVESTIGATION**

The NTSB Vehicle Recorder Laboratory received the following device(s):

| | |
|---|---|
| GPS Manufacturer/Model: | Hemisphere AgJunction Satloc G4 |
| Serial Number: | 806-1040-W |

**Hemisphere AgJunction Satloc G4 Device Description**

The Satloc G4 is part of an on-board control system designed to programmatically control agricultural, aerial spray operations based on vendor and user specified prescription maps. The Satloc G4 can drive a cockpit mounted lightbar guidance system and a real-time graphic moving map display providing visual guidance to the pilot. Flow rates can be pilot selected or based on mapping created using a

ATC 000022

PreWil-01-02692

proprietary software package called MapStar that runs on a desktop computer. The Satloc G4 is capable of realtime wireless transmission of position and agricultural information to a cloud based data collection service in addition to recording similar information to an internal, eSata solid state disk drive.  The Satloc G4 is supported by the Satloc division of AgJunction, previously named Hemisphere GPS.

### Satloc G4 Data Recovery

Upon arrival at the Vehicle Recorder Laboratory, an exterior examination revealed the device had not sustained any damage, as shown in figure 1.  The unit was opened and the internal eSata drive removed, as shown in figure 2.  The eSata drive was formatted as a Microsoft Windows file system, and binary log files were copied from the eSata drive.  The log file on February 15, 2013 containing the accident flight was decoded using AgJunction's MapStar software.

**Figure 1. Photo of Satloc G4.**



ATC 000023

PreWil-01-02693

Figure 2. eSata solid state drive removed from Satloc G4.



### Satloc G4 Description

The log files downloaded from the Satloc G4 dated back to at least January 8, 2013 and extended through February 15, 2013. Three recording sessions occurred on February 15, 2013, the last of which recorded the accident flight. Only the last recording on February 15, 2013 was analyzed for this report. The MapStar program provided an overview of the recorded flight path and spraying operations and also allowed for export of the recorded data in engineering units. The sampling rate of the recording was approximately once every 2 seconds.

The MapStar export provided a time for each sampling interval precise to the hundredth of a second. However, the accuracy and timezone of the MapStar export was not verified for this report. As such, all times are reported as "Satloc recorded time."

The time period of the last recording was from 1551:20.39 to 1756:38.29 Satloc recorded time. According to the manufacturer, if power is interrupted to the unit, up to 6 seconds of data may not be recorded due to latency in the recording mechanism.

### Satloc G4 Parameters Provided

Table 1 describes data parameters provided by the Satloc G4 device validated for this report.

ATC 000024

**PreWil-01-02694**

**Table 1: Satloc G4 Data Parameters**

| Parameter Name | Parameter Description |
|---|---|
| Time | MapStar reported time for recorded data point (HH:MM:SS.tt) |
| Lat | Recorded Latitude (degrees) |
| Lon | Recorded Longitude (degrees) |
| Alt | Recorded Altitude (feet) |
| Speed | Recorded groundspeed (mph) |
| Hdg | Recorded true course (degrees) |
| X-Track | Distance to desired target spray swath line (feet) |
| Spray | Discrete value indicating spray on or off (0=off, non-zero=on) |

## OVERLAYS AND TABULAR DATA

Figure 3 shows a MapStar output from the file containing the accident flight. The output covers the period from 1551:20.39 to 1756:38.29 Satloc recorded time on February 15, 2013. The red areas in Figure 3 are those areas where the Spray discrete recorded value was non-zero. Figure 4 shows the same time period as figure 3, overlayed using Google Earth, with select points annotated. The last recorded point at 1756:38.29 Satloc recorded time is shown in the eastern portion of the recorded track.

Figure 5 shows the many passes in the vicinity of the radio tower the aircraft eventually struck, as reported by the investigator-in-charge. Only one recorded pass crossed the field nearest the tower on a west-to-east track prior to the end of the recording.

Figure 6 shows expanded detail of the end of the flight. The west-to-east pass prior to the accident pass is shown commencing at about 1754:34 Satloc recorded time, followed by a course reversal at 1755:23 Satloc recorded time. The recorded data ended at 1756:38, on a west-to-east track towards the tower, ending prior to the tower.

Figure 7 shows a plot of recorded parameters around the end of the recording. The aircraft had just descended to about 200 feet prior to the end of the recording and was at a speed of about 120 mph.

Tabular data used to generate figures 3 through 7 are included as Attachment 1. This attachment is provided in electronic comma-delimited (.CSV) format.

ATC 000025

PreWil-01-02695

Figure 3. MapStar output of track and spray pattern.

CEN13LA463
Electronic Device Factual Report, Page 5 of 9

ATC 000026

PreWil-01-02696



Figure 4. Google Earth overlay of ground track for entire recording.

CEN13LA163
Electronic Device Factual Report, Page 6 of 9

ATC 000027



Figure 5. Google Earth overlay of ground track near radio tower of collision.

CEN13LA163
Electronic Device Factual Report, Page 7 of 9

ATC 000028

PreWil-01-02698



Figure 6. Google Earth overlay of end of recording.

Electronic Device Factual Report, Page 8 of 9

CEN13LA163

ATC 000029



Figure 7. Plot of parameters near the end of the recording.



THESE RECORDS MAY BE RELEASABLE UNDER THE FOIA REQUEST 15
DAYS AFTER SIGNATURE DATE UNLESS WE HEAR OTHERWISE FROM
FAA NTSB COUNSEL

U.S.Department
of Transportation

Mike Monroney
Aeronautical Center

P.O. Box 25082
Oklahoma City, Oklahoma  73125

**Federal Aviation
Administration**

Thursday, May 23, 2013

National Transportation Safety Board

4760 Oakland Street, Suite 500

Denver, CO  80239

ACCIDENT #  0071     INDIVIDUAL#: 001   NAME: PRECHT, WILLIAM W. JR.     MODE: AVIATION

DATE OF ACCIDENT   02/16/2013          DATE RECEIVED  04/26/2013         PUTREFACTION:  No

N # 4305D          NTSB # CEN13LA163     CAMI REF #   201300071001

LOCATION OF ACCIDENT   Jennings, LA

SPECIMENS     Bile, Blood (Aortic), Brain, Gastric, Heart, Kidney, Liver, Lung, Muscle, Spleen, Urine, Vitreous

### FINAL FORENSIC TOXICOLOGY FATAL ACCIDENT REPORT

CARBON MONOXIDE:  The carboxyhemoglobin (COHb) saturation is determined by spectrophotometry
with a 10% cut off and confirmed by chromatography.

>> NO CARBON MONOXIDE detected in Blood (Aortic)

CYANIDE:  The presence of cyanide is screened by Conway Diffusion, when the COHb level is equal to or
greater than 10% or upon special request.  Cyanides are quantitated by spectrophotometry and confirmed
by chromatography. The reporting cutoff for cyanide is 0.25 ug/mL.  Normal blood cyanide concentrations
are less than 0.15 ug/mL, while lethal concentrations are greater than 3 ug/mL.

>> NOT PERFORMED

VOLATILES:  The volatile concentrations are determined by headspace gas chromatography at a cut off of
10 mg/dL.  Where possible, positive ethanol values are confirmed by Radiative Energy Attenuation.

>> NO ETHANOL detected in Vitreous

DRUGS:  Specimens are analyzed using immunoassay, chromatography, GC/MS, HPLC/MS, or GC/FTIR.
Concentrations (ug/mL) at or above those in () can be determined for, but not limited to, the following
drugs: amphetamines (0.010), opiates (0.010), marihuana (0.001), cocaine (0.020), phencyclidine (0.002),
benzodiazepines (0.030), barbiturates (0.060), antidepressants (0.100), and antihistamines (0.020). Drugs
and/or their metabolites, that are not impairing or abused, may be reported from the initial tests.  See the
CAMI Drug Information Web Site for additional information (http://jag.cami.jccbi.gov/toxicology/).

>> 40.8 (ug/ml, ug/g) Salicylate detected in Urine

2013.05.29 08:44:02 -05'00'

Russell Lewis, Ph.D.
TC, FAA, Forensic Toxicology
Research Team CAMI

Page 1 of 1

ATC 000031

**PreWil-01-02701**