Case 2:14-cv-00743-PM-KK   Document 54-8   Filed 06/23/16   Page 1 of 17 PageID #:  615

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

DEBORA M. PRECHT, ET AL.

VERSUS

AMERICAN TOWER
CORPORATION, ET AL.

CIVIL ACTION NO. 14-CV-0743

JUDGE: MINALDI

MAGISTRATE JUDGE KAY

**AFFIDAVIT**

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF SUFFOLK

BEFORE ME, the undersigned Notary Public, personally came and appeared Paul J. Bergendahl II, who, after being duly sworn, did depose and say that:

1. My name is Paul J. Bergendahl II. I am at least 21 years of age, of sound mind, capable of making this Affidavit and fully competent to testify to the matters stated in the Affidavit. The matters stated in this Affidavit are true and correct and within my personal knowledge, experience, training, or expertise.

2. I am employed by AMERICAN TOWER CORPORATION as its Senior Paralegal. In this capacity, I am familiar with the above-captioned lawsuit and all relevant conveyances of the subject tower and the subject ground lease.

3. On or about November 28, 2010, Kreilow Farms, Inc., agreed to the assignment of the 2004 ground lease between Krielow Farms, Inc., as lessor, and Telcom Rentals, Inc., as lessee. A true and correct copy of the Agreement Regarding Ground Lease executed by Kreilow Farms, Inc., is attached hereto as Exhibit A.

4. On or about December 25, 2010, Telcom Rentals, Inc., assigned all of its right, title and interest in and to the 2004 ground lease to GTP Infrastructure, I, LLC. A true and correct copy of the Assignment and Assumption of Ground Lease is attached hereto as Exhibit B.

- 1 -



PreWil-01-00506

AFFIANT SAYETH FUTHER NOT.

PAUL J. BERGENDAHL II

SWORN TO AND SUBSCRIBED before me this 23rd day of May, 2014.

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF SUFFOLK

On this the 23rd day of May 2014, before me, Christine M. Brennan, the undersigned Notary Public, personally appeared Paul J. Bergendahl II, proved to me through satisfactory evidence of identity, in which he is personally known to me, to be the person whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily for its stated purpose, as Senior Paralegal, of American Tower Corporation, on behalf of the corporation.

CHRISTINE M. BRENNAN

Notary Public

Commonwealth of Massachusetts

Commission Expires:  July 10, 2020

CHRISTINE M. BRENNAN
Notary Public
Commonwealth of Massachusetts
My Commission Expires July 10, 2020

[seal]

PreWil-01-00507

Exhibit A

PreWil-01-00508

When Recorded Return To:
Lawyers Title Insurance Corp.\CLSS
7130 Glen Forest Drive, Suite 300
Richmond, VA 23226


Prepared By:
GTP Infrastructure I, LLC
1801 Clint Moore Road, Suite 110
Boca Raton, FL 33487


# AGREEMENT REGARDING GROUND LEASE


THIS AGREEMENT REGARDING GROUND LEASE (this "Agreement") is made as of November____, 2010, between the party identified as "Landlord" on the signature page hereof ("Landlord") and Global Tower, LLC, through one of its affiliates, subsidiaries and/or assigns (such entity, "Global Tower").


## RECITALS:


A.    Landlord and Telcom Rentals, Inc., a Louisiana corporation ("Existing Tenant") are parties to a certain Lease dated ___July 22, _____, _2004_____, (the "Lease"), covering certain real property more particularly described on Exhibit A attached hereto (the "Property");

B.    Pursuant to an Asset Purchase Agreement dated as of August 27, 2010, by and between the Existing Tenant and Global Tower, or one of its subsidiaries, affiliates or assigns, Global Tower has acquired or intends to acquire the Existing Tenant's interest in the Lease, and Global Tower requests that Landlord consent to (if required) and acknowledge the acquisition by the Global Tower of the Existing Tenant's interest in the Lease;

C.    Global Tower (or an affiliate of Global Tower) is issuing notes (the "Note") pursuant to an Indenture by and among The Bank of New York., as Indenture trustee (together with its successors and assigns, the "Indenture Trustee"), and the various note holders from time to time party thereto, that will be secured by a mortgage or other security instrument encumbering all of Global Tower's interest in the Lease.


{00375141;v1}

PreWil-01-00509

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged the parties hereto hereby agrees as follows:

1.      Landlord Consent. To the extent any such consent is required by the Lease, Landlord hereby consents to the acquisition by Global Tower, directly or indirectly, of Existing Tenant's interest in the Lease.

2.      Estoppel Certificate. Landlord certifies to Global Tower (and Leasehold Lender, as defined below, which Leasehold Lender may rely on such statements) that the following statements are true as of the date hereof:

(a)      Existing Tenant is the current tenant under the Lease (a full copy of which, including all amendments thereto is annexed as Exhibit B) and the Lease is in full force and effect and contains the entire agreement between Landlord and the Existing Tenant with respect to the Property.

(b)      No default exists under the Lease on the part of Existing Tenant, and, to Landlord's knowledge, no event or condition has occurred or exists which, with notice or the passage of time or both, would constitute a default by Existing Tenant under the Lease.

(c)      The Existing Tenant may use the tower and related improvements located on the Property for the subleasing / sublicensing of space for the collocation of communications equipment.

3.      Agreement with Respect to the Lease. Following the consummation of the acquisition of the Lease by Global Tower:

(a)      The Indenture Trustee and any other indenture trustee or any lender (each a "Leasehold Lender") under any note or loan secured by a mortgage (or deed of trust) lien on Global Tower's (or any successor to Global Tower by foreclosure or otherwise) interest in the Lease (each, as amended or modified from time to time, a "Leasehold Mortgage") shall have all of the rights of Global Tower under the Lease, including the right to exercise any renewal option(s) or purchase option(s) set forth in the Lease, and to assign the Lease as permitted in the Lease.

(b)      Landlord shall deliver to the Leasehold Lender (at the address specified herein, or at such other address as shall be designated in writing to Landlord) a copy of any default notice given by Landlord to Global Tower under the Lease. No default notice from Landlord to Global Tower shall be deemed effective as against Leasehold Lender unless received by Leasehold Lender.

(c)      If Global Tower defaults on any monetary obligations under the Lease, Landlord shall accept a cure thereof by the Leasehold Lender within thirty (30) days after Leasehold Lender's receipt of notice of such defaults. For non-monetary defaults, Landlord shall not terminate the Lease for so long as the Leasehold Lender is diligently pursuing a cure of the default; and if curing such non-monetary default requires possession of the Property, and then Landlord agrees to give the Leasehold Lender a reasonable time to obtain possession of the Property and to cure such default.

(d)      The Lease may not be amended in any respect which would be reasonably likely to have a material adverse effect on Leasehold Lender's interest therein or surrendered,

{00375141;v1}

PreWil-01-00510

terminated or cancelled, without the prior written consent of Leasehold Lender.

(e)     If the Lease is terminated for any reason, or otherwise rejected in bankruptcy, Landlord will enter into a new lease with Leasehold Lender on the same terms as the Lease, if the Leasehold Lender pays all past due amounts under the Lease within 30 days of notice of such termination.

4.     Memorandum of Lease. To the extent the Lease or a memorandum thereof has not previously been recorded, this Agreement shall constitute a "memorandum of lease" under applicable State law and may be recorded in the applicable public records, the provisions of the Lease (with certain financial terms redacted therefrom) being as set forth on Exhibit B annexed hereto and made a part hereof.

5.     Notices. All notices sent to Leasehold Lender shall be in writing and sent by United States mail postage prepaid or other reputable courier service at the following address (or at such other address notified in writing by Leasehold Lender to Landlord):

> The Bank of New York Mellon
> ABS Structured Finance Services
> 101 Barclay Street, Floor 4 West
> New York, New York 10286
> Attention: Alan V. Terezian
> Assistant Treasurer

> with a copy to

> Toronto Dominion (Texas) LLC
> 77 King Street West 18th Floor
> Toronto, Ontario Canada M5K 1A2

6.     Miscellaneous.

(a)     If this Agreement is inconsistent with the Lease, this Agreement shall control.

(b)     This Agreement shall be binding upon Landlord and its successors and assigns and shall inure to the benefit of Global Tower and Leasehold Lender.

(c)     This Agreement may not be amended or modified except by a written agreement executed by Landlord, Global Tower and the Leasehold Lender. This Agreement may be executed in any number of separate counterparts and all signatures need not be on the same counterpart.

[SIGNATURE PAGES IMMEDIATELY FOLLOW]

{00375141;v1}

PreWil-01-00511

## LANDLORD SIGNATURE PAGE

IN WITNESS WHEREOF, the undersigned, by its member, pursuant to proper authority of its operating agreement and/or bylaws, has duly executed, sealed, acknowledged and delivered this instrument as of the day and year first above written.

|  | ___Krielow Farms, Inc. by Lessors Chris and Yvonne Krielow___ a(n) _____ |
|--|---|
|  | By: _CC R._ <br> Name:  Chris Krielow <br> Title:  Lessor <br><br> By: _[signature]_ <br> Name:  Yvonne Krielow <br> Title:  Lessor |

STATE OF:   Louisiana

COUNTY OF:   Jeff Davis Parish

On the _29th_ day of _November_, in the year 2010, before me, the undersigned, personally appeared Chris and Yvonne Krielow___, of  Roanoke, LA_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, that by his/her signature on the instrument, the individual(s), or the person(s) upon behalf of which the individual(s) acted, executed the instrument and that such individual(s) made such appearance before the undersigned in the State of  Louisiana____, County of _Jeff Davis Parish_____.

_Dewana L. Young_
Notary Public
Print Name: _Dewana L. Young_
My Commission Expires:

```
DEWANA L. YOUNG
NOTARY PUBLIC #6352
PARISH OF CALCASIEU
STATE OF LOUISIANA
MY COMMISSION EXPIRES WITH LIFE
```

{00375141;v1}

PreWil-01-00512

GLOBAL TOWER SIGNATURE PAGE

IN WITNESS WHEREOF, the undersigned, by its duly elected officer(s), has duly executed, acknowledged and delivered this instrument as its true act and deed.

|  | **[GLOBAL TOWER, LLC]**<br>a Delaware limited liability company<br><br>By:_____<br>Name:<br>Title: |
|---|---|

STATE OF:

COUNTY OF:

On the ___ day of _____, in the year 2010, before me, the undersigned, personally appeared _____, of _____ LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument and that such individual made such appearance before the undersigned in the State of FLORIDA, County of PALM BEACH.

_____
Notary Public
Print Name: _____
My Commission Expires:

{00375141;v1}

PreWil-01-00513

<u>EXHIBIT A</u>
Property Description


**See attached**

{00375141;v1}

6

PreWil-01-00514

EXHIBIT B
Lease

See attached lease and amendment.

{00375141;v1}

7

PreWil-01-00515

# Exhibit B

PreWil-01-00516

Case 2:14-cv-00743-PM-KK Document 17-12 Filed 05/20/14 Page 12 of 61 PageID #: 196

656714

GTP Site ID: LA-5136
GTP Site Name: Krelow/Jennings

763

**When Recorded Return to:**
Lawyers Title Insurance Corp.\CLSS
7130 Glen Forest Drive, Suite 300
Richmond, VA 23226

**Prepared by:**
Global Tower, LLC
750 Park of Commerce Blvd., Suite 300
Boca Raton, FL 33487

656714

## ASSIGNMENT AND ASSUMPTION OF GROUND LEASE

THIS ASSIGNMENT AND ASSUMPTION OF GROUND LEASE (this "Assignment") is entered into as of December __, 2010, by and between TELCOM RENTALS, INC., a Louisiana corporation ("Assignor") and GTP Infrastructure I, LLC, a Delaware limited liability company ("Assignee").

## WITNESSETH

WHEREAS, Assignor and Global Tower, LLC ("Global") have entered into a Purchase and Sale Agreement dated August 27, 2010 (the "Purchase Agreement"; with capitalized terms used herein without definition having the meanings set forth therein), which provides for the purchase by Global from Assignor of the Tower Assets; and

WHEREAS, Global has assigned its interest in the Purchase Agreement to Assignee; and

WHEREAS, the Purchase Agreement requires that Assignor assign to Assignee all of Assignor's right, title, and interest as tenant in the real property lease described on Exhibit A (the "Lease").

NOW, THEREFORE, in consideration of the mutual agreements and covenants hereinafter and in the Purchase Agreement set forth, and good and other valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the parties hereto and in the Purchase Agreement and agree each with the other as follows:

1. Assignment of Lease. Assignor has bargained, assigned, transferred, sold and conveyed, and by these presents does hereby bargain, assign, transfer, sell and convey unto Assignee, its successors and assigns, all of the right, title, claims, and interests of Assignor as tenant in and under the Lease, effective as of the date of execution and delivery of this Assignment, TO HAVE AND TO HOLD the same unto the Assignee, its successors and assigns, for and during all the rest, residue and remainder of the terms of the Lease and any extensions or renewals thereof, all as set forth in the Lease, the provisions of which are by this reference thereto incorporated herein, all of Assignor's interest in (a) any rig GTP

MAY 23 2011
Scanned

{00418725;v1}

PreWil-01-00517

Case 2:14-cv-00743-PM-KK   Document 17-12   Filed 05/20/14   Page 13 of 61 PageID #: 297

GTP Site ID: LA-5136
GTP Site Name: Krelow/Jennings

764

way and easements from the Site to a public road; and (b) such other rights of way and/or easements, if any, to run guy wires to such point to properly support towers and install anchors to secure said guy wires.

2.    Acceptance and Assumption of Lease.  Assignee hereby accepts the assignment of the Lease and expressly assumes and covenants in favor of Assignor to discharge and perform, as and when due, all obligations of Assignor under the Lease accruing, arising out of, or relating to events or occurrences from and after the Closing Date.

3.    Purchase Agreement Controls.  Nothing in this Assignment shall be deemed to expand or diminish the scope of the rights of any party to the Purchase Agreement that are contained in the Purchase Agreement.  If there is conflict or an apparent conflict between the provisions of this Assignment and the provisions of the Purchase Agreement, the provisions of the Purchase Agreement shall control.

4.    Counterparts; Facsimile Signatures.  This Assignment may be executed in counterparts, each of which shall be deemed to be an original, but which together shall constitute one and the same instrument.  Facsimile signatures on this Assignment shall be deemed to be original signatures.

5.    Successors and Assigns.  This Assignment shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

6.    Further Assurances.  Assignor and Assignee agree that, from time to time, each of them will execute and deliver such further instruments of conveyance and transfer and take such other actions as may be reasonably necessary to carry out the purposes and intents of this Assignment and the transactions contemplated hereby.

*[Signature pages follow]*

{00413725;v1}

PreWil-01-00518

Case 2:14-cv-00743-PM-KK   Document 17-2   Filed 05/20/14   Page 14 of 61 PageID #: 198

765

GTP Site ID: LA-5136
GTP Site Name: Krelow/Jennings

*[Assignor Signature page to Assignment and Assumption of Ground Lease]*

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Assignment to be effective as of the date first above written:

Assignor:

TELCOM RENTALS, INC.

By:
Name:  Perry Vincent
Title:    President

STATE OF: Louisiana

COUNTY OF: Calcasieu

I, Edwin F. Hunter III , a Notary Public of Calcasieu County and State of Louisiana do hereby certify that Perry Vincent personally came before me and acknowledged that he is President of TELCOM RENTALS, INC., a Louisiana corporation and that as President, being authorized to do so, executed the foregoing instrument on behalf of said corporation.

Witness my hand and official stamp or seal this 18 day of December, 2010.

Notary Public
Print Name:  Edwin F. Hunter III
My Commission Expires: Death

[NOTARY SEAL]



EDWIN F. HUNTER III
ATTORNEY/NOTARY LA BAR ROLL NO. 029830
CALCASIEU PARISH, LOUISIANA
MY COMMISSION EXPIRES AT DEATH



E      TER III
ATTORNEY/N      AR ROLL NO. 029880
CALCASIEU PARISH, LOUISIANA
MY COMMISSION EXPIRES AT DEATH

{00418725;v1}

PreWil-01-00519

Case 2:14-cv-00743-PM-KK Document 17-2 Filed 05/07/14 Page 15 of 61 PageID #:199

766

GTP Site ID: LA-5136
GTP Site Name: Krelow/Jennings

*[Assignee Signature page to Assignment and Assumption of Ground Lease]*

Assignee:

GTP INFRASTRUCTURE I, LLC
a Delaware limited liability company

By: _____
Name:  Marc C. Ganzi
Title:  Chief Executive Officer

STATE OF: FLORIDA

COUNTY OF: PALM BEACH

I, the undersigned, a Notary Public of Palm Beach County and State of Florida, do hereby certify that Marc C. Ganzi personally came before me and acknowledged that he is Chief Executive Officer of GTP INFRASTRUCTURE I, LLC, a Delaware limited liability company, and that as Chief Executive Officer, being authorized to do so, executed the foregoing instrument on behalf of said limited liability company.

Witness my hand and official stamp or seal this 20th day of December, 2010.

NOTARY PUBLIC-STATE OF FLORIDA
Anushka Fromer
Commission #DD713973
Expires:  SEP. 11, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

Notary Public
Print Name:  Anushka Fromer
My Commission Expires: _____

[NOTARY SEAL]

{00418725;v1}

PreWil-01-00520

Case 2:14-cv-00743-PM-KK   Document 17-2   Filed 06/20/14   Page 16 of 67 PageID #: 1500

GTP Site ID: LA-5136
GTP Site Name: Krelow/Jennings

767

**EXHIBIT A**

Site Number:            LA-5136
Site Name:              Krelow/Jennings
Landlord Name:          Krielow Farms, Inc.
Original Tenant Name:   Telcom Retals, Inc.
Current Tenant:         Telcom Rentals, Inc.
Lease Exe Date:         8/9/2004
Recording information for Lease:

Ground Lease Description:    See EXHIBIT A-1

{00418725;v1}

PreWil-01-00521

Case 2:14-cv-00743-PM-KK   Document 17-2   Filed 05/20/14   Page 16 of 67 PageID #:1601

●                                            ●

768                                        GTP Site ID: LA-5136
                                           GTP Site Name: Krelow/Jennings

### EXHIBIT A-1

Legal Description

A Leasehold Estates, said leasehold being a portion of the following described parcel:

The following described property situated in the Parish of Jefferson Davis State of Louisiana, together with all the buildings, improvements, appurtenances and privileges thereon and thereto belonging, or in anywise appertaining, to-wit:

N/2 of Section 36, Township 9 South, Range 4 West; W/2 of W/2 of Section 29, Township 10 South, Range 3 West; S/2 of Section 30, Township 10 South, Range 3 West; SE/4 of NE/4 of Section 30, Township 10 South, Range 3 West; S/2 of Section 21, Township 8 South, Range 5 West; and his 1/4 interest in NW/4; N/2 of SW/4; SE/4 of SW/4 of Section 12, Township 10 South, Range 3 West, La. Mer., LESS AND EXCEPT all that part of the NE/4 of NW/4 of Section 12, Township 10 South, Range 3 West, La. Mer., lying north and east of the right-of-way of U. S. Highway No. 90.

AND BEING the same property conveyed to Krielow Farms, Inc., a Louisiana corporation from Edwin J. Krielow, married to and abiding with his first and only wife, Maxine Bish by Private Act of Sale dated May 09, 1972 and recorded July 19, 1972 in Deed Book 369, Page 530.

Tax Parcel Nos. 02 00259650, 12 00006959

{00418725;v1}

PreWil-01-00522