UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBORA M. PRECHT, ET AL | CIVIL ACTION NO. 14-CV-0743 |
| VERSUS | JUDGE: MINALDI |
| AMERICAN TOWER CORPORATION, ET AL | MAGISTRATE JUDGE: KAY |

**PLAINTIFFS' REPLY TO AMERICAN TOWER CORPORATION'S
RESPONSE TO MOTION TO COMPEL DISCOVERY**

The plaintiffs, Debora M. Precht, William Precht, III, and Lauren Precht Thompson (collectively, the "Plaintiffs") respectfully reply to the American Tower Corporation's ("ATC") Response [Doc. 64] to the Plaintiffs' Motion to compel Discovery and Motion for Costs and Attorneys' Fees [Doc. 58]. In its response, ATC mischaracterize the Plaintiffs' claims and contentions and further relies on inapposite law.

ATC's disingenuously argues to this Court that the Plaintiffs' discovery, in its entirety, is irrelevant. However, ATC's arguments are completely misplaced and hold no merit. This Court and all parties are well aware of the very broad scope of discovery provided by Fed. R. Civ. P. 26(b)(1) – ". . . any nonprivileged matter that is relevant to any party's claim or defense . . . . <u>Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence</u>." (emphasis added). Further, the rules of discovery are to be given broad construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979).

Here, contrary to ATC's argument, the relevancy of the Plaintiffs' discovery is readily apparent and obvious. For instance, Plaintiffs' discovery specifically requests documents evidencing the transfer of any of the GTP defendants to ATC as well as transfer of the tower at

1

issue to ATC.  Any contract related to the alleged transfer ownership of the tower or acquisition of any GTP defendant would likely state whether ATC is the successor in liability to its predecessor.  In its response, ATC even admits ownership of the tower is a fact in dispute. [Document 64 at p. 3]. Yet, ATC has produced nothing.  Furthermore, the Plaintiffs' *Opposition to ATC's Motion for Summary Judgment* expressly identifies the 18 factors of the Single Business Enterprise theory and the corresponding discovery deficiencies.

It is also worth noting that Michael McCormack, who testified to this Court that ATC has an "indirect, remote interest in" the GTP defendants [Document 52-9], also provided responses to discovery propounded by Plaintiffs to the GTP defendants. [Exhibit A and Exhibit B, Answer No. 1].[1]  In his affidavit, Mr. McCormack testifies that he is the "Senior Vice President – Legal for American Tower Corporation." [Exhibit A].  In the GTP defendants' discovery responses, his employment position is described only as "Senior Vice President" with a Florida address. [Exhibit B, Answer 1(b)]. Yet interestingly, Mr. McCormack's affidavit testimony was given in Massachusetts before a Massachusetts notary public, which makes since as ATC is headquartered in Massachusetts. [Exhibit A].  Moreover, Mr. McCormack testified that on February 15, 2013, ATC did not have any interest in the tower or the land on which the tower is located. [Exhibit A, Para. 5].  However, discovery Answer to Interrogatory No. 29, as provided by Mr. McCormack, unambiguously indicates ATC has had the "authority to manage and/or direct operations of the tower at issue in the litigation on February 15, 2013 through the present." [Exhibit B].

Moreover, when asked for documentation related to checking accounts of the GTP defendants, the pertinent part of the response of the GTP defendants, as provided by Mr.

---

[1] Mr. McCormack's affidavit, which was attached to ATC's Memorandum In Support of Summary Judgment, is attached hereto as Exhibit A.  Responses to Plaintiffs' discovery to the GTP defendants are attached hereto as Exhibit B.

McCormack, is "GTP has not owned or operated this tower for the last 48 months. Therefore, this request would need to be directed to ATC." [Exhibit B, Response to Production No. 12]. Clearly, there are many facts about ATC and its historical relationship to the GTP defendants, its authority to control those entities, as well as its authority to manage the tower and tower site. Thus, the Plaintiffs' discovery is highly relevant to multiple legal theories under which ATC could be liable.

Accordingly, ATC bears the burden of proving why the Plaintiffs' discovery "should not be permitted." *Billips v. NC Benco Steel, Inc.*, 5:10-CV-095-RLV-DCK, 2011 WL 4005933, at *1 (W.D.N.C. Sept. 8, 2011). However, it has failed to carry its burden. Rather, ATC's response attempts to misguide this Court by mischaracterizing the Plaintiffs' petition as lacking claims to which the discovery relates. ATC argues that the Plaintiffs have not made claims of alter ego, single business enterprise, or successor in liability. What ATC refuses to acknowledge is those are theories of liability, not claims. Plaintiffs need not identify each and every theory of liability it may pursue against ATC. Rather, the Plaintiffs' petition need only to contain a "short plain statement of the claim" that gives ATC "fair notice of" the nature of the Plaintiffs' claims. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 127 S.Ct 1955, 1964 (2007). Here, Plaintiffs have made a wrongful death claim, of which ATC was sufficiently noticed by the Plaintiffs' petition pursuant to Fed. R. Civ. P. 8(a)(2). Simply stated, Plaintiffs complied with federal pleading requirements by putting ATC on notice of the nature of the claim made against it, a tort claim for the wrongful death of Mr. Precht.

Although the Plaintiffs maintain their petition for damages is sufficient, in order to eliminate doubt of any party or the Court, Plaintiffs have sought to amend their petition to identify those legal theories of liability. [Document 59]. While the Court has not yet ruled on

whether it will allow the Plaintiffs proposed amended petition, it has continued ATC Motion for Summary Judgment in which ATC made identical arguments about the Plaintiffs' petition. [Document 63].  In order to adequately address ATC's Motion for Summary Judgment, ATC's responses to Plaintiffs' discovery request must be provided.

In sum, Plaintiffs have easily established the relevance of the discovery propounded to ATC.  The burden shifts to ATC to prove the requested discovery is irrelevant.  However, ATC has not and cannot carry its burden.  Plaintiffs' discovery is directly related to, among other things, legal theories under which ATC may be liable for the wrongful death of Mr. Precht. Plaintiffs respectfully request this Court to order ATC to provide responsive answers to each of the Plaintiffs discovery requests.

Respectfully submitted,

BLOCK LAW FIRM, APLC
422 East First Street
Post Office Box 108
Thibodaux, Louisiana 70302
(985) 446-0418 *Phone*
(985) 446-0422 *Facsimile*

/s/ Kendall J. Krielow
KENDALL J. KRIELOW #34625
JERALD P. BLOCK, #3151

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2016, a copy of the foregoing has been electronically filed by using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing.

/s/Kendall J. Krielow
KENDALL J. KRIELOW

4