UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DEBORA M. PRECHT, ET AL | ✻ | DOCKET NO: 2:14-CV-0743 |
| | ✻ | |
| VERSUS | ✻ | JUDGE MINALDI |
| | ✻ | |
| GLOBAL TOWER, LLC, ET AL | ✻ | MAGISTRATE JUDGE KAY |
| | ✻ | |

✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻ ✻

**ANSWERS TO INTERROGATORIES AND RESPONSES
TO REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:    Debora M. Precht, Lauren Precht, Thompson,
and William Precht, III
Through their attorney of record,
Kendall J. Krielow
P. O. Box 108
Thibodaux, LA 70302

NOW INTO COURT, through undersigned counsel, come defendants, Global Tower,

LLC, GTP Infrastructure I, LLC and GTP Investments, LLC (collectively "GTP"), who in

answer to the interrogatories and response to the request for production of documents

propounded by plaintiffs, respectfully represent:

**INTERROGATORY NO. 1:**

State the full name, address, telephone number, email address, employer, and
employment position of the person(s) answering these interrogatories and/or the person(s)
providing information for said answers.

**ANSWER TO INTERROGATORY NO. 1:**

    a)  John E. Unsworth, III;



EXHIBIT
B

PreWil-01-03072

b)  Michael McCormack, Senior Vice President, 750 Park of Commerce Blvd., Boca

Raton, FL 33487, 561-995-0320.

## INTERROGATORY NO. 2:

With reference to the incident as alleged in the original petition, please state how, when and where you were first notified and by whom, including his or her name, address and telephone number.

## ANSWER TO INTERROGATORY NO. 2:

It is unknown how, when and where GTP was first notified about the alleged incident

herein.  Without waiving the foregoing objections, upon information and belief, GTP learned

about the incident after issue of service of the lawsuits filed in Jefferson Davis Parish.  GTP

reserves the right to supplement this response as discovery is in its initial stages.

## INTERROGATORY NO. 3:

Name each and every person, giving each person's job title, business address and telephone number who, to your knowledge, participated in any type of investigation in connection with the incident as alleged in the original petition, stating with specificity, the participation of each person and the dates upon which said participation took place.

## ANSWER TO INTERROGATORY NO. 3:

GTP objects to this interrogatory to the extent it seeks to require provided information

that is not within its possession, custody or control, that is equally available to the plaintiffs, or

that requires disclosure of attorney-client privilege communications, information protected by

the work-product doctrine, or requires disclosures of counsel's mental impressions.  GTP also

objects to this interrogatory to the extent it seeks the identification of consulting and/or testifying

experts prior to the deadlines established in the court's scheduling order.  Subject to and without

waiving the foregoing objections, GTP identifies the following persons who may have

information and investigated the incident at issue:

2

PreWil-01-03073

a) Deputy Eric Belton, Jefferson Davis Parish Sheriff's Department - Initial responding
   agency after accident;

b) Stuart E. Bothwell, National Transportation Safety Board Denver, Colorado - NTSB
   Investigator-in-Charge;

c) Keith Kibodeaux, Federal Aviation Administration Baton Rouge, LA - Participated in
   accident investigation.

d) Bill Tuccio, National Transportation Safety Board Vehicle Recorder Division
   Washington, DC 20594 - Prepared NTSB Specialist's Electronic Device Factual
   Report.

## INTERROGATORY NO. 4:

Please state the results of said investigation(s), which have been made available to you as
a defendant, whether the investigation was made initially on your behalf or not.

## ANSWER TO INTERROGATORY NO. 4:

Please refer to investigative reports prepared by Jefferson Davis Parish Sheriff's

Department, NTSB, and FAA.

## INTERROGATORY NO. 5:

Please state whether or not any reports regarding the incident, which is the subject of this
litigation, were completed, including the location of the report presently, a description of the
report, and the date on which it was completed.

## ANSWER TO INTERROGATORY NO. 5:

Please see objections and responses to Interrogatory Nos. 3 and 4.

## INTERROGATORY NO. 6:

Give the names and addresses of the last known employer(s), social security number, and
name and address of persons having knowledge of relevant facts who may reasonably be called
as witnesses, the subject matter on which they are or could be reasonably expected to testify, and
the substance of their testimony. If your answer to this interrogatory indicates that the inquiry is

3

PreWil-01-03074

premature, please list each and every witness whom you currently intend to call at the trial of this matter.

**ANSWER TO INTERROGATORY NO. 6:**

GTP objects to Interrogatory Number 6 to the extent it seeks the mental impressions of counsel. GTP further objects to the extent that Interrogatory Number 6 requests any Social Security number. GTP also objects to Interrogatory Number 6 to the extent it seeks to require GTP to identify consulting or testifying experts prior to the deadline established in the court's scheduling order. Subject to and without waiver of the foregoing, GTP identifies the following persons who may be called to testify as lay witnesses:

a) Deputy Eric Belton and/or other representatives of the Jefferson Davis Parish Sheriff's Department;

b) Stuart E. Bothwell and/or other representatives of the National Transportation Safety Board, Denver, Colorado;

c) Keith Kibodeaux and/or other representatives of the Federal Aviation Administration, Baton Rouge, Louisiana;

d) Bill Tuccio and/or other representatives of the National Transportation Safety Board Vehicle Recorder Division, Washington, DC 20594;

e) Deborah Precht;

f) Carl Krielow;

g) Dwayne Bebee;

h) Liam Stewart, former Senior Vice President – Treasury & Planning, Global Tower Partners, 750 Park of Commerce Blvd., Suite 300, Boca Raton, FL 33487-3612;

i) Bernard A. Borghei, former Senior Vice President of Operations, Global Tower Partners, 750 Park of Commerce Blvd., Suite 300, Boca Raton, FL 33487-3612, who

4

PreWil-01-03075

can be contacted through undersigned counsel as a former employee of the defendants

sued as a result of the incident made subject matter of this jurisdiction are still

considered attorney-client privileged information and/or under Louisiana law;

j) A representative of Global Tower, LLC;

k) An accident reconstructionist expert to be named at a later date;

l) An aviation expert to be named at a later date;

m) All persons discussed and listed in NTSB document number CEN13LA163 including

but not limited to all those investigators from the NTSB;

n) Those who conducted the NTSB toxicologist report;

o) Those who conducted the NTSB pilot operator;

p) Aircraft accident report;

q) Those who conducted a radio tower inspection report;

r) A representative of Riceland Aviation;

s) A representative of Krielow Farms;

t) Any witness necessary to authenticate any document or exhibit;

u) Any witness necessary for impeachment or rebuttal.

GTP reserves the right to supplement and/or amend this response.

### INTERROGATORY NO. 7:

Have you or anyone representing you or acting on your behalf taken any statement, whether recorded, typed, written, or oral, from any persons having knowledge of facts involved in this suit? If so, list the names and addresses of all persons interviewed and also state by whom they were interviewed and whether the statement was recorded, typed, written or oral. If you have a written or recorded statement of any plaintiff, please attach a copy of same to your answers to these interrogatories.

5

PreWil-01-03076

**ANSWER TO INTERROGATORY NO. 7:**

GTP objects to the extent this interrogatory seeks information protected by the work-product doctrine, requires GTP to disclose the mental impressions of counsel, or seeks information that was created in anticipation of litigation. Without waiving any objection, GTP has not taken any statement relative to this suit.

**INTERROGATORY NO. 8:**

Please state whether any photographs or videos taken by you or on your behalf at the scene of the accident.

**ANSWER TO INTERROGATORY NO. 8:**

None. Upon information and belief, all photographs relative to the incident were either taken by Jefferson Davis Parish Sheriff's Office, the NTSB investigators under the NTSB document no. CEN13LA163 which is a matter of public record and/or representatives of Riceland Aviation. No photographs were taken by GTP entities.

**INTERROGATORY NO. 9:**

Please list and identify each and every exhibit, which you may seek to use at the trial of this matter. If your answer to this interrogatory indicates that this inquiry is premature, please list each and every exhibit, which you currently intend to introduce at the trial of this matter.

**ANSWER TO INTERROGATORY NO. 9:**

GTP does not know each and every exhibit it may seek to use at the trial of this matter as discovery is still in its initial stages. However, GTP anticipates that the potential exhibits could include the follow:

    a) All pleadings;

    b) Any and all depositions and attachments thereto;

    c) Any and all discovery requests and responses to discovery of any party in this matter;

PreWil-01-03077

d) Any and all documents listed within the NTSB document no. CEN13LA163 including but not limited to NTSB photos; NTSB toxicologist report; a map of the accident area and tower; pilot operator aircraft accident report; radio tower inspection reports; specialists factual support; and the NTSB pilot operator aircraft accident/incident report;

e) Any and all documents obtained from the manufacturer of the PZL-MIELEC model no. M-18A;

f) Any and all documents obtained from any and all subpoenas including but not limited to Riceland Aviation, Inc.;

g) Any and all reports, data, diagrams, models, treatises, or any other material or document utilized by any witness including but not limited to expert witnesses in connection with their testimony and/or reports;

h) Any and all exhibits necessary for impeachment or rebuttal;

i) Any and all relative local news videos and/or articles;

j) Any and all information from Flash Technologies that performs real time monitoring for the tower at issue located in Franklin, Tennessee which upon information and belief monitors the lighting system of the tower and if it goes off it immediately notifies the owner of the tower and immediately notifies the FAA and the FAA then sends warnings to all local state and federal radio bulletins to all aircraft immediately in the area;

k) Any and all information from the National Agriculture Aviation Association;

l) Any and all information gathered from the Satlock data recovered from the accident airplane depicted in the airplane flown by Mr. Precht at the time of the incident;

PreWil-01-03078

m) Any and all information from the NTSB about Mr. Precht's experience in aviation including but not limited to crop dusting aviation and more specifically documents that reveal that Mr. Precht had logged 19,325 hours of flight experience; 10,627 hours were in the make and model of the accident airplane; that he had attended the Professional Arial Applicator Support System (PAASS) training provided by the National Agriculture Aviation Association 2013; that he also held a chemical applicators license as required by the State of Louisiana; that the information and documents regarding the registration of the airplane to Riceland Aviation, Inc. and was maintained under an annual inspection program and said maintenance;

n) Riceland Aviation's maintenance records indicating 100 hour inspection had been completed on October 11, 2012 at an airframe total time of 6,999 hours;

o) Any and all documents revealing Mr. Precht's familiarity with this particular tower and/or area;

p) Any and all meteorological information regarding the weather conditions up to and at the time of the accident;

q) Any and all medical and pathological information obtained;

r) Any and all lease information for the land upon which the tower is located;

s) Any and all sales agreements between GTP entities and ATC;

t) Any and all correspondence between Krielow Farms and owner(s) of the tower;

u) Any and all deposition transcripts and exhibits attached thereto;

v) Any and all exhibits listed by any other party; and

w) Any and all exhibits learned of between now and the time of trial.

GTP reserves the right to supplement and/or amend this response.

PreWil-01-03079

**INTERROGATORY NO. 10:**

Please list the full name, address, occupation and phone number of each and every witness you will call or may call at the trial on the merits, stating whether he/she is a fact witness or will be sought to be qualified as an expert, and the substance of his/her testimony.

**ANSWER TO INTERROGATORY NO. 10:**

GTP does not know each and every person it may call at the time of trial as discovery is

in its initial stages.  However, it may call those people listed in Answer to Interrogatory No. 6

and/or those that are needed to authenticate documents in Answer to Interrogatory No. 9.

**INTERROGATORY NO. 11:**

Please provide the full name, telephone number, employment address, employment description, and email address of any and all persons employed by a named GTP entities or any other entity controlled, managed, or operated by the same person(s) controlling, managing, or operating any of the named GTP entities for the purpose of ensuring and managing compliance with regulations related equipping towers and guy wires with conspicuity enhancing fixtures and markings.

**ANSWER TO INTERROGATORY NO. 11:**

GTP objects to this interrogatory as overly broad, unduly burdensome, vague and

ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Moreover, it seeks information that may be subject to a

legal conclusion.  Subject to this objection, upon information and belief and in reviewing the

NTSB investigative report, this particular tower at issue in this matter met all federal regulations

effective at the time of the incident as it was a tower under 500 ft.

**INTERROGATORY NO. 12:**

Please provide the full name, telephone number, employment address, employment description, and email address of the employee(s) of the named GTP entities or any other entity controlled, managed, or operated by the same person(s) controlling, managing, or operating any of the named GTP entities who, on February 15, 2013, managed the tower at issue in this litigation and/or who was responsible for ensuring the tower and its guy wires were equipped

PreWil-01-03080

with conspicuity enhancing fixtures and/or markings as required by federal, state, and/or local law.

## ANSWER TO INTERROGATORY NO. 12:

GTP objects to this interrogatory as overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information. Subject to this objection, see Answer to Interrogatory No. 11.

## INTERROGATORY NO. 13:

Please provide the date, location, description of any and all aircraft accidents involving towers and appurtenances, including guy wires, owned, operated, or managed by a named GTP entities or any other entity controlled, managed, operated by the same person(s) controlling, managing, or operating any of the named GTP entities.

## ANSWER TO INTERROGATORY NO. 13:

GTP objects to this interrogatory as overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information. However, in the spirit of cooperation, none.

## INTERROGATORY NO. 14:

Please describe with specificity whether and in what manner any of the named GTP entities complied or attempted to comply Jefferson Davis Parish Police Jury Ordinance Section 5.5-107(e) & (g).

## ANSWER TO INTERROGATORY NO. 14:

GTP objects to this interrogatory as it calls for a legal conclusion as it seeks to determine whether or not there was a statutory violation under a local ordinance as Louisiana law does not recognize a cause of action for negligence per se. Moreover, pursuant to the NTSB this particular tower met all FAA guidelines as it was subject to towers that are under 500 ft. At the time of the incident this tower was 480 ft., and it met all federal guidelines which preempts any and all local and state ordinances. Moreover, the parish ordinances under Section 5.5-116

PreWil-01-03081

entitled Non-Conforming Uses subsection A "the lawful use of any communication tower existing, at the time of the enactment of this article, may be continued," cited by plaintiffs in Interrogatory No. 14 was enacted on May 24, 2000. Upon information and belief the tower was constructed in either 1986 or 1987. See Exhibit 2 (affidavit of Perry Vincent) at ¶ 13 attached to Telecomm Rental, Inc.'s memorandum in opposition to plaintiff's motion to remand (Rec. Doc. 17) filed with the Honorable Court on or about May 27, 2014. At issue in this case is marked in accordance with guidelines outlined in the FAA Advisory Circular 70/7460-1K and the requirements found in the Federal Communications Commission Regulations 47 CFR § 17.21-17.50 as the conclusion of the NTSB. As a result, the tower met all federal guidelines which preempt the local ordinances.

<u>INTERROGATORY NO. 15:</u>

Please describe all towers secured by guy wires owned by each of the named GTP entities from each entity's inception through the present.

     a. Which of those towers have fixtures or markings on the guy wires, including but not limited to tana wire markers, spherical markers, or high-visibility sleeves, for increasing the conspicuity of the guy wires?

     b. For each tower with guy wire conspicuity enhancing fixtures and markings, why were the markings installed?

     c. Please provide the physical location of each tower with guy wire conspicuity enhancing fixtures and markings.

<u>ANSWER TO INTERROGATORY NO. 15:</u>

GTP objects to this interrogatory as overly broad, vague and ambiguous and not calculated to lead to discovery information and/or relevant information. In the spirit of cooperation, there is information that GTP approximately sold and/or ATC acquired 5,400 towers in the United States alone.

PreWil-01-03082

INTERROGATORY NO. 16:

Is any of the named GTP entities an alter ego of one another or an alter ego of another entity including but not limited to American Tower Corporation or any entity operated, managed, or controlled by it?  If so, please identify the name and address of each alter ego.  If the answer is in the negative, then:

a.  Does any named GTP entity share any common officer, director, manager, or member with any other named GTP entity or with American Tower Corporation or any entity operated, managed or controlled by American Tower Corporation?

b.  Does any named GTP entities share a common checking account with any other named GTP entity or with American Tower Corporation or any entity operated, managed, or controlled by American Tower Corporation?

c.  Does each of the named GTP entities maintain sufficient capitalization?

ANSWER TO INTERROGATORY NO. 16:

GTP objects to Interrogatory No. 16 as it is overly broad, unduly burdensome, vague and ambiguous, and requests information that is not relevant nor reasonably calculated to lead to discoverable information.  Moreover, upon information and belief, the current possible officers of GTP were not the officers at the time of the incident.  GTP directs plaintiff's counsel to the Security Purchase and Merger Agreement on public record between American Tower Investments and/or GTP entities.  Upon information and belief the Security Purchase and Merger Agreement is of public record and filed with the Security & Exchange Commission in Washington, DC, Commission File No. 001-14195.

INTERROGATORY NO. 17:

If the response to Interrogatory No. 16 (a) is in the affirmative, please identify any such officer, director, manager, or member.

ANSWER TO INTERROGATORY NO. 17:

Please see response to Interrogatory No. 16.

PreWil-01-03083

**INTERROGATORY NO. 18:**

Please provide the full name, address, telephone number, email address, and tenure of every owner, officer, director, member, and manager of the named GTP entities from each entity's inception through the present.

**ANSWER TO INTERROGATORY NO. 18:**

Please see response to Interrogatory No. 16. However, in the spirit of cooperation, upon information and belief, former owners, directors, etc. of the GTP entities at the time of the incident include but are not limited to those already named in previous answers to discovery including Liam Stewart, Bernard Borghei, Ron Ruben, Timothy Culver, Marc C. Ganzi, Alex Gellman, Dagan Kasavana, Michael Belski, Mark Serwinowski, James Rech, Jose Sola, Lisa Alperta, Karl Kuchel, Martijn Verwoest, Chris Leslie, said addresses and phone numbers are unavailable to undersigned counsel and said information should be directed to counsel for American Tower Corporation. Moreover, GTP also objects to this interrogatory to the extent that it is inadmissible post-judgment discovery. Moreover, it seeks information that may be privileged and/or in violation of banking laws and seeking information that is confidential including but not limited to trademark information.

**INTERROGATORY NO. 19:**

If the response to Interrogatory No. 16 (b) or (c) is in the affirmative, please identify the financial institutions with which each of the named GTP entities maintains one or more financial accounts, and please provide the name and type of account for each.

**ANSWER TO INTERROGATORY NO. 19:**

GTP objects to Interrogatory No. 19 in its entirety and adopts those objections in Answer to Interrogatory No. 18 as if fully set forth in the response to this interrogatory.

13

PreWil-01-03084

**INTERROGATORY NO. 20:**

Please state the location where the bookkeeping is performed and financial records are maintained for each and of the named GTP entities.

**ANSWER TO INTERROGATORY NO. 20:**

GTP objects to this interrogatory as overly broad, vague and unduly burdensome and ambiguous and it requests information that is neither relevant nor reasonably calculated to lead to discovery of admissible information.  Moreover, that information being sought is considered and/or part of trademark secrets, confidential financial statements, etc.  They are no subject to public record.  However, subject to this objection, upon information and belief, Liam Stewart was the Senior Vice President of the Treasury & Planning for Global Tower Partners at the time of this incident who may or may not still be working for the company in Boca Raton.

**INTERROGATORY NO. 21:**

Please identify the person(s) responsible for bookkeeping and financial recordkeeping for each of the named GTP entities.  Please give the full name, address, telephone number, email address, employer, and employment position for each person identified.

**ANSWER TO INTERROGATORY NO. 21:**

See Answer to Interrogatory No. 20.

**INTERROGATORY NO. 22:**

Please state whether funds belonging to any of the named GTP entities are commingled with any other entity or person.  Please provide the date, amount, and full name of entity or person with whom the funds were commingled.

**ANSWER TO INTERROGATORY NO. 22:**

Please see all objections to Interrogatory Nos. 18, 10, 20, and 21.  Moreover, commingled has not been clearly defined as it relates to this matter.

14

PreWil-01-03085

INTERROGATORY NO. 23:

Please provide the number of persons employed by each named GTP entity at the end of the previous five years.

ANSWER TO INTERROGATORY NO. 23:

GTP objects to this interrogatory as overly broad, unduly burdensome, vague and ambiguous. To that extent, upon information and belief, please see those known former employees of GTP previously cited in interrogatories.

INTERROGATORY NO. 24:

Please give the date, location, and attendees of all officer, manager, director, and/or shareholder meetings for each named GTP entity in the previous five years.

ANSWER TO INTERROGATORY NO. 24:

Said defendants do not know the date, location, and attendees of all officers, managers, directors, and shareholder meetings for each named GTP entity in the previous five years and said interrogatory is not relevant or calculated to lead to discoverable information. Upon information and belief, said information may or may not be located in Boca Raton, Florida. However, undersigned counsel is not aware of any such documents.

INTERROGATORY NO. 25:

Please identify any person(s) or entity(ies) other than its original organizer(s) or incorporator(s) that have acquired any stock, ownership, and or tower assets of any of the named GTP entities. Please provide the date and terms of any acquisition.

ANSWER TO INTERROGATORY NO. 25:

GTP objects to this interrogatory as overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to discover of admissible evidence. However, in the spirit of cooperation, please see the responses to all prior interrogatories naming people that may or may not be persons vested with any sort of

PreWil-01-03086

stock ownership. Upon information and belief, American Tower Corporation acquired GTP entities. However, there are numerous stock owners who are attached to the agreements that may or may not have had stock ownership interests in either GTP, the management company, or prior to any and all acquisitions of American Tower Corporation. Plaintiff should obtain the SEC document that is of public record.

## INTERROGATORY NO. 26:

Please identify the person(s) vested with the responsibility and authority to decide whether any of the named GTP entities or any communication tower owned by a named GTP entity was to be sold to, merged with, and/or acquired by another person or entity.

## ANSWER TO INTERROGATORY NO. 26:

GTP objects to Interrogatory No. 26 as overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, it seeks a legal conclusion that is not permissible in discovery. However, in the spirit of cooperation, upon information and belief, that name or names would be contained within the SEC agreements and/or amendments that are of public record and referred to in the previous responses to discovery for plaintiff to obtain.

## INTERROGATORY NO. 27:

Please state by whom the tower at issue in this litigation was owned on February 15, 2013. IF ownership has been transferred since that date, please provide the full name, address, and telephone number of the transferee(s).

## ANSWER TO INTERROGATORY NO. 27:

GTP objects to this interrogatory as it calls for a legal conclusion. Upon information and belief, ownership of the tower was transferred to American Tower Corporation, co-defendant herein.

16

PreWil-01-03087

INTERROGATORY NO. 28:

Please identify the current owner(s) of the tower at issue in this litigation, giving the full name, address, and telephone number of each current owner(s).

ANSWER TO INTERROGATORY NO. 28:

Upon information and belief, the current owner of the tower at issue is American Tower Corporation, co-defendant herein.

INTERROGATORY NO. 29:

Please give the full name, address, and telephone number of any person or entity that has had any responsibility or authority to manage and/or direct operations of the tower at issue in this litigation on February 15, 2013 through the present.

ANSWER TO INTERROGATORY NO. 29:

GTP objects to this interrogatory as overly broad, vague and ambiguous, and not calculated to lead to discoverable information. Moreover, it seeks a legal conclusion as it asks for "responsibility or authority." However, in the spirit of cooperation, upon information and belief, American Tower Corporation.

REQUEST FOR PRODUCTION NO. 1:

A copy of any and all reports pertaining to the incident sued on herein.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Please see the reports prepared by Jefferson Davis Parish Sheriff's Department and the NTSB and all documents attached thereto under the NTSB docket which are public record.

REQUEST FOR PRODUCTION NO. 2:

A copy of any and all statements of any report given by any witness or any other person who may have knowledge or relevant facts, including such persons identified in answers to Interrogatories propounded herein.

PreWil-01-03088

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

GTP is unaware of any statements of any other reports other than those listed and referenced in Response to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 3:

A copy of each and every policy of primary and umbrella or excess insurance, certificate of insurance, or other insurance documentation setting forth each type of insurance which affords coverage for the liability of the nature asserted herein by plaintiffs, against defendant herein.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

GTP objects to this request as it is irrelevant and seeks inadmissible information that cannot be published in front of a federal jury.  However, upon information and belief, Continental Insurance Company issued a policy of insurance to GTP Investments, LLC. Moreover, Continental Casualty Company issued an umbrella policy and upon information and belief an excess policy was issued by Fireman's Fund and/or American Insurance Company. Said policies of insurance have been requested and will be forwarded upon receipt.  However, undersigned counsel is not in possession of any Fireman's Fund information and that information may have to be sought through subpoenas through agents for service of process for Fireman's Fund.

REQUEST FOR PRODUCTION NO. 4:

A copy of any and all photographs, slides, motion picture, videos, etc., which may be relevant to any issue in this proceeding.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

GTP objects to this request as overly broad, vague and ambiguous.  GTP does not have each and every photograph, slide, motion picture, video, etc. which may be relevant to any issue in this proceeding as discovery is still in its initial stages.  Upon information and belief, the

18

PreWil-01-03089

NTSB took extensive photographs that were part of its public record under its docket no. NTSB

CEN 13LA163. Moreover, upon information and belief, this includes but is not limited to

photographs of the satlock data recovered from the accident airplane depicting the airplane had

mad multiple passes, consistent with spray passes within the vicinity of the tower. Upon

information and belief, KBLC news performed a video tape of the scene on the night of the

incident and the following day but, GTP is not in possession of said video.

### REQUEST FOR PRODUCTION NO. 5:

Curriculum vitae for any person and all person who may be sought to be used as expert witnesses herein.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

GTP objects to this request to the extent that it requires to produce documents sooner

than the Court's scheduling order. GTP will disclose any and all experts in accordance with the

Court's scheduling order including but not limited to all curriculum vitae as well as any and all

reports.

### REQUEST FOR PRODUCTION NO. 6:

A copy of any and all reports rendered by any person who may be sought to be used as an expert witness herein.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Please see Response to Request for Production No. 5.

### REQUEST FOR PRODUCTION NO. 7:

Any and all documentary and demonstrative evidence, which you might seek to use as exhibits at trial herein.

PreWil-01-03090

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Defendants do not know each and every document it may seek to produce as discovery is in its initial stages.  In addition to all the documents that have already been produced throughout, GTP may introduce:

a) The agreement between ATC and GTP and all amendments thereto which are in plaintiff's possession;

b) Any and all expert reports and curriculum vitae and Rule 26 case list which counsel is not in possession thereof yet;

c) Any and all responses by Riceland Aviation to the subpoena issued;

d) Any and all discovery responses of all the parties which requesting counsel is already in possession of as well as any and all responses of plaintiff in those responses to request for production of documents;

e) The weather underground report at the time of the incident;

f) Certified policy of insurance which has been requested and will be forwarded upon receipt;

g) Any and all lease agreements between Krielow Farms and TeleComm Rentals and amendments thereto which requesting counsel is already in possession thereof;

h) Any and all information on tower lighting provided by Flash and/or ITL-LLC;

i) Any and all documents obtained in the subrogation suit filed with the Jefferson Davis Parish lawsuit, including but not limited to those depositions or discovery which undersigned counsel is not in possession yet thereof;

j) Any and all documents listed by any other party;

k) Any and all documents learned of between now and the time of trial;

20

PreWil-01-03091

l)  All documents produced at the corporate depositions of Riceland Aviation and

Krielow Farms.

GTP reserve the right to supplement and/or amend this response.

## REQUEST FOR PRODUCTION NO. 8:

Any and all documents, written and electronic correspondence, and contracts related to
the transfer of any named GTP entity to another entity or person.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Undersigned counsel is not in possession of the contracts and/or SEC agreements

between GTP and ATC.  However, upon information and belief, information and document

numbers have been provided to requesting counsel through previous responses for his

availability to seek.

## REQUEST FOR PRODUCTION NO. 9:

Any and all documents, written and electronic correspondence, and contracts related to
the transfer of the tower at issue in this litigation and any contracts to assign or transfer any
rights to said tower, including but not limited to property leases.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Please see Response to Request for Production Nos. 7 and 8.

## REQUEST FOR PRODUCTION NO. 10:

Any and all documents, written and electronic correspondence, and contracts related to
fixtures and markings to enhance conspicuity of guy wires of towers owned by any named GTP
entity.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

GTP objects to this request as overly broad, vague and ambiguous and not reasonably

calculated to lead to discoverable information.  Further, it also seeks legal conclusions intimating

that there is some sort of statutory violation.  Upon information and belief, the tower at issue met

all federal standards, and it complied with all federal standards, and it was built some time in

21

PreWil-01-03092

1986/1987, prior to the Jefferson Davis Parish ordinance passed on May 24, 2000. To that end, please refer to the NTSB report already in plaintiffs' counsel possession that confirms this tower met all applicable federal standards. Any and all contracts related to fixtures and/or markings to enhance the guy wires are in the possession of American Tower Corporation as the entity that owns the tower.

## REQUEST FOR PRODUCTION NO. 11:

Any and all records, documents, written and electronic correspondence, and contracts related to the marking of guy wires of the subject tower pursuant to Jefferson Davis Parish Police Jury Ordinance Section 5.5-107(e) & (g).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

GTP objects to this request as it calls for a legal conclusion. Subject to this objection, please see Response to Request for Production No. 10.

## REQUEST FOR PRODUCTION NO. 12:

If the response to Interrogatory No. 16 (b) or (c) is in the affirmative, please produce the month-end balance, amount of deposits, and amount of disbursements for each checking account for each of the named GTP entities for the last 48 months.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

GTP objects to this request as overly broad, unduly burdensome, vague and ambiguous, and requests information that is neither relevant nor reasonably calculated to lead to discoverable information. GTP also objects to the extent that this request requires GTP to provide information not within its possession, custody or control. Moreover, this request is also seeking confidential and financial information. Still further, GTP has not owned or operated this tower for the last 48 months. Therefore, this request would need to be directed to ATC. In the spirit of cooperation, any and all shares and/or checks distributed to those shareholders would be found possibly in the

22

PreWil-01-03093

document that is of public record and said docket number has already been provided to

requesting counsel.

Respectfully submitted,

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on opposing counsel this ___ day of _____ 2016, by placing copies of same in the United States mail, properly addressed, postage prepared and/or via facsimile and/or via email.

_____
JOHN E. UNSWORTH, III

_____
**JOHN E. UNSWORTH, III** (LBRN 26738)
Law Offices of Sheryl Story
One Galleria Blvd. Suite 1500
Metairie, LA 70001
Direct Line: 504-846-4114
Facsimile: 866-649-3893
E-mail: John.Unsworth@cna.com
Attorneys for Global Tower, LLC, GTP
Infrastructure I, LLC and GTP Investments, LLC

PreWil-01-03094