UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEBORA M. PRECHT ET AL.** | : | **CIVIL ACTION NO. 14-cv-743** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **GLOBAL TOWER LLC ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court are a Motion to Compel Discovery and Motion for Attorney's Fees [doc. 58] and a Motion to Amend/Correct [doc. 59] filed by Debora M. Precht et al. ("plaintiffs"). Defendant American Tower Corporation ("ATC") opposes both motions. Docs. 64, 65.

### I.
#### BACKGROUND

The plaintiffs filed suit in state court seeking damages from the death of William Wayne Precht, Jr., following an accident that occurred after the wing of the crop duster aircraft he was flying collided with the guy wires of a communication tower. Doc. 1, att. 3, pp. 1–3. The plaintiffs allege that the defendants' failure to properly design, construct, and maintain the guy wires and anchors, and specifically their failure to properly mark the guy wires, caused the crash. *Id.* at 1–4. The plaintiffs subsequently amended their petition to clarify the relationship between the defendants and the communication tower. Doc. 1, att. 4.

The case was subsequently removed to this court. Doc. 1. On June 2, 2016, ATC filed a motion for summary judgment. Doc. 52. The plaintiffs opposed the motion. Doc. 54. Plaintiffs then filed a Motion to Continue the Motion for Summary Judgment, alleging that ATC's discovery responses had been "grossly deficient and nonresponsive" and requesting that the Motion for

Summary Judgment be continued until the conclusion of discovery. Doc. 55, pp. 1–2. The Motion to Continue was granted. Doc. 63.

The plaintiffs then filed the instant Motion to Compel Discovery and Motion for Attorney's Fees, relating to ATC's alleged non-responsiveness to discovery requests. Doc. 58. There it was revealed that ATC had raised relevancy objections to many of plaintiffs' discovery requests. The plaintiffs also filed a Motion to Amend/Correct their pleadings, seeking to add the following five paragraphs of allegations relating to ATC's relationship with the entities Global Tower, LLC; Global Tower Partners; GTP Infrastructure I, LLC; and/or GTP Investments, LLC (collectively, "GTP entities").[1] Doc. 59, att. 2.

> **6(b).** On information and belief, American Tower Corporation or one or more entities operated as alter ego(s) of American Tower Corporation merged with or acquired [the GTP entities] and in addition [the GTP entities] have been acquired by, consolidated, and or merged with one another.
>
> **6(c).** On information and belief, American Tower Corporation or one or more entities operated as its alter ego(s) negotiated for and assumed tort liability of [the GTP entities] as a result of a merger or acquisition thereof; and American Tower Corporation is thereby a successor in liability, which renders American Tower Corporation liable, *in solido*, with the defendants for damages as sued herein.
>
> **6(d).** Moreover, American Tower Corporation is a parent company of multiple subsidiary or affiliated entities, including but not limited to [the GTP entities], over which American Tower Corporation has ultimate and complete control rendering the subsidiary or affiliated companies alter egos, agents, tools, or instrumentalities of American Tower Corporation.
>
> **6(e).** On information and belief, American Tower Corporations [*sic*] operates its subsidiary and affiliated companies, including but not limited to [the GTP entities], as a single cohesive unit for the common purpose of benefiting American Tower Corporation.
>
> **6(f).** The single cohesive unit of subsidiaries and affiliates owned, operated, and controlled by American Tower Corporation is otherwise

---

[1] The following GTP entities are already named as defendants in this suit: Global Tower, LLC, d/b/a Global Tower Partners; GTP Infrastructure I, LLC; and GTP Investments, LLC.

>known as a single business enterprise for which tort liability of any entity within the enterprise, including but not limited to [the GTP entities] is imputed on the parent company, American Tower Corporation.

*Id.*

ATC opposes both motions, alleging that the amendments sought should be denied as futile, dilatory, and prejudicial, and that the discovery requests are irrelevant. Docs. 64, 65.

## II.
## LAW & ANALYSIS

### A. Motion to Amend

Leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2). Courts should grant leave to amend "when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other parties to the action." 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1504 (3d. ed. Apr. 2016). "Leave to amend, however, is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992).

The decision whether to grant leave is squarely in the discretion of the court. *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th 1979). In deciding a motion to amend, the court should consider "whether permitting the pleading would cause undue delay in the proceedings or undue prejudice to the nonmovant, the movant is acting in bad faith or with a dilatory motive, the movant has previously failed to cure deficiencies by prior pleadings, or the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action. *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983). Here ATC alleges that the proposed amendments are futile, dilatory, and prejudicial.

### 1. *Futility*

Futility is judged on the same standard of legal sufficiency at issue in a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). *Stripling*, 234 F.3d at 873 (5th Cir. 2000). In other words, an amendment is futile if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations omitted). Questions of futility are also resolved "in the light most favorable to the plaintiff and with every doubt resolved in his behalf . . . ." *Id.* (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

ATC urges that, to the extent the proposed amendments purport to raise a claim of ATC's liability for the crash due to its relationship with the GTP entities, they are futile. ATC asserts that it did not acquire any interest in the GTP entities until October 1, 2013, several months after the subject crash, and that this interest was only "indirect and remote . . . ." Doc. 65, p. 2. However, as plaintiffs point out, an ATC representative has offered conflicting answers as to whether this interest dates back to the crash. *Compare* doc. 68, att. 1, p. 1 (affidavit of Michael McCormack) *with* doc. 68, att. 2, pp. 1–2, 15–17 (GTP interrogatory responses prepared in part by Michael McCormack). Furthermore, the interrogatory responses from GTP (again, prepared in part by McCormack) affirmatively indicate that ATC has acquired an interest in the GTP entities, dating "upon information and belief" to the date of the crash. Doc. 68, att. 2, p. 17. Accordingly, resolving all doubts in favor of the plaintiffs, ATC cannot make a showing of futility based on its assertion that it only acquired an interest in the GTP entities after the crash.

ATC also alleges futility based on insufficiency of pleading for the proposed amendments. We review each under the respective theory of liability.

#### a. *Alter ego*

As ATC points out, Louisiana courts have identified several factors for evaluating an alter ego claim. These include but are not limited to: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities required for the transaction of corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder or director meetings. *Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164, 1168 (La. 1991). ATC thus contends that the statements in Paragraphs 6(b) and 6(c), alleging in the alternative that alter egos of ATC completed a merger/acquisition of the GTP entities and thereby assumed tort liability, are deficient. Doc. 65, p. 4 n. 3 and accompanying text. We agree that those statements provide legal conclusions without stating supporting facts. However, the brief references to alter egos are just a minor part of those allegations and are not enough to render the pleadings futile.

### b. *Single Business Enterprise*

ATC next challenges Paragraph 6(f), in which the plaintiffs state that

> [t]he single cohesive unit of subsidiaries and affiliates owned, operated, and controlled by American Tower Corporation is otherwise known as a single business enterprise for which tort liability of any entity within the enterprise, including but not limited to [the GTP entities] is imputed on the parent company, American Tower Corporation.

Doc. 59, att. 2, pp. 2–3. ATC contends that this claim is futile due to plaintiffs' failure to allege inequity or fraudulent use of the corporate form. It points out that allegations of fraud or similar misconduct related to the use of the corporate form are typically needed to justify piercing the corporate veil. However, the preceding two paragraphs of the proposed amended pleadings allege that ATC "operates its subsidiary and affiliated companies, including but not limited to [the GTP entities], as a single cohesive unit for the common purpose of benefiting American Tower Corporation" and that ATC exercises complete control over the GTP entities. Doc. 59, att. 2, p. 2.

Single business enterprise theory arises "[w]hen a group of corporations integrate their resources to achieve a common business purpose and do not operate as separate entities . . . ." *Bona Fide Demolition and Recovery, LLC v. Crosby Const. Co. of Louisiana, Inc.*, 690 F.Supp.2d 435, 450 (E.D. La. 2010) (quoting *Brown v. Automotive Cas. Ins. Co.*, 644 So.2d 723, 727 (La. Ct. App. 1st Cir. 1994)). ATC contends that fraud or similar misconduct must be alleged in order to support this claim. Doc. 65, p. 6 (citing *Riggins*, 590 So.2d at 1168)). However, determining the existence of a single business enterprise involves an eighteen factor test relating to the corporate structure. No factor is exhaustive and no factor directly implicates fraud or misconduct. *See Green v. Champion Ins. Co.*, 577 So.2d 249, 257–58 (La. Ct. App. 1st Cir. 1991). The allegations in Paragraphs 6(d) through 6(f) are thus sufficient to state a claim under a single business enterprise theory of liability.

### c. Successor Liability

As ATC points out, Louisiana law recognizes a broader theory successor liability in products liability cases than it does in others. Doc. 65, p. 8 (citing *Bourque v. Lehmann Lathe, Inc.*, 476 So.2d 1125, 1127–28 (La. Ct. App. 3d Cir. 1985)). However, as noted in the same case on which ATC relies, successor liability is generally imposed on the surviving corporation in mergers and in some non-merger sales where one entity sells all of its assets to another. *Bourque*, 476 So.2d at 1127 (citations omitted). Paragraph 6(c) of the proposed amendments states:

> On information and belief, American Tower Corporation or one or more entities operated as its alter ego(s) negotiated for and assumed tort liability of [the GTP entities] as a result of a merger or acquisition thereof; and American Tower Corporation is thereby a successor in liability, which renders American Tower Corporation liable, *in solido*, with the defendants for damages as sued herein.

Doc. 59, att. 2, p. 2. It is therefore sufficient to state a claim for successor liability against ATC. Accordingly, there is no basis for denying the proposed amendments on grounds of futility.

### *2. Delay and Prejudice*

Finally, ATC alleges that leave to amend should be denied because the amendments "would simply prolong the litigation without changing its outcome, and such delay and expense would prejudice the [d]efendant." Doc. 65, p. 9.

As our finding above on futility supports, ATC has not shown that the proposed amendments would not change the outcome of this litigation. Furthermore, ATC fails to show any delay. As plaintiffs point out, discovery is still ongoing in this case. Although the suit was filed over two years ago, the motions before us arise from ATC's limited discovery responses followed by its attempt to obtain summary judgment based on its alleged lack of liability for the tower. The latter was asserted in a motion filed on June 2, 2016. Doc. 52. Accordingly, ATC has not provided adequate grounds for denying the motion to amend on these grounds.

### B. Motion to Compel

The Federal Rules of Civil Procedure establish the scope of discovery as:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). Relevant information is defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 98 S.Ct. 2380, 2389 (1978). It is the burden of the party resisting discovery to establish that it falls outside this scope, which is to be granted broad

construction.² *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470–71 (N.D. Tex. 2005) (citations omitted).

Here the plaintiffs purport to object to ATC's responses to every interrogatory except the first one. Doc. 58, att. 1, p. 2; *see* doc. 58, att. 5, pp. 2–14. However, they base their motion to compel on the lack of merit to ATC's relevance objections premised on ATC's disputed ownership of/liability for the tower. Accordingly, we consider only those interrogatories to which said objections were raised.

At issue here, then, appear to be Interrogatories No. 11–24, to which ATC objected on the grounds of relevance (in addition to other grounds, such as undue burden, not elaborated on in its responses). *Id.* at 7–14. As plaintiffs point out, ATC has admitted that ownership of the tower is a fact in dispute. *See* doc. 64, p. 3. Amendment to the pleadings only reinforce this fact. Accordingly, there is no basis for ATC's relevance objections to Interrogatories No. 11–24, nor have they shown any other legitimate basis for limiting their answers. The Motion to Compel is therefore granted with respect to these interrogatories.

C. *Motion for Attorney's Fees*

Upon granting a motion to compel, the court is directed to order the non-moving party and/or his attorney to pay the costs incurred by the moving party in bringing the motion. FED. R. CIV. P. 37(a)(5)(A). However, the court should not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

---

² ATC contends that the plaintiffs actually carry the burden on this motion, as "**when relevancy is not apparent**, 'it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" Doc. 64, p. 4 (quoting *Leighr v. Beverly Enterprises-Kansas Inc.*, 164 F.R.D. 550, 552 (D. Kan. 1996) (emphasis added). However, the relevance of the requests remains readily apparent here: determining the extent of ATC's involvement with the tower and what liability it might have assumed since the accident. Therefore it remains ATC's burden to establish its grounds for objection to each request. *Carr v. State Farm Mutual Automobile Ins. Co.*, 312 F.R.D. 459, 463 (N.D. Tex. 2015) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

    (iii) other circumstances make an award of expenses unjust.

*Id.* Here, as stated above, the relevance of the disputed interrogatories is apparent even without the proposed amended pleadings. Therefore the incomplete discovery responses were not substantially justified. ATC shows no basis under the other factors above for denying the Motion for Attorney's Fees. Accordingly, it is granted.

### III.
### CONCLUSION

Based on the foregoing, the plaintiffs' Motion to Compel and Motion for Attorney's Fees [doc. 58] and Motion to Amend [doc. 59] are **GRANTED**. ATC has 30 days from the date of this order to supplement its responses to Interrogatories No. 11–24. Counsel for plaintiffs is to submit to the court a statement of fees and expenses plaintiffs suggest would be appropriate under the circumstances.

  THUS DONE AND SIGNED in Chambers this 12th day of August, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE