**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **PRECHT, et al.,** | § | **NO. 14-CV-00743-PM-KK** |
| | § | |
| **VS.** | § | **JUDGE PATRICIA MINALDI** |
| | § | |
| **GLOBAL TOWER LLC, et al.** | § | **MAGISTRATE JUDGE** |
| | § | **KATHLEEN KAY** |
| | § | |

**DEFENDANT AMERICAN TOWER CORPORATION'S**
**APPEAL OF MAGISTRATE JUDGE'S AWARD OF ATTORNEYS' FEES**

Defendant American Tower Corporation ("<u>Defendant</u>" or "<u>ATC</u>") files this appeal under Local Rule 74.1 solely to object to the award of attorneys' fees[1] in the Memorandum Ruling (Doc. 69), and states:

<u>SUMMARY</u>

In the Memorandum Ruling, the Court granted Plaintiffs leave to amend their complaint to add claims under various veil-piercing theories.  None of the veil-piercing claims were in Plaintiffs' live pleadings at the time the discovery was served, when ATC served its objections, or when counsel conferred on Plaintiffs' motion to compel.  And, to the extent the Court was influenced by or considered the perceived "conflicting answers" of Michael McCormack in awarding fees, the conflict was created by Global Tower, LLC's counsel and not by Mr. McCormack or ATC.  In support of its appeal, ATC relies on the Affidavits of Michael John McCormack and David L. Swanson, attached as Exhibits "A" and "B," respectively, and incorporated by reference.

If any of the three factors listed in Rule 37(a)(5)(A),. Fed. R. Civ. P., is present, the Court

---

[1] Plaintiffs filed their bill of costs (Doc. 71) and the Court entered an Order (Doc. 72) giving ATC seven (7) days to file an objection.  ATC is not objecting to the amount, but is appealing the award.

should not impose attorneys' fees related to a motion to compel.  Here, two factors are met.

Therefore, ATC requests that the Court vacate the award of attorneys' fees for failing to respond

to Plaintiffs' discovery requests based on, or made relevant by, new claims and because an award

of fees predicated in whole or in part on any inconsistency would be unjust under the

circumstances.

## ARGUMENT

As the Court noted, upon granting a motion to compel, a court will order the non-moving

party to pay the costs incurred by the moving party in bringing the motion, unless one of three

factors are present.  FED. R. CIV. P. 37(a)(5)(A); Mem. Op. (Doc. 69) at 8.  Those factors are:

(i)     the movant filed the motion before attempting in good faith to obtain the
        disclosure or discovery without court action;

(ii)    the opposing party's nondisclosure, response, or objection was
        substantially justified; or

(iii)   other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A)(i)–(iii).

Two of the factors are met here.  At the time counsel conferred on the discovery, there was

no veil-piercing allegation or claim in the lawsuit.  And the owner of the tower at the time of the

incident, February 15, 2103, had been established during the remand proceedings to be Global

Tower, LLC.[2]  If there had been veil piercing claims in Plaintiffs' pleadings, there would have

been no need to file a motion for leave to amend.

ATC concedes that the first factor is inapplicable, as opposing counsel attempted to obtain

the disclosure or discovery without court action.  However, the parties had no opportunity to confer

on the nature, scope, or amount of discovery after leave to amend was granted, or to discuss other

---

[2] Mem. Order, p. 7, July 21, 2014 (Doc. 24) (Kay, Mag. J.) [hereinafter Mem. Order], adopted by Order, Dec. 5, 2014 (Doc. 32).

objections besides relevance because the motions were ruled on simultaneously.

As for the second factor, however, ATC contends that its objections, including relevance, were "substantially justified" when made. If ATC does not own the tower at issue, which it does not, ATC's relevance objections to Interrogatories 11-13 were justified. ATC recognizes that its objection to Interrogatory 13 was poorly drafted, but it was not intended to create confusion.[3] There is no dispute on who owns the tower: Global Tower, LLC. The Court found in July 2014 that Global Tower, LLC owned the tower at issue and Plaintiffs allege the torts occurred on or before February 15, 2013. Any requested information about ATC or any employee controlling or operating other towers was irrelevant and burdensome.

ATC also objected to Interrogatories 15-23 All of these inquiries deal with some aspect or factor of a veil-piercing theory. There was no veil-piercing theory in Plaintiffs' pleadings. When counsel conferred, Plaintiffs' counsel said that these claims should be obvious under a notice pleading standard.[4] ATC's counsel reasonably disagreed and Plaintiffs' sought leave to amend. Until the amendment was granted, ATC contends that all, or a majority, of its objections, including relevance, were substantially justified.

Regarding the third factor, "other circumstances make an award of expenses unjust" FED. R. CIV. P. 37(a)(5)(A)(iii), it appears the Court may have considered a perceived conflict allegedly created by Michael McCormack when the Court wrote "an ATC representative has offered conflicting answers as to whether this interest dates back to the crash." Mem. Op. (Doc. 69) at 4. But neither ATC nor Mr. McCormack created the perceived conflict; rather, Global Towers, LLC's counsel created it.

---

[3] ATC intended its discovery response to be consistent with its pending Motion for Summary Judgment and Memorandum (Doc. 52) in which ATC established ownership of the tower had been decided and Plaintiffs had no evidence to raise a genuine issue of material fact.
[4] Swanson Aff. at. ¶ 3.

Global Tower, LLC, and the two other parties represented by the same counsel, served discovery responses on Plaintiffs and Plaintiffs relied on those responses in support of their motion to compel.[5]   Mr. McCormack has never spoken to Global Tower, LLC's counsel, never communicated with him, and Mr. McCormack did not review, approve, or authorize Global Tower, LLC's counsel to include him as a person providing information.   If they never spoke or communicated, it is impossible for Mr. McCormack to have provided any information, much less conflicting information.   The perceived inconsistency was created by Global Tower, LLC's counsel and not by ATC or Mr. McCormack.[6]

There is no conflict on ownership, and unverified discovery responses do not create one. ATC understands how an inappropriate and inaccurate discovery response can cause confusion. But respectfully disagrees that this issue should provide any basis for awarding fees on a motion to compel.   Relying on an inconsistency created by another party's counsel to award fees under these circumstances would not be just.   FED. R. CIV. P. 37(a)(5)(A)(iii).

## CONCLUSION

ATC respectfully requests that the award of attorneys' fees be vacated.

---

[5] See, Doc. 68, Ex. B.
[6] See McCormack Aff.

Respectfully Submitted,

**LOCKE LORD LLP**

*/s/* Jason M. Cerise
Jason M. Cerise (#28526)
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5100
Fax: (504) 681-5200
jmcerise@lockelord.com
jweixler@lockelord.com

David L. Swanson (admitted *PHV*)
Texas Bar No. 19554625
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Fax: (214) 740-8800
dswanson@lockelord.com

*and*

**COOK YANCEY KING & GALLOWAY**

*/s/* Jason B. Nichols
Jason B. Nichols (#28704) (T.A)
Sidney E. Cook, Jr. (#1311)
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, Louisiana 71120-2260
Telephone: (318) 221-6277
Fax: (318) 227-7850
jason.nichols@cookyancey.com
sidney.cook@cookyancey.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Defendant's *Rule 74.1 Appeal* was served on counsel via electronic filing on August 26, 2016.

/s/  Jason B. Nichols