UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBORA M. PRECHT, ET AL | CIVIL ACTION NO. 14-CV-0743 |
| VERSUS | JUDGE: MINALDI |
| AMERICAN TOWER CORPORATION, ET AL | MAGISTRATE JUDGE: KAY |

**MEMORANDUM IN OPPOSITION TO APPEAL OF AWARD OF ATTORNEY FEES**

Plaintiffs, Debora M. Precht, William Precht, III, and Lauren Precht Thompson (collectively, "Plaintiffs") respectfully submit this memorandum in opposition to the Appeal of Magistrate Judge's Award of Attorneys' Fees filed by defendant, American Tower Corporation ("ATC"). Defendants, Global Tower, LLC, Global Tower Partners, GTP Infrastructure I, LLC, and GTP Investments, LLC (collectively, "GTP defendants") have not filed a pleading in connection with this motion.

**INTRODUCTION**

As the Court likely recalls, Plaintiffs propounded written discovery to ATC on April 6, 2016. Thereafter, ATC requested a 60-day extension of time within which to respond to the Plaintiffs' discovery. As a professional courtesy to ATC's counsel, Plaintiffs' counsel granted the requested extension. However, rather than responding to discovery, ATC filed a motion for summary judgment prior to responding to discovery. [Doc. 52]. Plaintiffs then revoked their informal discovery extension previously granted ATC. ATC then responded to the discovery by objecting to essentially every interrogatory and request for production based on relevance, even though it had already filed a motion for summary judgment claiming an absence of the very facts

1

the Plaintiffs sought to develop through written discovery to ATC. Plaintiffs had no choice but to file a motion to compel discovery against ATC. [Doc. 58].

This Court granted the Plaintiffs' motion to compel and awarded attorney fees in favor of the Plaintiffs. [Doc. 69]. As it relates to the award of attorney fees, the Court equitably held ATC did not substantially justify its incomplete discovery responses because the relevance of the disputed discovery is apparent even in the absence of the amended pleadings. [Doc. 69, p.9]. Although the Court expressly considered the Fed. R. Civ. P. 37(a)(5)(A) and concluded none of those factors, which preclude an award of attorney fees, are applicable here, ATC attempts to rehash the Court's well-reasoned decision.

## ARGUMENT

ATC argues attorney fees should not be assessed against it because, pursuant to the excluding factors in Fed. R. Civ. P. 37(a)(5)(A), its objections to discovery were substantially justified and the award is unfair due to other circumstances. ATC's first argument fails because, notwithstanding the fact that this Court has previously considered the issue and no new facts are present now, it simply cannot carry its burden of proving its objections were substantially justified. ATC's second argument fails as ATC cannot carry its burden of proving other circumstances render the award unjust because the circumstances of which ATC complains were created by none other than, ATC.

**I.     ATC Has Not Substantially Justified Its Objections to Discovery**

ATC simply had no justification for its incomplete responses and objections to Plaintiffs' discovery. If ATC truly believes it was not noticed of the Plaintiffs' claims against it and the nature thereof, it should have filed it summary judgment long ago, not after Plaintiffs served discovery upon it. Frankly, Plaintiffs' discovery seeks to develop those facts that ATC hopes to avoid. Hence, ATC deceivingly filed its summary judgment after requesting a discovery

extension, then attempted to thwart disclosing facts to the Plaintiffs by making unsubstantiated objections to discovery requests. Moreover, if ATC has no doubt that it is not the successor in liability, an alter ego of, or a single business enterprise with any of the GTP defendants, it should have been more than willing to provide the discovery responses so those facts could be developed before filing its motion for summary judgment. Plainly put, this Court correctly found ATC had not substantially justified its objections. [Doc. 69].

II.     **There Are No Circumstances Rendering the Award Unjust**

ATC argues counsel for the GTP entities is essentially responsible for the reasoning behind the Court's award of attorney fees. Specifically, it claims counsel for the GTP defendants created a perceived conflict of the tower's ownership. Apparently, ATC attempts to throw counsel for the GTP defendants under the proverbial bus by arguing he responded to discovery without consulting John Michael McCormack, who was listed as a person from whom information in the discovery responses was received. According to his own affidavit submitted with ATC's memorandum, McCormack is an officer of defendant, Global Tower, LLC, and an officer of ATC. [Doc. 73-2]. Thus, commonality of at least one officer between ATC and a GTP defendant exits.

In full disclosure, counsel for GTP has supplemented some discovery responses submitted on behalf of the GTP defendants. The original discovery responses submitted by the GTP defendants were qualified with an indication that the responses were based "upon information and belief." The responses do not indicate whether they were purportedly given by McCormack. Similarly, the supplemental responses provided by the GTP defendants are qualified with the indication that the "information will need to be verified by current Global

tower officers including, but not limited to, John Michael McCormack," who is also an officer of ATC.

Nevertheless, what ATC fails to admit is that it had an opportunity to unequivocally establish by whom the tower was owned. Plaintiffs directly requested, in Interrogatory 23 to ATC, that it identify each person and/or entity that owned the tower within the previous five years. [Doc. 58-1, Exhibit 4]. Rather than providing a seemingly easy answer, ATC objected and refused to adequately respond. Thus, any confusion of tower ownership was created ATC, not by counsel for the GTP defendants. There simply are no circumstances which would render the Court's award unjust.

Quite the opposite, ATC deliberately filed a motion for summary judgment on the very issues about which the Plaintiffs sought to discover facts. It asked for a discovery extension from Plaintiffs' counsel, knowing full well it had no intention of responding to the discovery. Then, after filing its motion for summary judgment, ATC attempted to play coy by refusing to adequately respond to the discovery once it came due. Accordingly, Plaintiffs were left with no choice other than to compel discovery. These circumstances render the award of attorney fees for bringing the motion just and equitable.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court affirm its assessment of attorney fees against ATC.

        BLOCK LAW FIRM, APLC
        422 East First Street
        Post Office Box 108
        Thibodaux, Louisiana 70302
        (985) 446-0418 Telephone
        (985) 446-0422 Facsimile

        /s/ Kendall J. Krielow
        JERALD P. BLOCK, #3151
        KENDALL J. KRIELOW, #34625

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2016 a copy of the foregoing has been electronically filed by using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing.

        /s/ Kendall J. Krielow
        KENDALL J. KRIELOW