RECEIVED
IN LAKE CHARLES, LA.

OCT 13 2016

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEBORA M. PRECHT, ETAL.** | * | **CIVIL ACTION NO. 2:14 -CV-743** |
| **v.** | * | **JUDGE MINALDI** |
| **GLOBAL TOWER LLC, ET AL.** | * | **MAGISTRATE JUDGE KAY** |

*********************************************************************

## MEMORANDUM ORDER

Before the court is an Appeal of the Magistrate Judge's Award of Attorneys' Fees (Rec. Doc. 73) filed by the defendant, American Tower Corporation (ATC). The plaintiffs filed a Response (Rec. Doc. 80), and ATC filed a Reply (Rec. Doc. 84). For the following reasons, the court does not find that the Magistrate Judge's order was clearly erroneous or contrary to law. Therefore, the Magistrate Judge's decision is **AFFIRMED**, and ATC's Appeal (Rec. Doc. 73) is **DENIED**.

## FACTS & PROCEDURAL HISTORY

William Wayne Precht, Jr., was killed when the wing of his crop duster collided with the guy wires on a communication tower. Mr. Precht's family filed suit against ATC; Global Tower, LLC; GTP Infrastructure I, LLC; Telecom Rentals, Inc.; GTP Investments, LLC; and Hanover Insurance Co., alleging that the defendants' failure to properly design, construct, maintain, and mark the guy wires caused the crash. The plaintiffs then amended their petition to clarify the relationship of the defendants.[1] The amended complaint also alleged that the defendants, without specifying which defendants and excluding only Hanover Insurance Co., owned, operated,

---

[1] Amended Compl. (Rec. Doc. 1-4).

maintained, and controlled the tower.[2] The defendants subsequently removed the case to this court. The plaintiffs filed a Motion to Compel against ATC after ATC refused to answer Interrogatories No. 11-24 claiming the inquiries were irrelevant.[3] Those interrogatories included questions about who at ATC ensured the guy wires were in compliance, whether other aircrafts had run into guy wires owned or managed by ATC, whether ATC complied with a local ordinances regarding the guy wires, what towers were owned by GTP entities, whether ATC had any alter egos, what the relationship was between ATC and GTP entities, who owned the GTP entities, who were ATC's employees and officers, and what was ATC's ownership interest in the tower.[4]

While the Motion to Compel was pending, the plaintiffs also moved to amend their complaint to include an alter ego theory involving ATC.[5] The Magistrate Judge granted the Motion to Amend and the Motion to Compel, awarding the plaintiffs attorneys' fees.[6] ATC appeals the Magistrate Judge's order on the narrow issue of whether the Magistrate Judge should have required ATC to pay the plaintiffs expenses in bringing the Motion to Compel. (Rec. Doc. 73). ATC argues that the award of expenses was unwarranted claiming it could not have known the interrogatories were relevant until after the plaintiffs amended their complaint to include an alter ego theory. ATC also claims that any confusion over which entity owned the tower was created by interrogatories that were answered by Global Towers, LLC, and the confusion was not caused by ATC refusing to answer. The court is unconvinced by ATC's arguments and does not find that the Magistrate Judge's decision to award the plaintiffs expenses for their Motion to Compel was clearly erroneous or contrary to law.

---

[2] Amended Compl. (Rec. Doc. 1-4).
[3] Motion to Compel (Rec. Doc. 58).
[4] Discovery Requests (Rec. Doc. 58-2).
[5] Motion to Amend (Rec. Doc. 59).
[6] Memorandum Ruling (Rec. Doc. 69).

## LAW & ANALYSIS

Under the Federal Rule of Civil Procedure 72(a), the district court must consider timely objections to the magistrate judge's orders on non-dispositive matters, and the court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." "A finding is 'clearly erroneous' when there is no evidence to support it, or if the reviewing court, after assessing all of the evidence, is left with the definite and firm conviction that a mistake has been committed." *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 584 (5th Cir. 2014). ATC appeals the Magistrate Judge's non-dispositive decision to award expenses to the plaintiffs in regard to their Motion to Compel.

Under Federal Rule of Civil Procedure 37(a)(5)(A), "the court must…require the party…whose conduct necessitate[d] the motion, the party or attorney advising that conduct or both to pay the movant's reasonable expenses incurred in making the motion." However, the court cannot require a party to pay fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Here, ATC argues that the award of costs was unwarranted because its nondisclosure was substantially justified and because another defendant's discovery responses were the cause of the confusion.[7] ATC concedes that the plaintiffs tried in good faith to obtain the discovery without court action.[8]

In her ruling, the Magistrate Judge reasoned that the relevancy of the interrogatories to which ATC objected was apparent.[9] This court agrees with the Magistrate Judge's assessment. While ATC argues that the relevance of the interrogatories only became apparent after the

---

[7] Appeal of Magistrate Judge (Rec. Doc. 73).
[8] Appeal of Magistrate Judge (Rec. Doc. 73).
[9] Memorandum Ruling (Rec. Doc. 69), pp. 8-9.

plaintiffs amended their complaint to include an alter ego theory, Interrogatories No. 11-24 asked basic questions about ATC's ownership and control over the tower and how ATC related to other defendants who may have had ownership or control over the tower. The relevance of these inquiries was not dependent on a veil piercing theory.

Furthermore, ATC's claim that the confusion over who owned the tower was caused by a different defendant is unavailing. Even if another defendant's answers to interrogatories were inaccurate, this would not excuse ATC from answering relevant interrogatories. The court does not find the Magistrate Judge's conclusion that awarded the plaintiffs its expenses in bringing the motion to compel clearly erroneous or contrary to law. Therefore,

**IT IS ORDERED** that ATC's Appeal of the Magistrate Judge's Decision (Rec. Doc. 73) is **DENIED**, and the Magistrate Judge's decision (Rec. Doc. 69) is **AFFIRMED.**

**IT IS FURTHER ORDERED** that because ATC does not object to the amount,[10] ATC is to pay the amount calculated by the plaintiffs in their Bill of Costs (Rec. Doc. 71).

Lake Charles, Louisiana, this 12 day of October, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[10] Appeal of Magistrate Judge's Award of Attorneys' Fees (Rec. Doc. 73), p. 1 n.1.