UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PRECHT, et al., | § | NO. 14-CV-00743-PM-KK |
| | § | |
| VS. | § | JUDGE PATRICIA MINALDI |
| | § | |
| GLOBAL TOWER LLC, et al. | § | MAGISTRATE JUDGE |
| | § | KATHLEEN KAY |
| | § | |

### MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH

Defendant American Tower Corporation ("ATC") files this Motion for Protective Order and Motion to Quash under Rule 26(b)(2)(C) and (c), Fed. R. Civ. P., and Local Rule 7.1, and states:

1. Plaintiffs filed this negligence case based on an accident that occurred on February 15, 2013 contending that four (4) entities, including ATC, were liable to them for failing to control, operate, or maintain a guyed cell tower located near the airport in Jennings, Louisiana.[1]

2. ATC answered, denied liability, and filed a motion for summary judgment (the "Summary Judgment").[2]

3. Plaintiffs responded to ATC's Summary Judgment, sought leave to amend to add veil-piercing claims against ATC, and sought a continuance of the Summary Judgment hearing to conduct more discovery.[3]

---

[1] Doc. 1-3.
[2] Doc. 52.
[3] Doc. 55-1 at 2.

4.     The Court granted Plaintiffs' request for a continuance of the Summary Judgment hearing, ordered ATC to supplement its discovery responses, and granted Plaintiffs' request for leave to amend their Complaint.[4]

5.     ATC amended its discovery responses as ordered, Plaintiffs amended their complaint and added various veil-piercing theories,[5] and ATC timely filed a motion to dismiss the veil-piercing claims.[6]

6.     Subsequently, the parties agreed to a protective order[7] under which ATC has produced documents relating to its business, the business of some of its indirect subsidiaries, and an October 2013 transaction involving an indirectly held ATC subsidiary, American Tower Investments LLC.  American Tower Investments LLC, closed a transaction with a variety of sellers owning a privately-held REIT group of entities through which GTP Investments, LLC, GTP Infrastructure I, LLC, and Global Tower, LLC became indirectly held subsidiaries of ATC on or about October 1, 2013.

7.     In November, Plaintiffs deposed two witnesses who previously provided affidavits in this case:  Paul J. Bergendahl, II and Michael J. McCormack.

8.     In October, and prior to much of the document production and the two depositions referenced above, Plaintiffs requested depositions of ATC officers. Specifically, Plaintiffs asked for dates to depose James D. Taiclet, Jr. (Chairman, President, and Chief Executive Officer), Thomas A. Bartlett (an Executive Vice President and Chief Financial Officer), and Edmund DiSanto (an Executive Vice President, Chief Administrative Officer, General Counsel, and Secretary).

---

[4] Docs. 63 & 69.
[5] Doc. 59-2.
[6] Docs. 74 and 74-1.
[7] Doc. 85.

9. In an effort to resolve any dispute over whether these depositions were proper or necessary, counsel exchanged emails on Plaintiffs' request. At the conclusion of the Bergendahl deposition, ATC volunteered to produce some additional documents relating to its indirect subsidiaries, which it has done. At that time, Plaintiffs' counsel said he was still considering whether he would "pull down" his request for the depositions made the subject of this motion.

10. ATC's counsel told Plaintiffs' counsel that ATC would request a protective order and move to quash these depositions if noticed because the individuals had no unique or relevant information, and because any potentially relevant information could be obtained from less intrusive means, e.g., document production or deposing some other person who may have knowledge of relevant information.

11. On the Wednesday before Thanksgiving, Plaintiffs emailed notices and subpoenas for these depositions on December 19, 20, and 21, 2016. On November 29, 2016, Plaintiffs emailed amended or corrected notices for the same witnesses and dates. True and correct copies of the November 29 notices at issue are collectively attached as Exhibit "A."

12. The requested deponents are part of ATC's executive team and are responsible for managing a publicly-traded company with a market capitalization of approximately $45 billion.[8] They have no personal knowledge of the acts or events that are the basis of Plaintiffs' claims.

13. There are two pending dispositive motions that are fully briefed and ripe for a decision, which are: (1) ATC's Motion for Summary Judgment (Docs. 52 and 52-1); and, (2) ATC's Motion to Dismiss (Docs. 74 and 74-1).

---

[8] *See* NYSE: AMT, and http://www.americantower.com/corporateus/investor-relations/corporate-governance/executive-profiles/index.htm

14. If the Court were to grant both of ATC's pending motions, ATC would no longer be a party. If the Court were to grant either motion, in whole or in part, the rulings would necessarily impact the scope of relevant and necessary discovery in any remaining dispute. Even if the Court were to deny both motions, the Court has the inherent power to limit discovery under Rule 26(b)(2)(c). There is neither necessity nor good cause to depose these individuals and, even if there were, it would not be until such time as there has been a showing that any of them have unique knowledge of any subject matter relevant to the dispute and that the information sought cannot be acquired through any less intrusive means of discovery.

15. ATC requests that the Court, at a minimum, stay the noticed depositions pending a decision on this motion. If the Court can hear this motion on an expedited basis prior to the noticed dates, ATC asks the Court to enter an order quashing the noticed depositions of these three executives, and enter a protective order limiting the nature and scope of discovery pending a ruling on ATC's pending dispositive motions.

16. ATC further requests that the Court enter an order staying any deposition of James D. Taiclet, Jr., Thomas A. Bartlett, and Edmund DiSanto until: (1) Plaintiffs demonstrate that the putative deponents have unique personal knowledge of relevant and discoverable information; and, (2) Plaintiffs demonstrate any relevant or discoverable information sought from ATC cannot be obtained through any other less intrusive means.

17. Granting a stay of these depositions, granting ATC's motion, or both will not prejudice Plaintiffs.

18. In support of its motion, ATC relies upon: the Affidavits of James D. Taiclet, Jr., Thomas A. Bartlett, and Edmund DiSanto attached as Exhibits "B," "C," and "D," respectively;

4

the Affidavit of David L. Swanson attached as Exhibit õEö; and, its Memorandum in Support filed contemporaneously with this motion.

WHEREFORE, ATC respectfully requests the Court stay the depositions pending a hearing and ruling on this motion, and, upon final hearing, enter an order granting this motion, granting ATC the relief requested, and granting ATC such additional and further relief to which it may show itself to be justly entitled.

Respectfully Submitted,

**LOCKE LORD LLP**

*/s/  David L. Swanson*
David L. Swanson (admitted *PHV*)
  Texas Bar No. 19554625
  dswanson@lockelord.com
Andrew Buttaro (admitted *PHV*)
  Texas Bar No. 24092207
  andrew.buttaro@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

*and*

**COOK YANCEY KING & GALLOWAY**

*/s/  Jason B. Nichols*
Jason Blance Nichols (#28704) (T.A)
  jason.nichols@cookyancey.com
Sidney E. Cook, Jr. (#1311)
  sidney.cook@cookyancey.com
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, Louisiana 71120
Telephone: (318) 221-6277
Facsimile: (318) 227-7850

ATTORNEYS FOR DEFENDANT AMERICAN TOWER CORPORATION

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Defendant's *Motion for Protective Order and Motion to Quash* was served on counsel via electronic filing on December 5, 2016.

                                           /s/ Jason B. Nichols
                                           OF COUNSEL

## CERTIFICATE OF CONFERENCE

As required by FED. R. CIV. P. R. 26(c) and Local Rule 37.1, counsel for Defendant conferred in good faith with Plaintiffs' counsel in an effort to amicably resolve this dispute without court action but was unable to reach an agreement.

                                           /s/ Jason B. Nichols
                                           OF COUNSEL