# EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PRECHT, et al., | § | NO. 14-CV-00743-PM-KK |
| | § | |
| VS. | § | JUDGE PATRICIA MINALDI |
| | § | |
| GLOBAL TOWER LLC, et al. | § | MAGISTRATE JUDGE |
| | § | KATHLEEN KAY |
| | § | |

### AFFIDAVIT OF JAMES D. TAICLET, JR.

BEFORE ME, the undersigned authority, personally appeared James D. Taiclet, Jr., who on his oath deposed and stated as follows:

1. "I, James D. Taiclet, Jr., am over the age of majority, submit this affidavit of my own free will, and attest to the following facts based on my own knowledge and understanding.

2. "I am Chairman, President, and Chief Executive Officer of American Tower Corporation ("ATC"). ATC's principal place of business is Boston, Massachusetts.

3. "I provide this affidavit in support of ATC's motion for protective order.

4. "ATC is a real estate investment trust for United States federal income tax purposes (a "REIT"). ATC, through its directly and indirectly held domestic and international subsidiaries, is a leading independent owner, operator, and developer of multi-tenant communications site real estate, with a portfolio of over 144,000 communications sites, including approximately 40,000 towers in the United States and more than 104,000 towers internationally.

5. "As ATC's CEO, I am responsible for ATC's overall operations and performance. And as ATC's CEO and the Chairman of its Board of Directors, I am a bridge between ATC's

1

Board of Directors and ATC's executive team. One of my duties is to maintain and implement corporate policy, as established by ATC's Board of Directors.

6. "In 2013, ATC's Board of Directors approved a transaction whereby an indirectly held ATC subsidiary would acquire membership units from a privately-held REIT, which itself held numerous directly and indirectly held subsidiaries. That indirectly held ATC subsidiary, American Tower Investments LLC, ultimately closed a transaction with a variety of sellers owning that privately-held REIT group of entities through which GTP Investments, LLC, GTP Infrastructure I, LLC, and Global Tower, LLC became indirectly held subsidiaries of ATC on or about October 1, 2013. Effective October 1, 2013, I became the President and Chief Executive Officer of GTP Investments LLC, Global Tower, LLC, and GTP Infrastructure I, LLC.

7. "ATC's executive team, along with outside legal counsel, was involved in the transaction described in the immediately preceding paragraph. The terms and conditions of the transaction were memorialized in written agreements signed by the each of the parties to the applicable agreement. To the extent Plaintiffs have any question on the terms or conditions of the transaction, the executed agreements describe those specific terms and conditions. To the extent Plaintiffs have questions about the current operations of any ATC affiliate or subsidiary, including Global Tower, LLC, GTP Infrastructure I, LLC, or GTP Investments LLC, they would need to identify the nature of their inquiry with specificity in order for a representative of ATC to try to best identify who might have responsive information.

8. "Prior to October 1, 2013, neither I, individually or through any entity, nor ATC, or any affiliate or subsidiary of ATC, had any interest in or control over Global Tower, LLC, GTP Infrastructure I, LLC, or GTP Investments LLC, or any of their business or holdings.

9. "I have no personal knowledge relating to the subject matter of this lawsuit. Prior to being told that Plaintiffs wanted to depose me, I did not know this lawsuit existed. Any knowledge of this litigation or the events giving rise to it would have to be provided to me from someone else.

10. "I was neither employed by, nor an officer of, nor in any way related to an entity that had any interest in Global Tower, LLC, GTP Infrastructure I, LLC, or GTP Investments LLC, nor any of their business or holdings prior to October 1, 2013. I have no personal knowledge regarding the operation of any of these entities or their holdings, including but not limited to their construction or maintenance of communications towers or their compliance with applicable laws and regulations."

*[signature]*
JAMES D. TAICLET, JR.
CHAIRMAN, PRESIDENT, AND CHIEF EXECUTIVE OFFICER

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF SUFFOLK

On this the 5th of December 2016 before me, Christine M. Brennan the undersigned Notary Public, personally appeared James D. Taiclet, Jr., proved to me through satisfactory evidence of identity, in which he is personally known to me, to be the person whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily for its stated purpose, as Chairman, President, and Chief Executive Officer of American Tower Corporation, on behalf of the corporation.

*[signature]*
Christine M. Brennan
Notary Public
Commonwealth of Massachusetts
Commission Expires July 10, 2020

CHRISTINE M. BRENNAN
Notary Public
Commonwealth of Massachusetts
My Commission Expires July 10, 2020

3