UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PRECHT, et al.,** | § | NO. 14-CV-00743-PM-KK |
| | § | |
| **VS.** | § | JUDGE PATRICIA MINALDI |
| | § | |
| **GLOBAL TOWER LLC, et al.** | § | MAGISTRATE JUDGE |
| | § | KATHLEEN KAY |
| | § | |
| | | **JURY DEMAND** |

### DEFENDANT AMERICAN TOWER CORPORATION'S
### AMENDED ANSWER

Defendant American Tower Corporation ("ATC") files this answer to Plaintiffs' Second Amending and Supplemental Petition (Doc. 70) under FED. R. CIV. P. 8 and states:[1]

### I. THE ALLEGATIONS IN THE COMPLAINT

1.  ATC denies the allegation in paragraph 1(D). ATC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1; therefore, ATC denies them.

2.  ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2; therefore, ATC denies them.

3.  ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3; therefore, ATC denies them.

---

[1] Debora M. Precht, Lauren Precht Thompson, and William Precht, III (collectively "Plaintiffs") filed a Petition for Damages (Doc. 1-3) in Louisiana state court on February 7, 2014. The case was subsequently removed to federal court. Plaintiffs filed a First Amending and Supplemental Petition (Doc. 1-4) on April 4, 2014. Defendants ATC, Global Tower, LLC, GTP Infrastructure I, LLC, and GTP Investments, LLC answered on December 24, 2014 (Doc. 35). Plaintiffs subsequently moved for leave to amend and file their Second Amending and Supplemental Petition (Doc. 59-2), which was granted by the Court (Doc. 69). Because Plaintiffs' amended filings purport to insert paragraphs or subparagraphs following paragraph 6 of the Petition for Damages (Doc. 1-3), the numbering of ATC's Amended Answer corresponds to the numbering used in Plaintiffs' Petition for Damages (Doc. 1-3).

1

    4.    ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4; therefore, ATC denies them.

    5.    ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5; therefore, ATC denies them.

    6.    ATC denies the allegations in paragraph 6.

    6(a).    Paragraph 6(a) refers to a defendant, Hanover Insurance Company, dismissed from this action. *See* Order (Doc. 36). Paragraph 6(a) does not make allegations against ATC. To the extent that Paragraph 6(a) contains factual allegations requiring a response, ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6(a); therefore, ATC denies them.[2]

    6(b).    Paragraph 6(b) is a legal allegation, without any factual allegation, regarding alter ego theory that the Court dismissed. *See* Memorandum Ruling (Doc. 96) at 7–8, 9. Paragraph 6(b) contains only legal conclusions that do not require a response. To the extent that Paragraph 6(b) contains factual allegations requiring a response, those allegations are denied.[3]

    6(c).    Paragraph 6(c) is a legal allegation, without any factual allegation, regarding alter ego or successor liability theory, and the Court dismissed the alter ego claim. *See* Memorandum Ruling (Doc. 96) at 7–8, 9. Paragraph 6(c) contains only legal conclusions on successor liability that do not require a response. To the extent that Paragraph 6(c) contains factual allegations requiring a response, those allegations are denied.

    6(d).    Paragraph 6(d) is a legal allegation, without any factual allegation, regarding alter ego theory, and the Court dismissed the alter ego claim. *See* Memorandum Ruling (Doc. 96) at

---

[2] Plaintiffs' First Amending and Supplemental Petition (Doc. 1-4), filed on April 4, 2014, purported to add paragraph 6(a) to the Petition for Damages (Doc. 1-3).
[3] In the Second Amending and Supplemental Petition (Doc. 70), Plaintiffs added paragraphs 6(b)–(f) to the Petition for Damages (Doc. 1-3).

7–8, 9. Paragraph 6(d) contains only legal conclusions that do not require a response. To the extent that Paragraph 6(d) contains factual allegations requiring a response, those allegations are denied.

      6(e). Paragraph 6(e) contains a legal claim, regarding single business enterprise theory, that the Court dismissed. *See* Memorandum Ruling (Doc. 96) at 7, 9. Paragraph 6(e) further contains legal conclusions that do not require a response. To the extent that Paragraph 6(e) contains factual allegations requiring a response, those allegations are denied.

      6(f). Paragraph 6(f) contains a legal claim, regarding single business enterprise theory, that the Court dismissed. *See* Memorandum Ruling (Doc. 96) at 7, 9. Paragraph 6(f) further contains legal conclusions that do not require a response. To the extent that Paragraph 6(f) contains factual allegations requiring a response, those allegations are denied.

      7. ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7; therefore, ATC denies them.

      8. ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8; therefore, ATC denies them.

      9. ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9; therefore, ATC denies them.

      10. ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10; therefore, ATC denies them.

      11. ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11; therefore, ATC denies them.

      12. ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12; therefore, ATC denies them.

13. ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13; therefore, ATC denies them.

14. ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14; therefore, ATC denies them.

15. ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15; therefore, ATC denies them.

16. ATC denies the allegations in paragraph 16.

17. ATC denies the allegations in paragraph 17.

18. ATC denies the allegations in paragraph 18.

19. ATC denies the allegations in paragraph 19.

20. ATC denies the allegations in paragraph 20.

21. ATC denies the allegations in paragraph 21.

22. ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22; therefore, ATC denies them.

23. ATC denies the allegations in paragraph 23.

24. Paragraph 24 is a legal conclusion that does not require a response.  To the extent that Paragraph 24 contains factual allegations requiring a response, ATC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24; therefore, ATC denies them.

25. All Plaintiffs' allegations not specifically responded to above—and for which a response is required—are denied.

## II. DEFENSES

26. Plaintiffs fail to state a claim upon which relief may be granted.

27. Plaintiffs' claims are barred, in whole or in part, by the assumption of risk doctrine.

28. Plaintiffs' claims are barred, in whole or in part, because any state, parish, or local laws, rules, regulations, or ordinances are preempted by federal law. The tower at issue was marked in accordance with guidance outlined in FAA Advisory Circular 70/7460-1K and the requirements found in the Federal Communications Commission Regulation 47 C.F.R. §§ 17.21–17.50.

29. Alternatively, Plaintiffs' claims are barred, in whole or in part, because injuries or damages were caused by, contributed to, and/or aggravated by the fault, negligence, last clear chance, and/or inattention of William Precht, Jr., and/or an Act of God, a pre-existing condition, an inevitable accident, and/or fault, negligence, and/or strict liability of others for whom or for which ATC may not be held accountable, and ATC is entitled to have any award or recovery due to Plaintiffs barred, mitigated, or reduced accordingly.

30. ATC reserves the right to further amend this Answer to assert additional defenses that may become apparent during investigation and discovery.

31. ATC requests a trial by jury herein.

WHEREFORE, ATC requests that the Court enter a take-nothing judgment on the claims asserted against it, award ATC its reasonable and necessary attorneys' fees and court costs as allowed by law, and grant ATC such additional and further relief as to which it may show itself to be justly entitled.

Respectfully Submitted,

**LOCKE LORD LLP**

*/s/David L. Swanson*
David L. Swanson (admitted *PHV*)
  Texas Bar No. 19554625
  dswanson@lockelord.com
Andrew Buttaro (admitted *PHV*)
  Texas Bar No. 24092207
  andrew.buttaro@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

*and*

**COOK YANCEY KING & GALLOWAY
A PROFESSIONAL LAW CORPORATION**

*/s/Jason B. Nichols*
Jason B. Nichols (#28704) (T.A)
  jason.nichols@cookyancey.com
Sidney E. Cook, Jr. (#1311)
  sidney.cook@cookyancey.com
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, Louisiana 71120
Telephone: (318) 221-6277
Facsimile: (318) 227-7850

ATTORNEYS FOR DEFENDANT AMERICAN TOWER CORPORATION

### CERTIFICATE OF SERVICE

I hereby certify that a copy of ATC's *Amended Answer* was served on Plaintiffs' counsel of record via electronic filing on January 5, 2017.

*/s/Jason B. Nichols*