UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBORA M. PRECHT, ET AL | CIVIL ACTION NO. 14-CV-0743 |
| VERSUS | JUDGE: MINALDI |
| AMERICAN TOWER CORPORATION, ET AL | MAGISTRATE JUDGE: KAY |

**PLAINTIFFS' STATEMENT OF CONTESTED ISSUES OF MATERIAL FACT**

Plaintiffs, **Debora M. Precht, William Precht, III, and Lauren Precht Thompson** (collectively, "Plaintiffs"), through undersigned counsel, submit the following Statement of Contested Issues of Material Fact in opposition to the Motion for Summary Judgment filed by defendants, Defendants, Global Tower, LLC, Global Tower Partners, GTP Infrastructure I, LLC, and GTP Investments, LLC (collectively, "GTP"). Discovery in this matter has not yet concluded. The statement of disputed facts as required by Local Rule 56.2 is as follows:

1. Whether GTP owned the tower at the time of the wire strike.

2. Whether GTP had care, custody, control, and garde over the tower .

3. Whether GTP had care, custody, control, and garde over the tower site.

4. Whether GTP performed a due diligence inspection prior to purchasing the tower from Telcom Rentals.

5. Whether GTP regularly inspected the tower and tower site premises.

6. Whether GTP knew or should have known the tower guy wires were unmarked.

7. Whether GTP was knew or should have known of the particular danger the unmarked guy wires posed to agriculture aircraft.

[1]

8. Whether GTP was knew or should have known of the particular danger the unmarked guy wires posed to general aviation aircraft approaching and departing the Jennings airport.

9. Whether the risk of harm presented by the unmarked guy wires to agriculture aircraft was an unreasonable risk.

10. Whether the risk of harm presented by the unmarked guy wires to general aviation aircraft was an unreasonable risk.

11. Whether the unmarked guy wires provide any social utility.

12. Whether the social utility, if any, from the unmarked guy wires outweighs the risk of harm caused by an aircraft strike to the unmarked guy wires.

13. The likelihood of an agriculture aircraft striking unmarked guy wires that are anchored 300 feet in the crop field adjacent to the tower site premises.

14. Whether Jefferson Davis Parish have a voluminous amount of agriculture production so as to increase the likelihood that an agriculture aircraft would strike the unmarked guy wires.

15. The magnitude of harm from an agriculture aircraft striking unmarked guy wires that are anchored 300 feet in the crop field adjacent to the tower site premises.

16. Whether the unmarked guy wires were open and obvious to all persons who encounter them.

17. Whether the likelihood and magnitude of harm related to an aircraft striking the unmarked guy wires is outweighed by the risk of harm posed by the unmarked guy wires.

18. Whether the likelihood and magnitude of harm related to an aircraft striking the unmarked guy wires is outweighed by the social utility of the unmarked guy wires.

19. Whether the guy wires are difficult to see for pilots.

20. Whether conspicuity enhancing devices such as high visibility sleeves and tana wire markers increase a pilot's ability to locate the guy wires.

21. Whether Mr. Precht operated his aircraft as a prudent pilot under similar circumstances.

22. Whether Mr. Precht could have avoided the wire strike had GTP marked the guy wires with conspicuity enhancing devices.

23. Whether GTP's failure to mark the guy wires was the cause-in-fact of the wire strike that killed Mr. Precht.

24. Whether Lemuel Shattuck's testimony is credible.

25. Whether the cost of marking the guy wires is with high visibility sleeves and/or marker balls is cost-prohibitive when weighed against the risk of harm posed by the unmarked guy wires.

26. The cost of high visibility sleeves.

27. The cost of tana wire markers.

28. The cost mark GTP's tower with adequate conspicuity enhancing devices.

29. Whether aerial application is dangerous by nature.

30. Whether the dangers, if any, of aerial application can be mitigated.

31. Whether GTP could have mitigated or eliminated dangers to agriculture aircraft by marking the guy wires and/or defining the site premises boundaries.

32. Whether marking the guy wires with conspicuity enhancing devices would make the tower reasonably safe.

33. Whether marking the boundaries of the tower site premises would make the tower premises reasonably safe.

34. Whether GTP knew or should have known the unmarked guy wires presented an unreasonably dangerous condition to pilots.

35. Whether GTP knew or should have known the unmarked site boundaries presented an unreasonably dangerous condition to pilots.

36. Whether the tower guy wires were marked in compliance with Jefferson Davis Parish Ordinance 5.5-107 on the date of the wire strike.

37. Whether the tower and its guy wires were marked in compliance with any and all federal regulation on the date of the wire strike.

38. Whether GTP knew it had a duty to make the tower and site premises reasonably safe.

39. Whether GTP failed to act prudently in maintaining the tower site premises.

40. Whether GTP failed to act prudently by failing to mark the guy wires with conspicuity enhancing devices.

41. Whether it was foreseeable that failing to mark the guy wires and/or failing to mark the boundaries of the tower site premises would cause a wire strike.

42. Whether the wire strike is easily associated with GTP's failure to mark the guy wires and/or failing to mark the boundaries of the tower site premises.

43. Whether Benjamin Doyle is a credible witness.

44. Whether Plaintiffs suffered actual damages.

        Respectfully submitted,

        BLOCK LAW FIRM, APLC
        422 East First Street
        Post Office Box 108
        Thibodaux, Louisiana 70302
        (985) 446-0418 Telephone
        (985) 446-0422 Facsimile

        /s/ Kendall J. Krielow

JERALD P. BLOCK, #3151  
KENDALL J. KRIELOW, #34625

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2017 a copy of the foregoing has been electronically filed by using the CM/ECF system, which will send a copy of the foregoing Initial Disclosure to all counsel of record by notice of electronic filing.

/s/ Kendall J. Krielow  
KENDALL J. KRIELOW