UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PRECHT, et al.,** | § | NO. 14-CV-00743-PM-KK |
| | § | |
| VS. | § | JUDGE PATRICIA MINALDI |
| | § | |
| **GLOBAL TOWER LLC, et al.** | § | MAGISTRATE JUDGE |
| | § | KATHLEEN KAY |
| | § | |

**DEFENDANT AMERICAN TOWER CORPORATION'S
SUR-REPLY**

Defendant American Tower Corporation ("ATC") files this Sur-Reply in support of its Motion for Summary Judgment (Doc. 52) under FED. R. CIV. P. 56, under Local Rule 56.1, and as permitted under the Court's Order (Doc. 123), and states:

**INTRODUCTION**

The Court should grant ATC's motion on the Prechts' tort claim because, in the nine months since ATC filed its motion, the Prechts have neither produced nor located through discovery any competent and admissible evidence to raise a genuine issue of material fact on an essential element of the Prechts' claim: ownership, control, or *garde* of the tower on which they base their claim against ATC.

This case originates from an incident that occurred on February 15, 2013, when an aircraft piloted by William Precht allegedly collided with the guy wires for a communications tower (the "Tower") owned by GTP Infrastructure I, LLC ("Infrastructure"). Plaintiffs (the "Prechts") are the spouse and children of Precht. The Prechts filed a tort claim and subsequently amended to add three veil-piercing theories against ATC.[1] Co-Defendants Global Tower LLC

---

[1] The Court dismissed two of the three veil-piercing claims. The remaining claims against ATC are: (1) a direct liability tort claim under Louisiana law; and, (2) a successor liability claim under Delaware law. Mem. Ruling (Doc. 96) at 9. ATC has filed a motion for summary judgment (Doc. 52) and an amended

("Global Tower"), Infrastructure, and GTP Investments, LLC ("Investments")—sometimes collectively referred to as the "GTP Entities"—filed a motion for summary judgment on the Prechts' claims. (Doc. 94).

ATC filed a motion for summary judgment on the Prechts' tort claim in June 2016 on the grounds that "the undisputed facts demonstrate that [ATC] did not have *garde* of the Tower." Doc. 52 at 2. The Prechts opposed ATC's motion and, alternatively, asked the Court to continue any hearing or ruling on ATC's motion "in order to provide additional time to obtain written discovery responses." Doc. 54 at 1; Doc. 55-1 at 1. The Court continued ATC's motion (Doc. 63) and ordered ATC to supplement its responses to the Prechts' discovery (Doc. 69).

Discovery from ATC in this matter is complete subject only to the Court setting aside an unopposed protective order (Doc. 108). Since the Court granted the Prechts a continuance, the discovery has included: (1) ATC supplementing its responses to the Prechts' written discovery; (2) eight depositions; (3) additional written discovery being served and answered; and, (4) ATC and the co-defendants producing thousands of pages of documents.[2] No discovery in this case raises a genuine issue of material fact to support the Prechts' contention that ATC "owned and operated" the Tower on the date of the incident. Pet. for Damages (Doc. 1-3), ¶ 5. Rather, the incontrovertible evidence is that Infrastructure owned the Tower on the date of the incident—and still owns the Tower today.[3] Because there is no competent and admissible evidence that ATC

---

motion for summary judgment (Doc. 118). The successor liability claim is addressed in ATC's amended motion for summary judgment (Doc. 118).

[2] Documents that are Bates-numbered ATC 00001–003929 were produced to the Prechts' counsel on June 10, September 12, October 31, and November 21, 2016.

[3] In ATC's original memorandum, it argued that the Tower was "owned by Global Tower, LLC." Doc. 52-1 at 1. ATC based this assertion on the record and the Court's ruling on the motion to remand (Doc. 24). While gathering and producing documents, ATC located and produced a Bill of Sale that recites that Global Tower, LLC assigned the right to acquire the Tower to Infrastructure. The Bill of Sale is authenticated and attached to ATC's memorandum in support of its amended summary judgment motion (Doc. 118-1).

owned, controlled, operated, or had *garde* of the Tower at the time of the incident, the Court must grant ATC's motion on the Prechts' tort claim as a matter of law.

## ARGUMENT AND AUTHORITIES

Summary judgment should be granted in ATC's favor because: (1) all discovery establishes that Infrastructure—not ATC—owned, controlled, or maintained *garde* of the Tower on the date of the incident; and, (2) the unauthenticated exhibits attached to the Prechts' opposition (Doc. 54) do not raise a fact question on who owns the Tower.

### A. Discovery did not raise a fact question.

Based on the written discovery responses, the produced documents, and the deposition testimony, there is no evidence that ATC ever owned the Tower, and all evidence is that Infrastructure owned the Tower at the time of the incident and still does today.

No witness testified that ATC owned, or now owns, the Tower. Infrastructure, in response to written discovery, admitted: "that on February 15, 2013, it owned, controlled, and maintained garde of the Tower." (Doc 118-1) at 6 (Swanson Decl., ¶ 3; Ex. 1; No. 4);[4] it "has not transferred or assigned ownership or control, in whole or in part, of any asset, including the Tower, to any other person or entity since February 15, 2013." *Id*. (Swanson Decl., ¶ 3; Ex. 1; No. 5); and, it "currently owns, controls, and maintains garde of the Tower." *Id*. (Swanson Decl., ¶ 3; Ex. 1; No. 6). No testimony, other discovery response, or document contradicts Infrastructure's admissions.

The produced and unambiguous documents further corroborate Infrastructure's ownership of the Tower. A December 22, 2010 Bill of Sale recites that Telcom Rentals, Inc. "assigns, transfers, conveys, sells and delivers to [GTP Infrastructure I, LLC], its successors and

---

[4] The documents, including the discovery responses, cited in the amended motion for summary judgment (Doc. 118) are adopted by reference under FED. R. CIV. P. 10(c).

assigns, each and all of the Tower Assets" listed on an attached exhibit. *Id.* (Bergendahl Decl., ¶ 3 & Ex 1). The exhibit to the Bill of Sale included a line item for the Tower, identified on the exhibit as "Krielow/Jennings" with a site address of 1558 Hwy 1126, Jennings, LA, 70546. *Id.* And the December 25, 2010 Assignment and Assumption of Ground Lease shows that Telcom Rentals, Inc. entered into a purchase and sale agreement with Global Tower, which it assigned to Infrastructure. *Id.* (Doc. 52-6; Bergendahl Aff. (Doc. 17-1), ¶ 5 & Ex. A).

Last, the Prechts, in their most recent filing with the Court, argued that Infrastructure owns the Tower. In their response to the GTP Entities' summary judgment motion (Doc. 109), the Prechts admitted at least seven times that Infrastructure owned the Tower.[5]

### B. The Prechts' opposition is devoid of evidence and nothing in it raises a fact question.

In response to ATC's motion, the Prechts did not provide any declaration, affidavit, or deposition testimony on any issue, element, or to authenticate any document. Instead, the Prechts provided only conclusory statements, unsupported allegations, and unauthenticated documents. Nothing in the Prechts' summary judgment "record" (Doc 54) raises a genuine issue or material fact on the essential elements of their tort claim.

For example, the Prechts attached a copy of a "bank statement of Krielow Farms" to their opposition and argue that it "clearly establishes the site lease payments are made in the form of direct deposit to Krielow Farms' bank account by ATC." Doc. 54-1. That statement is incorrect and at odds with the content of the unauthenticated document. Nowhere on the bank statement *produced by the Prechts' counsel's father* does the document identify or use the legal name "American Tower Corporation." Even if the bank statement actually referred to ATC and was some "proof" that ATC was paying rent on a ground lease in 2014—which it is not and ATC was

---

[5] *See* Mem. in Opp. to GTP's Mot. for Summ. J. (Doc. 109) at 2, 5, 7, 15, 17, 21.

not—the bank statement is no evidence of ownership, control, or *garde* of the Tower at the time of the incident.

The only other document on which the Prechts ostensibly rely to try to create a fact issue is an October 1, 2013 letter. The letter reads in relevant part that on October 1, 2013, ATC, "though one of more of its affiliates," acquired a remote and indirect interest in Global Tower Partners. (Doc. 54-5). Indeed, the remote and indirect interest is more specifically described in the McCormack Affidavit attached to ATC's memorandum in support of its motion (Doc. 52-9). This letter, sent nearly eight months after the incident, did not affect the terms of the ground lease and stated that "GTP Infrastructure I, LLC will remain the legal entity." *Id.* Not only does this document not raise a fact question as to whether ATC ever owned, controlled, or maintained *garde* of the Tower on the date of the incident; it affirmatively demonstrates the opposite.

None of the Prechts other unauthenticated exhibits support any element of their tort claim.[6]

## CONCLUSION

There is no fact question precluding summary judgment on the Prechts' tort claim against ATC and no amount of discovery will change the fact that Infrastructure owned the Tower at the time of the incident. Infrastructure still owns the Tower and the Prechts only other remaining claim against ATC, for successor liability, fails for the reasons articulated in ATC's amended motion (Doc. 118) .

---

[6] *See, e.g.*, Ex. B (a Securities Purchase and Merger Agreement between American Tower Investments LLC and a range of other entities, but not ATC); Ex. C (ATC's discovery responses); Ex. D (printout from the Louisiana secretary of state's office); Ex. F (printout from americantower.com showing tower locations); Ex. G (correspondence between counsel).

Respectfully Submitted,

**LOCKE LORD LLP**

*/s/  David L. Swanson*
David L. Swanson (admitted *PHV*)
  Texas Bar No. 19554625
  dswanson@lockelord.com
Andrew Buttaro (admitted *PHV*)
  Texas Bar No. 24092207
  andrew.buttaro@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

*and*

**COOK YANCEY KING & GALLOWAY**

*/s/  Jason B. Nichols*
Jason Blance Nichols (#28704) (T.A)
  jason.nichols@cookyancey.com
Sidney E. Cook, Jr. (#1311)
  sidney.cook@cookyancey.com
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, Louisiana 71120-2260
Telephone: (318) 221-6277
Facsimile: (318) 227-7850

ATTORNEYS FOR DEFENDANT AMERICAN TOWER CORPORATION

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the Defendant American Tower Corporation's Sur-Reply was served on counsel via electronic filing on March 8, 2016.

  */s/ Jason B. Nichols*
  OF COUNSEL